IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Pamela A. Baker, | ) | C/A No.: 3:24-cv-04303-JDA |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| Leon Lott in his official capacity as the Sheriff of Richland County Sheriff's Office; the Richland County Sheriff's Office; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge, | ) | **(Jury Trial Demanded)** |
| Defendants. | ) | |

The Defendants Leon Lott in his official capacity as the Sheriff of Richland County Sheriff's Office, the Richland County Sheriff's Office (hereinafter, RCSD"), Matthew Smith, Michael Dillard, and Bryan Hodge hereby answer Plaintiff's Complaint as follows:

## FOR A FIRST DEFENSE

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted. The Defendants reserve their right to file a motion pursuant to Rule 12, Fed. R. Civ. P.

## FOR A SECOND DEFENSE

2. The Defendants deny each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

3. That as to the first sentence of Paragraph One (1), the Defendants admit same upon information and belief. That as to the second sentence of Paragraph One (1), the Defendants acknowledge that Plaintiff has alleged federal constitutional violations pursuant to 42 U.S.C. § 1983. The Defendants specifically deny that they have personally taken any action or instructed anyone to commit any act or omission that resulted in a violation of Plaintiff's constitutional rights.

1

4. That as to Paragraph Two (2), the Defendants admit same upon information and belief.

5. That as to the first two sentences of Paragraph Three (3), the Defendants deny that the Defendant Richland County Sheriff's Office ("RCSD") is a legal entity of the State but assert that the proper entity is the Sheriff of Richland County in his official capacity. Further answering, the Defendant Sheriff of Richland County alleges that at all relevant times to this action, he was a constitutional officer and thereby a state agency pursuant to the South Carolina Constitution and the Laws of the State of South Carolina. Moreover, this Defendant asserts that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act. That as to the third sentence of Paragraph Three (3), Plaintiff has set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, the Defendants crave reference thereto. That as to the fourth sentence of Paragraph Three (3), the Defendants recognize that Plaintiff is not seeking punitive damages for her state court claims as they are not recoverable under the common laws of the State of South Carolina or the SCTCA, S.C. Code Ann. § 15-78-120(b).

6. That as to the first sentence of Paragraph Four (4), the Defendants admit same. That as to the last sentence sof Paragraph Four (4), the Defendants recognize that Plaintiff is seeking certain damages under federal law. Further answering, the Defendants assert that Plaintiff is not entitled to the relief requested in the Complaint, or any other relief against the Defendants.

7. That as to Paragraphs Five (5), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Seventeen (17), Eighteen (18), Nineteen (19), Twenty-three (23), Twenty-five (25), Twenty-nine (29), Thirty (30), Thirty-one (31), Thirty-three (33), Thirty-four (34), Thirty-five (35), Thirty-six (36), Thirty-seven (37), Thirty-eight (38), Forty (40), Forty-one (41), Forty-

2

two (42), Forty-three (43), Forty-five (45), Forty-six (46), Forty-seven (47), Fifty (50), Fifty-one (51), Fifty-two (52), Fifty-three (53), the Defendants deny same in their entirety and demand strict proof thereof.

8. That as to Paragraphs Six (6), Nine (9), Ten (10), Twenty (20), and footnote no. 1, the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny these paragraphs and footnote and demand strict proof thereof. To the extent that these paragraphs and footnote contain factual allegations against the Defendants, the Defendants expressly deny same and demand strict proof thereof.

9. That as to Paragraphs Seven (7), Eight (8), Twenty-four (24), and Twenty-six (26), the Defendants only admit that at the relevant times, RCSD deputies initiated a suspicious vehicle stop of Byron Pringle based on multiple grounds, whereupon Mr. Pringle failed to yield and evaded deputies at a high rate of speed. Further answering, Pringle began to drive in the opposite lanse of travel on Greystone Boulevard before taking the on-ramp to I-126 inbound toward downtown Columbia, South Carolina. Upon information and belief, Pringle's vehicle then proceeded over the median and began driving at an excessive speed into oncoming traffic on I-126. It was at that point in which Pringle's vehicle collided head on with the Mercedes vehicle operated by Plaintiff. Except as stated herein, the Defendants deny these paragraphs and demand strict proof thereof.

10. That as to Paragraphs Twelve (12), Twenty-two (22), Forty-nine (49), Plaintiff has set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, the Defendants crave reference thereto.

11. That as to Paragraphs Sixteen (16) and Twenty-one (21), the Defendants expressly deny same as stated and demand strict proof thereof.

12. That as to Paragraphs Twenty-seven (27) and Twenty-eight (28), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny these paragraphs and demand strict proof thereof. Further answering, the Defendants crave reference to the official medical and treatment records for the most accurate evidence of what is contained therein.

13. That as to Paragraphs Thirty-two (32), Thirty-nine (39), Forty-four (44), and Forty-eight (48), the Defendants reassert and reallege all previous allegations and defenses.

14. The Defendants deny the allegations and relief sought as set forth in the prayer of Plaintiff's Complaint to the extent Plaintiff seeks any such relief herein.

## **FOR A THIRD DEFENSE**

15. The Defendant Richland County Sheriff's Office is not a legal entity and, therefore, is not amenable to suit and is not the proper party defendant in this case. Furthermore, the Defendants assert that the proper entity is the Sheriff of Richland County in his official capacity and that his office constitutes a governmental entity as set forth pursuant to the SCTCA, S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act.

## **FOR A FOURTH DEFENSE**

16. To the extent that any state law claims are asserted against them, the individual Defendant deputies allege that at all relevant times they were acting within the scope of their official duties as police officers, pursuant to lawful authority, and therefore are immune from suit pursuant to the SCTCA, S.C. Code Ann. § 15-78-70(c).

## **FOR A FIFTH DEFENSE**

17. The Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity.

## FOR A SIXTH DEFENSE

18. The Defendants are entitled to immunity under *Long v. Seabrook* and its progeny.

## FOR A SEVENTH DEFENSE

19. The Defendants allege that at all times herein that RCSD deputies were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, the Defendants are immune from suit.

## FOR AN EIGHTH DEFENSE

20. The Defendants assert the Public Duty Rule as a bar to Plaintiff's allegations, in whole or in part.

## FOR A NINTH DEFENSE

21. The Defendants Smith, Dillard, and Hodge at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, are entitled to immunity.

## FOR A TENTH DEFENSE

22. The actions of the Defendants Smith, Dillard, and Hodge were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

## FOR AN ELEVENTH DEFENSE

23. To the extent sued in their official capacities, each Defendant alleges that he is not a "person" within the meaning of 42 U.S.C. § 1983 and, as such, is not subject to suit.

## FOR A TWELFTH DEFENSE

24. The Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by Plaintiff, without admitting same to be true, are due to and caused by the negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of

Plaintiff, which combined and concurred with that of the Defendants, if any, which negligence of the Defendants is specifically denied, and contributed to Plaintiff's alleged injuries or damages as a proximate cause thereof and without which the accident and damages would not have occurred, this contributory negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiff constituting a complete bar to Plaintiff's attempted recovery from the Defendants.

### FOR A THIRTEENTH DEFENSE

25. The Defendants allege that any injury or damages alleged in Plaintiff's Complaint were due to, occasioned by, or caused by intervening acts of omission or commission on the part of someone other than the Defendants, without which acts and/or omissions Plaintiff would not have sustained any injuries or damages as are set forth in her Complaint, all of which the Defendants plead as a bar to this action.

### FOR A FOURTEENTH DEFENSE

26. The Defendants assert that any injuries and damages sustained by Plaintiff as alleged in the Complaint were due to and caused by the intervening criminal acts of a third party over which the Defendants had no control.

### FOR A FIFTEENTH DEFENSE

27. Any injury or damage sustained by Plaintiff as a result of the matters alleged in the Complaint were caused and occasioned by events over which the Defendants had no control and/or right of control, thereby relieving the Defendant from any liability or responsibility herein.

### FOR A SIXTEENTH DEFENSE

28. The Defendants are absolutely immune from Plaintiff's tort claims pursuant to S.C. Code Ann. §§ 15-78-40 and/or 15-78-50(b) of the SCTCA.

## FOR A SEVENTEENTH DEFENSE

29. The Defendants are immune from suit pursuant to pertinent portions of the SCTCA, South Carolina Code Ann. § 15-78-10, *et seq*., and specifically, § 15-78-60 (3), (4), (5), (6), and (20).

## FOR AN EIGHTEENTH DEFENSE

30. To the extent that the Complaint seeks punitive or exemplary damages, it violates the right of the Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

WHEREFORE, having fully answered the Complaint of Plaintiff, the Defendants Leon Lott in his official capacity as the Sheriff of Richland County Sheriff's Office, the Richland County Sheriff's Office, Matthew Smith, Michael Dillard, and Bryan Hodge pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper. Finally, the Defendants signal their intent to seek attorney's fees and costs associated with the filing of this motion under all available avenues, including Rule 11, Fed. R. Civ. P., 42 U.S.C. § 1988, the South Carolina Frivolous Civil Proceedings Sanctions Act, and the Court's inherent power.

Respectfully submitted,

*/s/ Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
CROWE LAFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.999.1225
robert@crowelafave.com
steve@crowelafave.com

*Counsel for Defendants*

Columbia, South Carolina
August 12, 2024