IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pamela A. Baker,<br><br>    Plaintiff,<br><br>v.<br><br>Leon Lott, individually and in his official capacity as the Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br><br>    Defendants. | Civil Action No.: 3:24-cv-4303-JDA<br><br>**MOTION FOR PROTECTIVE ORDER** |

  Defendants, by and through their undersigned counsel, hereby move for a protective order pursuant to Rule 26(c), Fed. R. Civ. P. and Local Civ. Rule 30.04(C) (D.S.C.) concerning one or more questions asked of a deponent during a deposition on November 20, 2025. This motion is timely filed within 7 days of the deposition based on intervening holidays as declared by this Court. The undersigned affirms, pursuant to Local Civ. Rule 7.02 (D.S.C.), that he attempted to confer with opposing counsel by email to resolve the matter but was not successful in doing so.

## DISCUSSION

  This case involves injuries to Plaintiff that occurred when a vehicle being driven by a subject being pursued by Richland County Sheriff's deputies struck a vehicle driven by Plaintiff. On October 14, 2025, Plaintiff issued a notice of deposition of the Richland County Sheriff's Department ("RCSD") pursuant to Rule 30(b)(6), Fed. R. Civ. P. containing at least 31 separate topics of inquiry. Defendant designated the witnesses to testify as to each topic and the deposition of the first designee proceeded the afternoon of November 19, 2025 due to that designee's

1

unavailability on November 20, 2025. The remaining designees were deposed on November 20, 2025. During the depositions of the designees on November 20, 2025, two separate issues arose.

First, during the deposition of the first designee of the morning, Capt. Michael Prichett, counsel for Plaintiff asked a question concerning the number of police pursuits that had occurred each year during the preceding 10-year period. The witness asked to refer to a document in his possession to aid in recalling the specific number of pursuits in each specified year. Plaintiff's counsel attempted to take the document from the witness, at which point the undersigned objected to her doing so. The undersigned explained that the document to which the witness was referring was a printout of an email from an RCSD employee to the undersigned counsel and thus constituted an attorney-client communication. The undersigned, on that basis, declined to permit Plaintiff's counsel to inspect the document. However, the witness provided the underlying numbers for police pursuits for each year in response to questions and was not directed not to answer any questions posed concerning those numbers or any other matter.[1]

The second issue that arose necessitating the instant motion came during the deposition of the next designee, Jennifer Spurrier. During the deposition of Ms. Spurrier, she was asked several questions about whether (and when) she had met with counsel in preparation for the deposition. After Ms. Spurrier answered about a preparation meeting on November 19, 2025, she also indicated that she had had a brief conversation with the undersigned counsel immediately prior to her deposition beginning. That conversation took place before Ms. Spurrier's deposition began, before she was sworn, and before any questions were posed to her or any other witness concerning the topics for which she had been designated as a witness. Plaintiff's counsel asked Ms. Spurrier

---

[1] Because Capt. Prichett was not instructed not to answer and did not decline to answer any questions during the deposition, Defendants believe that no motion pursuant to Local Civ. Rule 30.04(C) is necessary, but include this matter in the instant motion in an abundance of caution.

what was discussed during that meeting, to which the undersigned objected on the basis of attorney-client privilege. The witness was instructed not to answer the question on that basis. The witness was not instructed not, and did not decline, to answer any other questions during her deposition.

Clearly, the "attorney-client privilege protects against disclosure of confidential communications by a client to his attorney." *State v. Owens*, 309 S.C. 402, 407, 424 S.E.2d 473, 476 (1992). "This privilege is based upon a wise policy that considers that the interests of society are best promoted by inviting the utmost confidence on the part of the client in disclosing his secrets to this professional advisor, under the pledge of the law that such confidence should not be abused by permitting disclosure of such communications. *Id.* 424 S.E.2d at 476-77. The attorney-client privilege applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *State v. Doster*, 276 S.C. 647, 651, 284 S.E.2d 218, 219-20 (1981). Where counsel and a witness, prior to her deposition, engage in a closed-door meeting concerning that witness's upcoming deposition, reasonable minds would not normally differ as to whether that conversation is protected by the attorney-client privilege.

During the brief colloquy that occurred after the objection was first raised, Plaintiff's counsel asserted that the deposition had begun the day prior, and therefore, any conversation between counsel and Ms. Spurrier was subject to Local Civ. Rule 30.04(E) (D.S.C.) relating to off the record conferences "during depositions." However, the conference did not occur during the witness's deposition, it took place prior to her deposition. It also took place before the witness was

3

sworn and before any questions about the topics for which she had been designated had been posed to her (or any other witness).

Plaintiff's position that the deposition had begun the day before, therefore making the subject conference "during the deposition," appears to be based on a mistaken belief that the entire Rule 30(b)(6) deposition constituted one deposition. While it is true that a Rule 30(b)(6) deposition constitutes a single deposition under certain circumstances, it is clear that this formulation applies only when calculating the number of depositions permitted by Rule 30(a)(2). According to the Advisory Committee Notes relating to Rule 30, "[a] deposition under Rule 30(b)(6) should, <u>for purposes of this limit [on the number of depositions contained in Rule 30(a)(2)]</u>, be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30, Advisory Committee Notes, 1993 Amendment (emphasis supplied). Thus, a Rule 30(b)(6) deposition of multiple designees is only considered a single deposition for the limited purpose of calculating the number of depositions permitted without leave of court. Nowhere in the Rules of Civil Procedure or the Local Civil Rules is there any provision designating a 30(b)(6) deposition as a single deposition regardless of the number of designees for purposes of the application of the attorney-client privilege or for the application of Local Civ. Rule 30.04.

Because the conference between counsel and the witness occurred before the witness's deposition began, before she was sworn or ever on the record, and before any questions were posed to her or any other witness concerning the topics for which she was designated to testify, the conference did not occur "during [her] deposition," and therefore, Local Civ. Rule 30.04(E) and (F) were not triggered and do not apply. Thus, the conference should properly be regarded as protected from inquiry by the attorney-client privilege.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court enter a protective order concerning the contents of the brief conference between counsel and the witness prior to her deposition. To the extent deemed necessary, Defendants also request that the order prohibit discovery concerning the subject email containing the pursuit numbers (although not the subject matter of the pursuit numbers themselves, for which all questions were asked and answers provided).

Respectfully submitted,

Garfield Spreeuwers Law Group

 s/ Steven R. Spreeuwers
Robert D. Garfield, Fed Bar # 7799
Steven R. Spreeuwers, Fed Bar # 11766
1220 Pickens Street
Columbia, South Carolina 29201
T: 803.964.9607
robert@gslawsc.com
steve@gslawsc.com

*Counsel for Defendants*

Columbia, South Carolina
December 1, 2025