IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pamela A. Baker, ) | Civil Action No.: 3:24-cv-04303-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Leon Lott, individually and in his official ) | |
| capacity as the Sheriff of Richland County; the ) | |
| Richland County Sheriff's Department; and ) | |
| Deputies Matthew Smith, Michael Dillard and ) | |
| Bryan Hodge, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOVANT'S STATEMENT OF MATERIAL FACTS

1. On February 20, 2023, Byron Pringle ("Pringle") was arrested by RCSD and transported to Lexington Medical Center after swallowing a baggie of a substance; while departing the hospital, Pringle fled on foot from RCSD and escaped. **Ex. 1** - BAKER-B-095-99.

2. On September 26, 2023, Pringle was released from jail on bond. **Ex. 2** - BAKER-K-175.

3. On November 30, 2023, Judge Walton McLeod, issued a bench warrant for the arrest of Pringle for Failure to Appear ("Bench Warrant"). **Ex. 2** - BAKER-K-179.

4. Pringle was well-known to RCSD and the Lexington County Sheriff's Department ("LCSD") as he had been a habitual offender since the 1990s. **Ex. 1** - Baker B-001-102; **Ex. 3** - Ryan Dep. 48:9 – 49:8.

5. On December 4, 2023, Investigator H. M. Smith of LCSD conducted a controlled purchase of fentanyl from Pringle. **Ex. 2** - BAKER-K-078.

1

6. On December 20, 2023, RCSD arrested Pringle for multiple narcotics charges and his vehicle was towed by Midlands Auto. **Ex. 1** - BAKER-B-092-102.

7. On December 20, 2023, after being arrested, Pringle was transported to Prisma Health Richland Hospital. **Ex. 4** - Pringle Medical Subp. Resp. (Prisma)_0000007.

8. Between the night of Dec. 20, 2023, and 9:15 AM on Dec. 21, 2023, an employee of RCSD released Pringle from RCSD custody after his arrest to leave the hospital with his destination as "home." **Ex. 4** - Pringle Medical Subp. Resp. (Prisma)_0000007, 0000042-43, 0000199; **Ex. 5** - Abdullah Dep. 100:11-15, 106:1-17, 110:1-23.

9. On December 29, 2023, the information known to RCSD on Pringle was Pringle's: (1) age; (2) date of birth; (3) driver's license number; (4) social security number; (5) address; (6) race; (7) eye color; (8) height; and (9) weight. **Ex. 1** - BAKER-B-001-102.

10. The following incidents include a time stamp as they occurred on December 29, 2023 and Plaintiff does not wish to burden this Court by restating "On December 29, 2023."

11. Hodge testified that, at some point prior to 14:16:50 PM, Pringle "had just left a buy." **Ex. 19** - Hodge Dep. 88:6 – 88:9.

12. Hodge opined that Pringle was not arrested at the buy because it would have been more dangerous to arrest Pringle at the buy compared to the pursuit because of the potential presence of guns at the buy. **Ex. 19** - Hodge Dep. 88:10 – 89:1.

13. Around 14:16:50 PM, Defendant Matthew Smith ("Smith") was working off-duty at JD Shoes located off Broad and Bush River Roads. **Ex. 11** - Smith Dep. 85:7 – 86:14.

14. At 14:16:50 PM, an individual that stated he was with LCSD ("LCSD Employee") first contacts RCSD on the radio requesting that they go to "Tac 4" radio channel, which Smith

described as a "general contact." **Ex. 6** - SCDPS_Subp-0000096, 0:00 – 0:15; **Ex. 11** - Smith Dep. 86:21-25.

15. At 14:17:00 PM, the LCSD Employee states on the radio that they have eyes on a potential suspect Byron Pringle, who "ran from [RCSD] a week ago" and was in a black Nissan Versa near Bush River Road, noting that Pringle "would probably go 10-0." **Ex. 6** - SCDPS_Subp-0000096, 0:40 – 0:58.

16. At 14:17:23 PM, Smith asks where the LCSD Employee is located. **Ex. 6** - SCDPS_Subp-0000096, 1:10-1:11.

17. At 14:17:25 PM, the LCSD Employee states he is located at "Bush and Zimalcrest." **Ex. 6** - SCDPS_Subp-0000096, 1:21-1:25.

18. At 14:17:36 PM the LCSD Employee states that Pringle is in NCIC. **Ex. 6** - SCDPS_Subp-0000096, 1:50 – 1:56.

19. At 14:17:41 PM, Defendant Bryan Hodge ("Hodge"), who has a Richland County Explorer youth in his vehicle radios in to identify himself as a K9 unit and asks "are you guys still behind him?" **Ex. 6** - SCDPS_Subp-0000096, 2:05 – 2:12.

20. At 14:17:47 PM, the LCSD Employee states that they are trying to reacquire Pringle as he went into the old Wal-Mart parking lot. **Ex. 6** - SCDPS_Subp-0000096, 2:22 – 2:27.

21. At 14:19:33 PM, Hodge notifies those listening that he is a K9 sitting at Bush River and I-26. **Ex. 6** - SCDPS_Subp-0000096, 3:10 – 3:16.

22. At 14:19:40 PM, LCSD Employee reads over the radio the license plate number of the black Nissan Versa Pringle is driving. **Ex. 6** - SCDPS_Subp-0000096, 3:26 – 3:34.

23. At 14:19:53 PM, LCSD Employee confirms Pringle is the target and is the sole occupant of the vehicle. **Ex. 6** - SCDPS_Subp-0000096, 3:44 – 3:50.

24. At 14:20:13 PM, Smith states over the radio that there is a black Nissan Versa at the Sunoco Gas Station. **Ex. 6** - SCDPS_Subp-0000096, 3:49 – 4:04.

25. At 14:21:48 PM, Smith announces on the radio that he is behind Pringle, again announces Pringle is in a black Nissan Versa and reads out the license plate number. **Ex. 6** - SCDPS_Subp-0000096, 5:10 – 5:19.

26. At 14:22:12 PM, Smith is in pursuit of Pringle, driving about 50 miles per hour ("MPH"). **Ex. 6** - SCDPS_Subp-0000096, 6:07 – 6:10; **Ex. 7** – (Hodge Dashcam.mp4) DefendantsTemp-0000011, 0:30 – 0:47.

27. At 14:22:17 PM, Hodge announces on the radio that he is the third car back and that he needs to jump in front of the second car, because: (1) if Pringle is going to run he is going to "get bit" by Hodge's K9 partner; (2) Pringle is known to RCSD; and (3) RCSD "has a bunch of other stuff on him." **Ex. 6** - SCDPS_Subp-0000096, 6:20 – 6:31; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 0:47 – 1:00.

28. The only outstanding bench warrant on Pringle was for failure to appear. **Ex. 2** - BAKER-K-179; *see supra* ¶¶ 3-5.

29. At 14:22:32 PM, Hodge announces twice to Defendant Michael Dillard ("Dillard") to move out of his way. **Ex. 6** - SCDPS_Subp-0000096, 6:52 – 7:40. **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 1:05 – 1:18.

30. Between 14:22:42 PM and 14:23:29 PM, Hodge passes Dillard at the intersection of Bush River Road and Broad River Road. **Ex. 8** - DefendantsTemp-0000009 (Dillard Dashcam.mp4), 1:09 – 1:12; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 1:20 – 1:25.

31. At 14:23:29 PM, Hodge announces they are on Greystone in pursuit of Pringle. **Ex. 6** - SCDPS_Subp-0000096, 8:03 – 8:45; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 1:50 – 2:24.

32. At 14:23:52, Hodge announces Pringle is getting on 26. **Ex. 6** - SCDPS_Subp-0000096, 8:46 – 8:49; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 2:24 – 2:29.

33. At 14:24:03 and 14:24:21 PM, Hodge announces on the radio that Pringle is driving the wrong direction into oncoming traffic on I-126. **Ex. 6** - SCDPS_Subp-0000096, 9:26 – 10:00; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 2:30 – 2:43.

34. At 14:24:21 PM and 14:24:27, Hodge announces on the radio that they are still currently pursuing Pringle into oncoming traffic. **Ex. 6**, SCDPS_Subp-0000096, 9:55 – 10:15.

35. Between 14:24:27 PM and 14:24:32 PM, Hodge crosses two lanes driving head-on, the wrong way into oncoming traffic to pass Smith. **Ex. 9**. - (Smith Dashcam.mp4) DefendantsTemp-0000013, 2:45 – 3:05; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 2:45 – 3:00.

36. At 14:24:32 PM, Christopher Blanding ("Blanding"), supervising the pursuit, tells Hodge, Smith, and Dillard that they are to "take [Pringle] out." **Ex. 6** - SCDPS_Subp-0000013, 10:26 – 10:31; **Ex. 19** - Hodge. Dep. 133:6-12; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 3:06 – 3:13.

37. At 14:24:46 PM, Hodge announces Pringle is still going outbound on I-126. **Ex. 6** - SCDPS_Subp-0000096, 10:44 – 10:46; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 3:18 – 3:22.

38. At 14:24:53 PM, Blanding again tells Hodge, Smith, and Dillard that they have the authority to take Pringle out. **Ex. 6** - SCDPS_Subp-0000096, 10:57 – 11:01.

63575506 v2

39. Around 14:24 PM, RCSD Officer Stokes ("Stokes") body-worn camera catches a RCSD officer stating "they are going to crash him… he is driving on the wrong side of the interstate they are going to crash him." **Ex. 10** - DefendantsTemp-0000016, 2:51 – 3:05.

40. At 14:24:58 PM, Smith states that he, Hodge, and Dillard are trying to catch up to Pringle, who is driving "real reckless." **Ex. 6** - SCDPS_Subp-0000096, 11:13 – 11:16; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 3:30 – 3:34.

41. At 14:25:16 PM, Hodge announces "1050", signaling Pringle's head-on collision into Ms. Baker while being pursued. **Ex. 11** - Smith Dep. 107:22-24; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 3:49 – 4:04.

42. At 14:25 PM, Stokes body-worn camera catches a RCSD officer stating "Come on Hodge, come on Hodge, come on Hodge, get 'em!... Come on Hodge!" **Ex. 10** - DefendantsTemp-0000016, 3:35 – 3:47.

43. Hodge, Smith, and Dillard passed approximately eighty-five (85) vehicles while pursuing Pringle before reaching I-126. **Ex. 9** - (Smith Dashcam.mp4) DefendantsTemp-0000013, 0:00 – 2:31; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 0:00 – 4:04.

44. Hodge, Smith, and Dillard passed approximately seventy-three (73) vehicles while pursuing Pringle the wrong direction on I-126. **Ex. 9** - (Smith Dashcam.mp4) DefendantsTemp-0000013, 2:31 – 3:56; **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 0:00 – 4:04.

45. Pringle, while travelling the wrong direction into oncoming traffic on I-126 while being pursued by Hodge, Smith, and Dillard, passed a ramp that could be utilized to get off of I-126. **Ex. 7** - (Hodge Dashcam.mp4) DefendantsTemp-0000011, 3:30 – 3:46.

46. The section of I-126 Defendants pursued Pringle into was a construction zone with concrete barriers on the sides of the road. **Ex. 11** - Smith Dep. 121:1-9.

47. Hodge, Smith, and Dillard pursued Pringle on Bush River Road, Broad River Road, Greystone Boulevard, and backwards on I-126 for approximately four (4) miles. **Ex. 8** - (Dillard Dashcam.mp4) DefendantsTemp-0000009, 11, 13.

48. Pringle was travelling in the wrong direction into oncoming traffic at 64 MPH 3 seconds before impact, and 47 MPH at impact with Plaintiff. **Ex. 12** - SCDPS_Subp-0000918.

49. Plaintiff was travelling at 57 MPH at impact with Pringle. **Ex. 12** - SCDPS_Subp-0000918.

50. Defendants' intention to apprehend Pringle was to perform a PIT maneuver. **Ex. 19** - Hodge Dep. 75:17 – 76:13; **Ex. 11** - Smith Dep. 104:15 – 105:13.

51. As a result of the collision, Plaintiff suffered life altering injuries. **Ex. 13** - Baker Dep. 72:1-4, **Ex. 14** - Life Care Plan by Moore Consulting; **Ex. 15** - Expert Report by Dr. Charles P. Toussaint, MD.

52. RCSD's policy states that RCSD employees shall operate vehicles with due regard for the safety of all persons and end all pursuits as quickly and safely as possible. **Ex. 16** - BAKER-M-312.

53. RCSD's policy states that RCSD personnel is to downgrade a code response when it becomes known or apparent that the risk to the public at large becomes greater than the risk of the reported situation at hand. **Ex. 16** - BAKER-M-326.

54. RCSD's training materials state that "a pursuit should not be undertaken if the fleeing subject can be identified with enough certainty that they can be apprehended at a later time" and that municipal liability is a relative certainty when the custom or practice of RCSD is

the moving force behind an officer's action and can be tied to plaintiff's injury. **Ex. 17** - BAKER-N-076, BAKER-N-124.

55. RCSD's training materials state, in discussing vehicle pursuits, "We Are Not Just Killing Ourselves" and "There are numerous hazards involved in pursuit driving. At its worst, it can be a menace to the people on the highway, and this must be avoided at all costs." **Ex. 17** - BAKER-N-039, BAKER-N-308.

56. RCSD's training materials, in discussing vehicle pursuits, poses the question "Who are you willing to kill responding to this call/situation?" **Ex. 17** - BAKER-N-044.

57. RCSD's policy states "All RCSD employees must recognize that they are held to a higher standard than the private citizens they protect, in addition to representing the Department, they also represent the law enforcement profession." **Ex. 16** - BAKER-M-142.

58. RCSD's policy states "Employees of this department shall adhere to the rules and regulations as set forth by this procedure." **Ex. 16** - BAKER-M-142.

59. RCSD's policy states "Supervisors will enforce the rules, regulations, and policies of the Richland County Sheriff's Department. They will not permit or fail to prevent, violations of the law, department rules, policies, or procedures." **Ex. 16** - BAKER-M-146.

60. RCSD's policy states no officer with a civilian rider in their vehicle will participate in any high-speed pursuit. **Ex. 16** - BAKER-M-330.

61. RCSD's policy states that the second pursuing vehicle shall not overtake the first unless specifically requested to do so by the originating officer or in the case of an accident or vehicle failure involving the first vehicle. **Ex. 16** - BAKER-M-332.

62. RCSD's policy states that generally, deputies should not pursue a vehicle driving the wrong direction on a roadway, highway, or freeway. **Ex. 16** - BAKER-M-333.

63. RCSD's policy states that an officer shall take the following, *inter alia*, into consideration when deciding whether to initiate or continue a pursuit: (a) seriousness of the offense; (b) known information on the subject; (c) road configuration; (d) physical location and population density; (e) existence of vehicular and pedestrian traffic; (f) officer training and experience; (g) speed and evasive tactics employed by the suspect; (h) presence of other persons in the police and suspect vehicle; (i) any other condition or situation that would create an unreasonable risk. **Ex. 16** - BAKER-M-330.

64. RCSD's policy states that when the need for apprehension does not outweigh the danger created by the pursuit then the pursuit shall be terminated. **Ex. 16** - BAKER-M-344.

65. RCSD's written policy states that when a prisoner is transported to a medical facility and is admitted by the attending physician, the officer will immediately notify the Shift Supervisor and the Shift Supervisor will make the decision to have the prisoner released from department custody, if appropriate, by contacting and seeking advice from the Duty Officer. **Ex. 16** - BAKER-M-352.

66. Defendant Lott ("Lott") testified that the purpose of S.C. Code Ann. § 23-23-85 establishes minimum mandatory standards of all law enforcement agencies and that these minimum standards for RCSD are located in RCSD's policies and procedures. **Ex. 18** - Lott Dep. 22:15-24, 23:3-20.

67. Lott testified these policies are "guidelines" and when asked about the policy that deputies should not pursue a vehicle driving the wrong direction on a roadway, Lott testified that is a general rule and that it "doesn't mean that it's not done." **Ex. 18** - Lott Dep. 83:1-13, 99:2-7.

68. Smith could not recall ever terminating a pursuit. **Ex. 11** - Smith Dep. 175:1-5.

63575506 v2

69. Hodge did not believe that he could have terminated the December 29, 2023 pursuit. **Ex. 19** - Hodge Dep. 91:8-22.

70. RCSD engaged in 164 pursuits in 2018. **Ex. 20** - BAKER-Q-022.

71. RCSD engaged in 172 pursuits in 2019. **Ex. 20** - BAKER-Q-022.

72. RCSD engaged in 243 pursuits in 2020. **Ex. 20** - BAKER-Q-022.

73. RCSD engaged in 260 pursuits in 2021. **Ex. 20** - BAKER-Q-048.

74. RCSD engaged in 413 pursuits in 2022. **Ex. 20** - BAKER-Q-048.

75. RCSD engaged in 448 pursuits in 2023. **Ex. 20** - BAKER-Q-075.

76. In 2023, 372 of the pursuits were for misdemeanor charges, resulting in roughly 83% of pursuits being undertaken for misdemeanor charges. **Ex. 21** - Baker_0000432.

77. RCSD engaged in four hundred nineteen (419) pursuits in 2024. **Ex. 20** - BAKER-Q-102.

78. Lott was unable to answer questions about RCSD's policies and procedures, which he testified were created to comply with South Carolina state law. **Ex. 18** - Lott Dep. 71:22 – 72:9, 74:1-21, 75:19-25, 76:2-14, 89:12 – 93:14, 103:7 – 104:8.

79. RCSD 30(b)(6) designee Joanna McDuffie, Deputy Chief of Legal Affairs for RCSD, testified that RCSD does not have a position regarding the responsibility of RCSD deputies to abide by the written policies and procedures. **Ex. 22** - 30(b)(6) Designee McDuffie 4:16-18, 5:18-19, 33:18-25.

80. RCSD Deputies receive less than one day of hands-on vehicle pursuit training. **Ex. 11** - Smith Dep. 21:5-14, 73:22-25, 74:1-7; **Ex. 23** - Dillard Dep. 14:22-16:8; **Ex. 19** - Hodge Dep. 14:1-25.

[signature page to follow]

        Respectfully submitted,

        BURR & FORMAN LLP

        s/ *Celeste T. Jones*
        Celeste T. Jones, Fed. ID #2225
        ctjones@burr.com
        Benjamin R. Jenkins, IV, Fed. ID #14138
        bjenkins@burr.com
        Burr & Forman, LLP
        P.O. Box 11390
        Columbia, South Carolina 29211
        803-799-9800
        803-753-3278 (Fax)

        Michael K. K. Choy (*pro hac vice*)
        mchoy@burr.com
        Burr & Forman LLP
        420 20th St. N #3400
        Birmingham, Alabama 35203
        (205) 251-3000
        (205) 458-5100 (fax)

Columbia, South Carolina
March 10, 2026        *Attorneys for Plaintiff*