PAMELA A. BAKER v. LEON LOTT, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND
COUNTY SHERIFF'S OFFICE, ET AL.
CASE NO. 3:24-CV-04303-JDA

# EXHIBIT 16
## TO MOVANT'S STATEMENT OF MATERIAL FACTS

*RICHLAND COUNTY SHERIFF'S DEPARTMENT POLICY AND PROCEDURE
MANUAL EXCERPTS*

# Richland County Sheriff's Department



# Policy and Procedure Manual

BAKER-M-001

|  | **Publication Date:** 08/1995 **Revision 1 Date:** 08/2019 **Revision 2 Date:** 12/2023 **Revision 3 Date:** 04/2024 | **500** **Rules and Regulations** |
|---|---|---|
| | **SCLEA:** 1.2, 1.11, 3.3, 7.1, 7.7, 7.8, 12.3, 12.7, 12.8, 14.8 | |

# RULES AND REGULATIONS

**500.1   POLICY**

It is the policy of the Richland County Sheriff's Department to maintain the highest standard of integrity by working diligently to maintain the community's trust.  All RCSD employees must recognize that they are held to a higher standard than the private citizens they protect, in addition to representing the Department, they also represent the law enforcement profession.

Employees of this department shall adhere to the rules and regulations as set forth by this procedure.

**500.2   PURPOSE**

It is the purpose of this policy to provide additional guidance to the standards of conduct embodied in the Law Enforcement Officer's Code of Ethics, this Department's mission statement and core values.

**500.3   CODE OF ETHICS**

A. All personnel of the Richland County Sheriff's Department are to abide by a code of ethics and will receive annual ethics training.

B. Integrity:  All officers of the department will display the high degree of integrity required by the Law Enforcement Code of Ethics.  For purposes of these guidelines, the Law Enforcement Code of Ethics which follows is adopted as a rule.

1. "As a law enforcement officer, my fundamental duty is to serve the community: to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality and justice.

BAKER-M-142



| | Publication Date: 08/1995 | **500** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 08/2019 | **Rules and Regulations** |
| | Revision 2 Date: 12/2023 | |
| | Revision 3 Date: 04/2024 | |
| | SCLEA: 1.2, 1.11, 3.3, 7.1, 7.7, 7.8, 12.3, 12.7, 12.8, 14.8 | |

E. Nothing in these rules and regulations limits the charges against employees because the alleged act or omission does not specifically appear in these guidelines, order of the department, or the laws or ordinances which this department is responsible to enforce.

**500.4   ATTENTION TO DUTY**

A. Performance of Duty:  Employees shall be attentive to their duties at all times, and shall perform all duties assigned to them.

B. Duty of Supervisors: Supervisors will enforce the rules, regulations, and policies of the Richland County Sheriff's Department.  They will not permit, or fail to prevent, violations of the law, departmental rules, policies, or procedures.

C. Conduct and Behavior: Employees whether on-duty or off-duty shall follow the ordinary and reasonable rules of good conduct and behavior and shall not commit any act in an official or private capacity tending to bring reproach, discredit, or embarrassment to their profession or the department.

D. Responsibility to Serve the Public: Employees shall promptly serve the public by providing direction, counsel, and other assistance that does not interfere with the discharge of their duties.  They shall make every attempt to respond personally to the inquiry or request for assistance.

E. Responsibility to Respect the Rights of Others: Employees shall respect the rights of individuals, and shall not engage in discrimination, oppression, or favoritism.  Employees shall maintain a strictly impartial attitude toward all persons with whom they come into contact in an official capacity.

BAKER-M-146



| | Publication Date: 08/1995 | |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **800** Vehicle Operations |
| | Revision 2 Date: 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

# VEHICLE OPERATIONS

**800.1    PURPOSE**

The purpose of this policy is to establish guidelines and responsibilities for deputies, supervisors, and communications personnel while engaged in vehicle operations.  This includes normal operations, emergency response, and vehicle pursuits.  This policy will serve as the standard for the administrative review of the actions of personnel for topics covered by this policy.

**800.2    POLICY**

It is the policy of the Richland County Sheriff's Department that deputies shall act as professionals during all vehicle operations and operate motor vehicles in accordance with South Carolina law, official policy, and with due regard for the safety of all persons.

The Richland County Sheriff's Department recognizes the value and sanctity of human life.  The emergency operation of a vehicle and/or the pursuit of a fleeing vehicle may present a risk to the general public, the deputy, and the suspect; therefore, it is the policy of the Richland County Sheriff's Department to prevent or end all pursuits as quickly and safely as possible.

This policy provides restrictions on certain driving assignments as well as guidelines and directions for the exercise of deputy and supervisory discretion and decision making, and includes factors to be considered in balancing the need to suspect's apprehension and the when it is advisable to terminate a pursuit.

BAKER-M-312



| | Publication Date: 08/1995 | |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **800** **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

**800.3    VEHICLE ISSUE AND ROUTINE VEHICLE OPERATIONS**

1. Anyone operating a Richland County Sheriff's Department vehicle must have a current South Carolina driver's license for the particular type of vehicle operated.

2. Vehicles:  When a deputy is issued a vehicle, it is the deputy's to use until it is replaced by the Unit Supervisor.  The deputy is to assume responsibility for the care and maintenance of that vehicle, including:

   a. To ensure scheduled maintenance is performed in a timely manner.

   b. To conduct routine preventative maintenance; such as, regular checks of fluid levels, tires, belts, brakes, lights, communications equipment, cleanliness, etc.

   c. To ensure vehicle is washed prior to coming on duty or at least weekly for unmarked vehicles or after excessive dirt is accumulated during daily operations.

   d. No additional equipment, other than what is issued or installed by the Sheriff's Department is to be installed or holes drilled in the vehicle without approval of the Sheriff.

3. Assigned vehicles are a privilege, not a right.  Should it be determined a vehicle is not being cared for in the proper manner, the deputy issued the vehicle will lose their privilege for an indefinite period of time, and deputies will be responsible to pay for any damage determined to be a result of their neglect for the vehicle's maintenance.

BAKER-M-313



| | Publication Date: 08/1995 | **800** |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

4. All marked units will operate with Mickey lights on at all times while on duty.

5. If a deputy is in a collision that results in a total loss to their patrol vehicle, Command Staff may determine that the deputy will not be eligible to receive a replacement vehicle for a minimum of one (1) year and a maximum of three (3) years.

6. A deputy who was involved in a collision will drive a designated pool vehicle until repairs are completed on their vehicle or until a replacement vehicle has been issued to the deputy. Pool vehicles are to be used for patrol purposes only, unless otherwise approved by the Sheriff or his designee.

7. A deputy who loses vehicle privileges is required to park their patrol vehicle at their region headquarters or otherwise designated location by the Sheriff or his designee at the end of their shift where it is to remain until beginning their next scheduled duty. Deputies are required to continue this practice until full driving privileges are restored.

8. Those deputies losing the privilege to take a vehicle home will be re-issued a take home vehicle once they are eligible to be in possession of such a vehicle and such a vehicle is available for that purpose.

9. Use of Vehicles: Whenever a deputy is operating their vehicle, the deputy is, in a sense, on duty and required to respond to emergencies or serve as backup to those on duty. Special duty use of County vehicles includes, but not solely limited to, the following:

Page 3 of 12

BAKER-M-314



| | Publication Date: 08/1995 | |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **800** **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| SCLEA: 16.2, 16.4 | | |

a. Transit to and from RCSD approved training.

b. Sporting events within the County (baseball, basketball, football games, etc.), when authorized to be there by the Sheriff or his designee.

c. Transit to and from special duty law enforcement employment.

d. Civic events (other than political functions or rallies), when designated to be there by the Sheriff or his designee.

e. Any other public events within County, when designated to do so by the Sheriff or his designee.

f. Immediate family members are authorized to ride in vehicle, provided the waiver of liability form has been properly signed and approved by the Sheriff or designee.

10. Unauthorized Use of Vehicles:

a. Whenever alcohol is consumed by the driver, in any quantity, or passenger(s).

b. When going to an establishment whose main function is to serve alcohol or adult entertainment.

c. When engaged in hunting and fishing activities.

d. Outside Richland County (unless permission is obtained).

e. To transport any person who has lost their vehicle

BAKER-M-315



| | Publication Date: 08/1995 | **800** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

privileges pursuant to this policy to or from any official duties related to that person's employment with the Richland County Sheriff's Department, unless otherwise approved by the Sheriff or his designee.

11. Required Attire When Operating County Vehicle: Deputies, while driving a Richland County Sheriff's Department vehicle, must wear the appropriate attire when in the vehicle:

   a. A firearm and credentials at all times.

   b. A shirt with a collar (polo shirts, turtle necks and Henleys are allowed and slacks either dress or wash and wear. If blue jeans worn, they must not have holes or be stained, and must be clean. Tee shirts are not authorized except those with a Sheriff Department logo. Shorts and tank tops are not authorized.

   c. Exercise clothes may be worn whenever going to and from PT.

   d. Field clothes are authorized when going to and from the range or special operations.

12. Spare Vehicles:

   a. The Fleet Manager is responsible for maintaining this agency's spare vehicles. The Fleet Manager will issue spare vehicles when necessary, Monday through Friday, from 0800 to 1600. Division deputies are responsible for accessing their needs and ensuring that their personnel have a vehicle when needed.

BAKER-M-316



| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Publication Date: 08/1995<br><br>Revision 1 Date: 12/2020<br><br>Revision 2 Date: 10/2022 | **800**<br>**Vehicle Operations** |
|---|---|---|
| | SCLEA: 16.2, 16.4 | |

    b. The Fleet Manager is ordered to issue the vehicle he chooses and not consider individual preference. No vehicle will be issued which is not in good working order. Vehicles in need of repair, along with an itemized list of repairs, will be turned over to the Fleet Manager. He will deliver the vehicle to First Vehicle Services and retrieve it upon completion of repairs. Spares will be issued to those deputies obtaining repairs on their vehicles, and they must be returned in the same condition in which they were issued.

13. Vehicle Security/Safety:

    a. Deputies are responsible for storing all Department-Issued and Authorized Weapons, to include Body Armor, in a manner to reduce the likelihood of theft, unauthorized access, or accidental discharge. Deputies who are permitted to drive their County vehicle to their residence must remove all firearms at the end of their tour of duty each day and must place them in a secure location inside their residence or by locking them in a locked weapon vault of the County vehicle if equipped.

    b. RCSD vehicle that is parked at an overnight satellite substation must adhere to Policy 800.3, 12, a.

    c. All Richland County Sheriff's Department vehicles will be kept locked when unattended except during emergencies.

    d. By South Carolina State Law, seatbelts will be utilized by driver and passengers within all Richland County Sheriff's

Page 6 of 12

BAKER-M-317



| | Publication Date: 08/1995 | **800** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

Department vehicles <u>at all</u> <u>times</u> while vehicle is in motion.

14. On Duty Ride Along Passengers:

    a. Criteria, to allow riders who are not employees of the County or of the Sheriff's Department who wish to ride in a patrol vehicle, is as follows:

        i. The Sheriff or his designee may authorize a spouse or family member to ride along with a deputy working his/her shift once every quarter for a period not to exceed four (4) hours as long as the spouse or family member has an approved ride along form.

        ii. The Shift Supervisor shall be given a minimum one (1) day notice of said participation.

        iii. The ride along participant **must** have in their possession the approved wavier.

15. Headlights shall be turned on at all times when operating a marked unit during normal operations. Head lights can be turned off during covert operations or other special circumstances.

**800.4    OPERATION OF MOTORCYCLES**

1. Assigned Personnel:

    a. A class M endorsement is required on selected deputies' driver's license.

BAKER-M-318



| | Publication Date: 08/1995 | **800** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

    b. The selected deputy will be physically fit and mentally sound.

    c. The selected deputy will complete a police motorcycle training course as selected by the department before being assigned a departmental motorcycle.

    d. Deputies assigned departmental motorcycles will complete a minimum annual recertification training.

    e. Assigned deputies will be aware of their high visibility and conduct themselves appropriately.

    f. Due to the police motorcycle's high visibility and approachability, assigned deputies will be aware of the department's policy on community policing and its effect on the community.

2. Motorcycle Operation:

    a. Departmental motorcycles will only be operated by certified deputies assigned, and personnel responsible for servicing and maintaining motorcycles.

    b. Motorcycles will not be operated in periods of inclement weather, extreme hot or cold, or when the operator finds conditions to be unfavorable. During unfavorable conditions the operator will transition to their assigned patrol car.

BAKER-M-319



| | **Publication Date:** 08/1995 | |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | **Revision 1 Date:** 12/2020 | **800** **Vehicle Operations** |
| | **Revision 2 Date:** 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

     c. Assigned motorcycle deputies will supplement the Traffic Unit in such areas as: traffic enforcement, i.e., school zones, community functions, races, parades, etc. or any functions as deemed by the department.

     d. At no time will the operator allow a passenger on departmental motorcycles unless otherwise approved by the Sheriff of his designee.

     e. It is important for the safety of the operator and the longevity of the departmental motorcycles that all scheduled and unscheduled maintenance be taken care of promptly.

     f. The assigned deputy is responsible for eminence scheduling, cleaning, general upkeep and proper storage while not in use.

     g. Operation of departmental police motorcycles are a direct representation of the department as a whole. Assigned deputies are to conduct themselves appropriately keeping in mind that citizens are more observant of the police motorcycle operator's actions. Inappropriate operation of the departmental motorcycle is prohibited and operation will be in accordance with department policy and procedures, and state law.

3. Motorcycle Equipment:

     a. Police motorcycle equipment will be installed by authorized personnel and the upkeep of the equipment will be the responsibility of the operator.

BAKER-M-320



| | Publication Date: 08/1995 | **800** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| SCLEA: 16.2, 16.4 | | |

    b. Any equipment needed to perform daily duties will be carried on the departmental motorcycle. Items such as: RCSD paperwork, biohazard kit, first aid kit, rain gear, traffic vest, flashlight and any other items needed for daily operations.

**800.3     VEHICLE INCIDENTS AND COLLISIONS**

A. Employees of the department will operate department vehicles and other equipment in such a manner as to avoid injury to persons or damage to property. Whenever a patrol vehicle is involved in a collision or an incident that results in damage to the vehicle, the operator will notify a supervisor immediately. Under no circumstances will an officer investigate his or her own collision.  In accordance to S.C. Code § 56-5-765, the South Carolina Highway Patrol will investigate any collision or incident and provide the appropriate report.

B. At the beginning and ending of a tour of duty, employees will examine any vehicle assigned to them and report any operational deficiencies, damage, or defects to their supervisors. Failure to report damage or defects will lead to the presumption that the officer inspected the vehicle prior to beginning duty. The officer will then be held responsible for any resulting damage to the vehicle.

**800.4     COLLISION REVIEW BOARD**

The Collision Review Board reviews all collisions and incidents involving a Departmental vehicle.  The Collision Review Board may forward the collision or incident to the Command Staff for further

BAKER-M-321



| | Publication Date: 08/1995 | **800** |
|---|---|---|
| **RICHLAND COUNTY**  SHERIFF'S DEPARTMENT | Revision 1 Date: 12/2020 | **Vehicle Operations** |
| | Revision 2 Date: 10/2022 | |
| | SCLEA: 16.2, 16.4 | |

review, and the deputy may be subject to disciplinary action. For the purposes of this policy, prior offenses will be within three years of the date of the collision or incident.

A. Any at-fault negligent collision resulting in total loss of vehicle will result in 6 months desk assignment and/or payment of a $750 penalty.

B. Any collision that does not result in a total loss of vehicle, the following actions may be taken:

    1.  <u>1st Offense</u> - Professional Development

        a.  Defensive driving course

        b.  And/or Loss of Vehicle for thirty (30) days

    2.  <u>2nd Offense</u> - Disciplinary Action

        a.  Defensive driving course

        b.  And/or Loss of Vehicle for thirty (30) days Pay the lesser amount: $750 penalty **or** the cost of the repair to all damages associated with the collision. However, if no expense is incurred in repairing the vehicle, the deputy will not be required to make any payment in an amount equal to or less than the deductible.

    3.  <u>3rd Offense</u> - Disciplinary Action

        a.  Defensive driving course

        b.  And/or indefinite suspension of vehicle privileges

BAKER-M-322

|  RICHLAND COUNTY<br>SHERIFF'S DEPARTMENT | **Publication Date:** 08/1995<br><br>**Revision 1 Date:** 12/2020<br><br>**Revision 2 Date:** 10/2022 | **800**<br>**Vehicle Operations** |
|---|---|---|
| | SCLEA: 16.2, 16.4 | |

    c. Pay the lesser amount: $750 penalty **or** the cost of the repair to all damages associated with the collision. However, if no expense is incurred in repairing the vehicle, the deputy will not be required to make any payment in an amount equal to or less than the deductible.

    d. Potential demotion/transfer

  4. 4th Offense - Recommendation of Termination

**800.7 PROVABLE INCIDENTS OF SPEEDING**
When a deputy is found to have been speeding outside of state law or policy, the appropriate guidelines, for incidents within three years, are as follows:

  1. 1st Offense:

    a. Thirty (30) days probation

    b. Loss of vehicle for thirty (30) days

  2. 2nd Offense:

    a. One (1) day suspension

    b. Sixty (60) days probation

    c. Loss of vehicle for sixty (60) days

  3. 3rd Offense:

    a. Recommendation of Termination

BAKER-M-323



| | Publication Date: 08/1995 | **801** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 05/2020 | **Emergency Vehicle Operations** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.3, 16.4 | |

# EMERGENCY VEHICLE OPERATIONS

**801.1    POLICY**

The Richland County Sheriff's Department recognizes that officers have a duty to apprehend persons who violate the law and also have a duty to operate a police vehicle at all times with due regard for the safety of the public. This policy is for the internal use of this agency and does not enlarge any officer's civil or criminal liability.

**801.2    PRIORITY CLASSIFICATIONS AND RESPONSE LEVELS DEFINED**

A. Code One (1), Routine

   1. Type of Calls: Routine reports, informational services, minor investigations, etc.

   2. Response Level: Deputies should comply with all posted speed limits and traffic control devices. No use of emergency equipment is authorized.

B. Code Three (3), Emergency Response

   1. Code 3 responses shall be utilized for emergency or high-risk situations that are life threatening, have potential for serious physical injury, violent crimes in progress, assaults in progress, pursuits of known felony suspects, and "officer needs assistance" calls.

   2. S.C. Code § 56-5-760 authorizes drivers of police vehicles, while responding to an emergency call or when in pursuit of an actual or suspected law violator, when the vehicle is using blue lights and siren to:

      a. Park or stop in prohibited areas;

      b. Exceed the maximum speed limit if he does not endanger life or property;

Page **1** of 3

BAKER-M-324



| | Publication Date: 08/1995 | **801** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 05/2020 | **Emergency Vehicle Operations** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.3, 16.4 | |

    c. Disregard regulations governing direction of movement or turning in specified directions;

    d. Proceed through a red traffic signal or stop sign, but only after slowing as may be necessary for safe operation.

3. Blue lights and siren shall be in continuous operation from the commencement of a Code 3 response until the necessity of the Code 3 response is no longer applicable or upon arrival at the scene. This will ensure that dash cameras and body worn cameras remain in operation throughout the duration of the Code 3 response.

4. The exceptions to the requirement of the use of blue light and siren, are found in South Carolina statute §56-5-760 which provides that a police vehicle need not use an audible signal (siren) nor display a visual signal (blue light) when the vehicle is being used to obtain evidence of a speeding violation, respond to a suspected crime in progress when the use of an audible or visual signal, or both, could reasonably result in the destruction of evidence or escape of a suspect, or surveil another vehicle or its occupants who are suspected of involvement in a crime.

5. When approaching an intersection, officers shall slow or stop the emergency vehicle to insure their entry and exit can be made safely, especially at a controlled intersection where a red light or traffic device would normally require a stop. The driver will also verbally announce "CLEAR LEFT, CLEAR RIGHT" before proceeding through an intersection, regardless of the traffic control devices coloration.

6. Being exempt from compliance with speed limits, coming to a complete stop, and having other vehicles yield to the emergency vehicle while in a code response does not relieve the driver of the emergency vehicle of

BAKER-M-325



| | **Publication Date:** 08/1995 | **801** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | **Revision 1 Date:** 05/2020 | **Emergency Vehicle Operations** |
| | **Revision 2 Date:** 6/2023 | |
| | **SCLEA: 16.2, 16.3, 16.4** | |

the requirement to drive with due regard for the safety of all persons.

C. No officer shall operate a vehicle at a rate of speed that would cause him/her to lose control of the vehicle or drive recklessly so as to imperil the safety and/or lives of others.

D. Vehicles operating with emergency equipment should not make sudden U-turns or other movements in traffic unless such movement can be made safely.

E. An officer shall downgrade the code response if during the response it becomes known or apparent that the risk to the responding officer and/or the public at large becomes greater than the risk of the reported situation at hand.

Page **3** of 3

BAKER-M-326



| | Publication Date: 08/1995 | **802** |
| :--- | :--- | :---: |
| **RICHLAND COUNTY**<br>SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

# VEHICLE PURSUITS

**802.1     PURPOSE**

The purpose of this policy is to establish guidelines and responsibilities for deputies, supervisors, and communications personnel while engaged in a vehicle pursuit. This policy will serve as the standard for the administrative review of the actions of personnel for topics covered by this policy.

**802.2     POLICY**

It is the policy of the Richland County Sheriff's Department that deputies shall act as professionals and operate motor vehicles in accordance with South Carolina law, official policy, and with due regard for the safety of all persons.

Sworn deputies of the Richland County Sheriff's Department are expected to make reasonable efforts to apprehend violators who flee or otherwise attempt to elude; however, the Department recognizes the value and sanctity of human life. The emergency operation of a vehicle and the pursuit of a fleeing vehicle may present a risk to the general public, the deputy, and the suspect; therefore, it is the policy of the Richland County Sheriff's Department to prevent or end all pursuits as quickly and safely as possible.

This policy provides restrictions on certain driving assignments as well as guidelines and directions for the exercise of deputy and supervisory discretion and decision making, and includes factors to be considered in balancing the need to suspect's apprehension and the when it is advisable to terminate a pursuit.

It is the policy of the Richland County Sheriff's Department that deputies shall be made aware that, in accordance with SC Code § 17-13-40, when deputies are in pursuit of an offender for a violation of a county ordinance or statute of this State committed within Richland County, deputies may arrest the offender, with or without a warrant, at a place within Richland county, or at a place within an adjacent county.

BAKER-M-328



| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Publication Date: 08/1995 | 802 |
|---|---|---|
| | Revision 1 Date: 5/2020 | Vehicle Pursuits |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

**802.3    PROCEDURE – PURSUIT DRIVING**

A. Initiation of a Pursuit

1. The decision to initiate pursuit should be based on the pursuing officer's conclusion that the immediate danger to the public created by the pursuit is less than the immediate or potential danger to the public should the suspect remain at large.

2. Any department officer in an authorized department vehicle may initiate a vehicular pursuit when the following criteria are met:

   a. The suspect exhibits the intention to avoid arrest by using a vehicle to flee apprehension for an alleged felony or misdemeanor that would normally require a full custody arrest.

   b. The suspect operating the vehicle refuses to stop at the direction of the officer.

   c. The suspect, if allowed to flee, would present a danger to human life or cause serious injury.

3. In deciding whether to initiate or continue a pursuit, the officer shall take the following into consideration:

   a. The seriousness of the offense;

   b. Known information on the suspect;

   c. Road configuration (e.g. interstate, divided highway, work zone);

   d. Physical location and population density (e.g. residential area, school zone, business district);

   e. Existence of vehicular and pedestrian traffic;

   f. Lighting and visibility;

Page **2** of 19

BAKER-M-329



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    g. Weather and environmental conditions;

    h. The relative performance capabilities of the pursuit vehicle and the vehicle being pursued;

    i. Officer training and experience;

    j. Available equipment;

    k. Speed and evasive tactics employed by the suspect;

    l. The presence of other persons in the police and suspect vehicle;

    m. Any other condition or situation that would create an unreasonable risk.

4. No officer with a civilian rider in his vehicle will participate in any high speed pursuit.

**802.4 PURSUIT AUTHORITY**

A. All emergency vehicle operations shall be conducted following South Carolina law.

B. Pursuit Authority

1. S.C. Code § 56-5-760 authorizes drivers of police vehicles, while responding to an emergency call or when in pursuit of an actual or suspected law violator, to:

    a. Park or stop in prohibited areas.

    b. Exceed the maximum speed limit if he does not endanger life or property.

    c. Disregard regulations governing direction of movement or turning in specified directions.

BAKER-M-330



| | Publication Date:<br>08/1995 | **802**<br>**Vehicle Pursuits** |
|---|---|---|
| **RICHLAND COUNTY**<br>SHERIFF'S DEPARTMENT | Revision 1 Date:<br>5/2020 | |
| | Revision 2 Date:<br>6/2023 | |
| | SCLEA: 16.2, 16.4 | |

     d. Proceed through a red traffic signal or stop sign, but only after slowing and clearing as may be necessary for safe operation.

   2. S.C. Code § 56-5-760 does not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons.

C. Upon undertaking a pursuit, the pursuing deputy shall activate emergency lights, sirens, and they shall remain activated for the duration of the pursuit.

**802.5    PRIMARY OFFICER'S RESPONSIBILITIES**

A. Any time an officer begins a pursuit, the officer will immediately activate his emergency lights, siren, and announce on the radio that a pursuit is underway and the following information:

   1. Description of the vehicle and the license plate number if known;

   2. Location and direction of travel, speed and other driver actions involved;

   3. Number of occupants in the fleeing vehicle, with descriptions if possible;

   4. Specific violation and/or reason for which officer is pursuing.

B. Failure to provide this information to communications personnel may result in an immediate decision by the on-duty Supervisor to order the termination of the pursuit.

**802.6    SECONDARY OFFICER RESPONSIBILTIES**

A. As soon as a second vehicle is also in pursuit, the officer in the second vehicle will notify the dispatcher and be responsible from that point on for further radio transmissions and advising the dispatcher of the progress of the pursuit. The second police vehicle shall remain some distance back from the pursuing vehicle, but is authorized to maintain the speed of the pursuit and is required to keep the pursuing vehicle in sight at all times. If the first pursuing vehicle is

BAKER-M-331



| | Publication Date: 08/1995 | **802** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

a two-man unit, the passenger officer may elect to continue broadcasting the progress of the pursuit despite the presence of the second vehicle.

B. The second pursuing vehicle shall not overtake the first unless specifically requested to do so by the originating officer or in the case of an accident or vehicle failure involving the first vehicle. In such cases, another vehicle may be assigned to take up pursuit in the place of the disabled vehicle.

C. Unmarked or undercover vehicles in pursuit must give up the first pursuing vehicle position as soon as safely possible upon the arrival of a marked unit responding to assist in the pursuit.

**802.7    PURSUIT DRIVING TACTICS**

The decision to use specific driving tactics requires the same assessment of the factors the deputy considered when determining whether to initiate and/or terminate a pursuit. The following are tactics for deputies who are involved in the pursuit:

A. Deputies, considering their driving skills and vehicle performance capabilities, will space themselves from other involved vehicles such that they are able to see and avoid hazards or react safely to unusual maneuvers by the fleeing vehicle.

B. Because intersections can present increased risks, the following tactics should be considered:

   1. Available deputies not directly involved in the pursuit may proceed safely to controlled intersections ahead of the pursuit in an effort to warn cross traffic.

   2. Pursuing deputies should exercise due caution and slow down as may be necessary when proceeding through controlled intersections.

BAKER-M-332



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

C. As a general rule, deputies should not pursue a vehicle driving the wrong direction on a roadway, highway, or freeway. In the event the pursued vehicle does so, the following tactics should be considered:

　1. Request assistance from available air support.

　2. Maintain visual contact with the pursued vehicle by paralleling the vehicle while driving on the correct side of the roadway.

　3. Request other deputies to observe exits available to the suspect.

　4. Notify the South Carolina Highway Patrol and any other law enforcement agency if it appears that the pursuit may enter its jurisdiction.

D. Deputies involved in a pursuit should not attempt to pass other pursuing vehicles unless the situation indicates otherwise or they are requested to do so by the pursuing deputy. Prior to attempting to pass there must be a clear understanding of the maneuver process between the involved deputies.

E. All officers involved in a vehicular pursuit shall wear a seat belt.

F. Firearms shall not be discharged from a moving vehicle.

G. Once the pursued vehicle is stopped, officers shall utilize appropriate officer safety tactics. The suspect(s) shall be taken into custody using only the amount of force reasonably necessary to affect an arrest.

H. Throughout the pursuit, deputies shall ensure that medical aid is rendered or access to medical treatment is provided to any individual who complains of injury, has obvious injuries, or who requests medical attention as a direct result from actions during the pursuit.

**802.8　SUPERVISORY CONTROL AND RESPONSIBILITIES**
Available supervisory and management control will be exercised over all vehicle pursuits involving deputies from the Richland County Sheriff's Department. The

BAKER-M-333



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 5/2020 | **Vehicle Pursuits** |
| | **Revision 2 Date:** 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

supervisor of the deputy initiating the pursuit, or if unavailable, the nearest supervisor will be responsible for:

A. Immediately notifying involved deputies and the telecommunicator of supervisory presence and ascertaining all reasonably available information. The supervisor will continuously assess the situation and risk factors associated with the pursuit. This is to ensure that the pursuit is conducted within established department guidelines.

B. Engaging in the pursuit, when appropriate, to provide on-scene supervision.

C. Exercising management and control of the pursuit even if not engaged in it, including redesignation of primary, support or other backup vehicle responsibilities.

D. Ensuring that no more than the required law enforcement vehicles are involved in the pursuit under the guidelines set forth in this policy.

E. Directing that the pursuit be terminated if, in his/her judgment, it is not justified to continue the pursuit under the guidelines of this policy.

F. Ensuring that assistance from air support, canines, or additional resources are requested, if available and appropriate.

G. Ensuring that the proper radio channel is being used.

H. Ensuring that the Desk Sergeant is notified of the pursuit, as soon as practicable.

I. Ensuring the notification and/or coordination of outside agencies if the pursuit either leaves or is likely to leave the jurisdiction of this department.

J. Controlling and managing Richland County Sheriff's Department deputies when a pursuit enters another jurisdiction.

BAKER-M-334



| | Publication Date: 08/1995 | **802** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

K.    Ensuring that all written post-pursuit reports and documentation of the pursuit are completed as required.

**802.9    THE COMMUNICATIONS CENTER**

A.    The dispatcher shall immediately, by means of the alert tone and verbal message, notify other units and the on-duty Supervisor of the information provided by the pursuing officer, and clear the frequency for emergency radio traffic only.

B.    The dispatcher will assign the nearest available marked unit to assist the pursuing officer as a backup.  Other units may move in the direction of the pursuit at normal speeds.  They will not leave their assigned area unless directed to do so by the dispatcher or Supervisor.

C.    The Communications Center will also:

1.    Receive and record all incoming information on the pursuit and the pursued vehicle.

2.    Obtain criminal records and vehicle checks of the suspects where possible.

3.    If the pursuit is confined within the County limits, radio communications will be conducted on the Region channel where the pursuit was initiated. If the pursuit leaves the Richland County, involved deputies should, whenever it becomes necessary, switch radio communications to the statewide channel, or other channels that may be accessible by participating agencies.

**802.10    PURSUIT INTERVENTION**

Pursuit intervention is an attempt to stop the suspect's ability to continue to flee in a vehicle through tactical application of technology, tire deflation devices, vehicle intercept, boxing-in, the Pursuit Intervention Technique, forcible vehicle contact, or roadblock procedures.

BAKER-M-335



| | Publication Date: 08/1995 | |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **802** **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

A. <u>When Use is Authorized:</u>

Whenever practicable, a deputy shall notify a supervisor before employing any intervention to stop the pursued vehicle. In deciding whether to use intervention tactics, deputies/supervisors should balance the risk of allowing the pursuit to continue with the potential hazards arising from the use of each tactic to the public, the deputies, and persons in or on the pursued vehicle. With this in mind, the decision to use any intervention tactic should be reasonable in light of the circumstances apparent to the deputy at the time of the decision.

B. <u>Intervention Standards:</u>

Any intervention tactic, depending upon the conditions and circumstances under which it is used, may present dangers to the deputies, the public or anyone in or on the vehicle being pursued. Certain applications of intervention tactics may be construed to be a use of force, including deadly force, are subject to policies guiding such use, and the Deputy's individual actions must be objectively reasonable. Deputies shall consider these facts and requirements prior, along with their experience and abilities, and the danger of continuing the pursuit when deciding how, when, where, and if an intervention tactic should be employed.

    1. Vehicle Intercept

        a. Definition - The Vehicle Intercept Procedure is a method of apprehending a suspect in a motor vehicle that involves the strategic placement of police vehicles so as to prevent the suspect vehicle from fleeing. **The vehicle intercept stop is to be used to prevent vehicle pursuits and not used during a pursuit as a roadblock or rolling roadblock.**

        b. Blocking or vehicle intercept should only be considered in cases involving suspects or impaired drivers who pose a threat to the public's safety, and when deputies reasonably believe that attempting a conventional enforcement stop will likely result in the

BAKER-M-336



| | **Publication Date:** 08/1995 | **802** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 5/2020 | **Vehicle Pursuits** |
| | **Revision 2 Date:** 6/2023 | |
| | **SCLEA: 16.2, 16.4** | |

driver attempting to flee in the vehicle. This intervention tactic should only be employed by properly trained deputies and after giving consideration to the following:

  i. The need to immediately stop the suspect vehicle or prevent it from leaving substantially outweighs the risk of injury or death to occupants of the suspect vehicle, deputies or others.

  ii. All other reasonable intervention tactics have failed or reasonably appear ineffective.

  iii. Employing the blocking or vehicle intercept maneuver does not unreasonably increase the risk of safety to those involved or the public.

  iv. The suspect vehicle is stopped or traveling at a low speed.

  v. Only law enforcement vehicles should be used in this tactic.

  c. Officers of this department shall not attempt to deliberately collide with a pursued vehicle or to use the police vehicle to force any pursued vehicle off the roadway. The only exception to this policy may occur when an officer is in pursuit of a known and extremely dangerous fleeing felon who, if allowed to escape, could create a substantial risk of another person being killed or seriously injured. This exception MUST be approved by a supervisor with a rank of Sergeant or above unless exigent circumstances exist making it difficult to do so.

2. Boxing-in - A technique designed to stop a violator's vehicle by surrounding it with law enforcement vehicles and then slowing all vehicles to a stop.

BAKER-M-337



| | Publication Date: 08/1995 | **802** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    a. Boxing-in a suspect vehicle will only be attempted with deputies who have been properly trained in the technique unless approved by a supervisor holding the rank of Sergeant or above. The use of such a tactic must be carefully coordinated with all involved vehicles, taking into consideration the circumstances and conditions apparent at the time, as well as the potential risk of injury to deputies, the public and occupants of the pursued vehicle. Deputies and supervisors should weigh the potential consequences against the need to immediately stop the vehicle.

3. Roadblock – Definition - Establishing a physical impediment to traffic as a means for stopping a vehicle using actual physical obstructions, or barricades.

    a. Roadblocks will only be employed as a last resort in circumstances where deadly force would otherwise be justified.

    b. The use of a roadblock must be authorized by a supervisor holding the rank of Sergeant or above.

    c. Roadblocks are not to be established until all personnel involved in the pursuit are made aware of the roadblock and its exact location and have clearly acknowledged receipt of this information.

    d. Once a roadblock has been established and vehicles or barricades positioned so as to obstruct a roadway, the following conditions must exist:

    e. The roadblock must be clearly visible, to include illumination if necessary, from a safe distance that would enable the violator's vehicle to be brought to a safe stop or enable the violator's vehicle to take other action that would not result in imminent bodily injury.

BAKER-M-338



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

  f. An avenue of escape must be available to the violator that would enable passage through the roadblock without injury to the violator or others.

  g. No vehicle used in the roadblock is to be occupied.

**802.11 TIRE DEFLATION DEVICES (TDD'S)**

 A. General Considerations:

  1. TDD's properly used MAY terminate or prevent law enforcement pursuits in a controlled manner, thereby increasing safety to deputies and the general public, and decreasing the likelihood of property damage and liability.

  2. TDD's may also be used to prevent stationary vehicles from being moved by a person attempting to leave the scene, as set forth below.

  3. Deputies must have completed all required training in the use of TDD's prior to deploying them in the field.

  4. TDD's will NOT BE DEPLOYED to stop a vehicle with fewer than four (4) tires, such as a motorcycle.

 B. Procedures:

 All of the following criteria must be met before TDD's can be used on a moving vehicle:

  1. The deputy attempting to apprehend the fleeing vehicle has given lawful notice of command to stop by blue lights and siren.

  2. The operator of the fleeing vehicle does not comply with such command, and, under the circumstances, it reasonably appears that he will not comply.

BAKER-M-339



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY**<br>SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    3.    Communications has been notified by the pursuing deputy that he is engaged in a pursuit.

    4.    The deputy engaged in the pursuit has reason to believe that the continued movement of the fleeing vehicle will place officers, other motorists, or any other person in imminent danger of serious bodily harm, and has requested the use of TDD's to bring the fleeing vehicle to a stop.

C.   Deputies shall consider the following before deploying TDDs:

    1.    The location selected for the deployment of the TDDs is effective and safe, and is selected with due regard for the safety of other motorists.

       a.    Traffic congestion, construction activities, special events and/ or other activities may create situations where the use of TDD's is not appropriate.

       b.    The position and vulnerability of members of the public, private property, and other assisting units, personnel and equipment must be considered and may make the use of TDDs inappropriate.

    2.    The deployment location has reasonably good sight distance so that the officer deploying the TDDs can observe the pursuit and other traffic as it approaches and will be selected with due regard for the safety of other motorists. The TDD shall, if feasible, be deployed in such a manner as to limit the fleeing suspect's ability to avoid striking the TDD.

    3.    TDDs WILL NOT BE DEPLOYED on curves or other locations where reasonable judgment under all circumstances dictates that TDD's should not be used.

    4.    The deployment location should be in the vicinity of natural barriers such as roadway overpasses, guardrails, embankments, and/or trees. These barriers must conceal and protect the deploying Deputy from the view of

BAKER-M-340



| Publication Date: 08/1995 | **802** |
| Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| Revision 2 Date: 6/2023 | |
| SCLEA: 16.2, 16.4 | |

RICHLAND COUNTY SHERIFF'S DEPARTMENT

the fleeing suspect and will allow the Deputy to deploy the TDD's from a position of relative safety. The deploying Deputy should never conceal himself near or inside of his patrol vehicle.

5. All deployments of the TDD shall be in accordance with the procedures and guidelines recommended by the manufacturer.

6. Pursuing deputies shall coordinate with the other deputies and/or agencies deploying the TDD's or assisting in the deployment in order to ensure the safe and effective use of the devices:

   a. When the decision is made to deploy the TDD's, pursuing deputies, as far in advance as possible, will notify the deputy deploying the devices of the necessity of their use.

   b. Communications and the deploying deputy will notify all pursuing deputies:

      i. When the TDD is in place.

      ii. The location of the TDD deployment.

   c. Every reasonable effort will be made to properly identify, isolate and target the fleeing suspect vehicle prior to deploying TDD's.

7. Deployment of TDD's

   a. The deputy deploying the TDDs shall be in position at a predetermined location in sufficient time to prepare for proper deployment.

   b. TDD's will be deployed only according to the manufacturer's recommendations and Sheriff's Department training guidelines.

   c. Officers should not engage in physical contact with the cord reel, cord, or devices after they have been deployed and prior to contact with the fleeing suspect vehicle.



| | Publication Date: 08/1995 | **802** |
| --- | --- | --- |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    d. After deployment of the TDD's officers and all other persons at the scene should seek immediate protection.

    e. After the TDD's have been deployed pursuing deputies should increase their following distance in order to avoid striking the devices.

8. TDD's may be used as a pursuit prevention measure on stationary vehicles in the following circumstances:

    a. Control at traffic safety/DUI checkpoints.

    b. Suspect surveillance.

    c. Buy/bust drug operations.

    d. High risk warrant service.

    e. Mentally ill or barricaded suspects.

    f. Other situations where the use of TDDs is reasonably necessary to curtail the movement of a vehicle, to protect the safety of deputies or the public generally.

9. After deploying TDDs, the deploying deputy shall:

    a. Remove and secure the devices immediately after their use. This shall include searching the area where the devices were used in order to locate and collect any spikes or points that may have become detached from the TDD's. These tasks will be accomplished with due regard for officer safety.

    b. Document the use of the TDD's in the pursuit report and a deployment form and forward it through the proper chain of command.

    c. Obtain replacement TDD's through the Training Division if needed.

BAKER-M-342



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| RICHLAND COUNTY <br> SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

**802.12    PRECISION IMMOBILIZATION TECHNIQUE (PIT)**

The Precision Immobilization Technique (PIT) is limited to use by properly trained deputies upon assessment of the circumstances and conditions presented at the time, including the potential for risk of injury to deputies, the public, and occupants of the pursued vehicle.

The use of the PIT shall be governed by sound professional judgment, procedures outlined in this policy, and in accordance with procedures established by the Department during training for this technique.

All of the following criteria shall be met prior to the use of the P.I.T.:

A. Only Deputies who are operating authorized, and properly equipped patrol vehicles, shall be authorized to initiate the PIT.

B. There is probable cause to believe that a person within the fleeing vehicle has committed an offense justifying the suspect's arrest on criminal charges;

C. A deputy attempting to apprehend the fleeing vehicle has given lawful notice of command to stop by blue lights and siren;

D. The operator of the fleeing vehicle does not comply with such command, and, under the circumstances, it reasonably appears that he or she will not comply;

E. Communications has been notified of the pursuit, and a supervisor has been informed of the incident and circumstances;

F. There is reason to believe that the continued movement of the fleeing vehicle will place officers, other motorists, or any other person in imminent danger of serious bodily harm.

G. The PIT shall not to be attempted unless the member reasonably believes that there are no children or other innocent passengers occupying the violator vehicle.

BAKER-M-343



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

H. The use of the PIT shall be governed by the same external physical factors as for other forced vehicle stops, i.e. traffic density, width of roadway; time of day, location and the member has determined the benefit of apprehension outweighs the decision to discontinue the chase.

I. Deputies shall not attempt to PIT large commercial vehicles, 2 or 3 wheel motorcycles, soft top convertibles or recreational ATVs.

If the first attempt of the PIT is unsuccessful, subsequent attempts may be attempted only after the situation has been re-evaluated by the participating deputy.

After initiating a PIT, and any contact was made with the suspect vehicle, the South Carolina Highway Patrol will be notified so they can complete an incident report in accordance with SC Code § 56-05-0765. The SCHP incident report will be attached to the Deputy's pursuit report and forwarded though the chain of command.

**802.12   PURSUIT TERMINATION**

A. Deputies may continue a pursuit as long as it is reasonable and prudent to do so. In some instances, however, a decision to terminate a pursuit may be the most appropriate course of action. Deputies and controlling pursuit supervisors must always balance the need for immediate apprehension with the danger created by the pursuit. When the need for apprehension does not outweigh the danger created by the pursuit then the pursuit shall be terminated.

B. Pursuit shall be immediately terminated in any of the following circumstances:

1. Weather or traffic conditions substantially increase the danger of pursuit beyond the worth of apprehending the subject.

2. The distance between the pursuit and fleeing vehicle is so great that further pursuit is futile.

3. The danger posed by continued pursuit to the public, the officers or the suspect is greater than the value of apprehending the suspect.

BAKER-M-344



| | **Publication Date:** 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 5/2020 | **Vehicle Pursuits** |
| | **Revision 2 Date:** 6/2023 | |
| | **SCLEA: 16.2, 16.4** | |

C. A pursuit may be terminated by the pursuing officer, the Supervisor or any other ranking departmental official.

D. Indirectly involved officers, other directly involved officers (not the lead unit), and/or any other officer shall recommend terminating the pursuit, via the radio, to the controlling pursuit supervisor when:

  1. Unsafe circumstances are observed;

  2. Information is known that might affect the safety of the officers, the public, and/or offender, including passengers; or

  3. The risk to the officers, the public, and/or offender, including passengers, has substantially increased.

E. The primary unit and supervisor shall continually reevaluate and assess the pursuit situation including all of the initiating factors and terminate the pursuit whenever it is reasonable to believe the risks associated with continued pursuit are greater than the public safety benefit of making an immediate apprehension.

F. The pursuing officer shall notify the dispatcher of the termination of the pursuit along with any further information acquired which may assist in an arrest at a later date.

G. Regardless of how the pursuit concludes, whether through termination by departmental personnel or through the actions of the suspect, the on-duty Supervisor will respond to the scene of the termination of all pursuits. The Supervisor will be responsible for controlling law enforcement actions at the scene and ensuring all reports (including use of force and pursuit review reports) are completed.

BAKER-M-345

| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND**  **COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

**802.13   POST PURSUIT EVALUATION**

   A. The Professional Standards Division shall review all vehicle pursuits involving departmental personnel (Officer, Supervisor, Communications Center, etc.) to ascertain the following:

      1. Was the pursuit necessary and conducted within departmental policy?

      2. Are there any training needs identified?

   B. The Professional Standards Division shall conduct an annual documented analysis of all Post-Pursuit reports.

   C. A documented review of the policies and procedures involving motor vehicle pursuits shall be done annually during in-service and new hire EVO training.

BAKER-M-346



| | |
|---|---|
| **Publication Date:** 08/1995 | **803** |
| **Revision 1 Date:** 02/2018 | **Transportation of Prisoners** |
| **Revision 2 Date:** 03/2024 | |

**SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15**

# TRANSPORTATION OF PRISONERS

**803.1    POLICY**
The transportation of a prisoner by an officer of this department will be conducted in a manner that limits opportunities for escape and provides for the safety of the officer, the prisoner, and the general public.

**803.2    PROCEDURE**
A. General:

1. When possible, all prisoners will be transported in secure, caged vehicles.

    a. When transporting a prisoner, in a caged unit, prisoner must be handcuffed behind the back, seat belted (if vehicle is so equipped), and transported behind the cage and on the opposite side as the driver

        i. This allows the driver to occasionally glance back at prisoner to check on his wellbeing and to ward off escape attempts.

    b. If another officer is assisting with transport, prisoner will be placed behind driver, seat belted (if vehicle is so equipped), and handcuffed in the rear.

        i. Passenger officer may turn slightly to the left to maintain eye contact with prisoner.

    c. If a caged vehicle is unavailable, a prisoner is to be handcuffed, seat belted, and placed in passenger front seat.

2. Juveniles will not be transported with adults unless they can be separated by sight and sound.

Page **1** of 10

BAKER-M-348



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

    3. Prisoners of different sexes shall not be transported together in the same vehicle unless they meet the definition of a household member pursuant to S.C. Code Sect. 16-25-10(3), or that vehicle is equipped with dividers to separate male and female prisoners.

B. Searching the prisoner: The transporting officer should always search a prisoner before placing him in the vehicle. Officers should never assume a prisoner does not possess a weapon or contraband or someone else has already searched the prisoner. The transporting officer should conduct a search of the prisoner each time the prisoner enters the custody of the officer.

C. Searching police vehicles:

    1. The transporting officer shall search his vehicle before each prisoner transport to insure no weapons or contraband are available to the prisoner. Further, after delivering the prisoner to his destination, officers shall again search their vehicles to ensure the prisoner did not hide contraband or other evidence.

    2. All officers will check their units at the beginning of their shift to ensure all equipment is in good condition and the vehicle is ready to be put into service.

D. Control of prisoners while being transported:

    1. Observation:

        a. While transporting a prisoner, the officer will observe him at all times, even when it becomes necessary to allow the prisoner the use of a toilet. Officers will seat prisoners so that the prisoner is visible at all times within a vehicle.

BAKER-M-349



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

    b. In a situation where observation is not possible (woman prisoner needing toilet facilities and male transporting officer or vice versa) the officer should ensure he has as much control of the situation as possible. The prisoner should not be allowed in the facility with another person, and the officer should ensure no escape routes are within the facility and no weapons available to the prisoner.

2. Meals:   If it is necessary for the transporting officer to stop enroute for a meal while a prisoner is with him, he should choose an unfamiliar place. This minimizes any chance of a prearranged plan for someone to attempt a release of the prisoner.

3. Stopping to provide law enforcement services while transporting:  When transporting a prisoner, the transporting officer will not provide law enforcement services unless those services relate directly to the prisoner in custody, and he/she shall make every attempt to avoid any situation which may provide for an escape opportunity for the prisoner.

4. The transporting officer should ensure at all times his prisoner is secure and protected.

5. Under no circumstances shall an officer transporting a prisoner engage in a pursuit.

6. Escape:  In the event a prisoner escapes while being transported, the transporting officer will use the following procedures:

    a. Assistance will be requested immediately from the jurisdiction the officer is in at the time of the escape.

    b. The transporting officer will offer his services in order to recapture the escapee as soon as possible.

BAKER-M-350



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |

SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15

    c. The transporting officer will report as soon as he returns to the department explaining the circumstances of the escape and will follow any further actions to be taken as required by their supervisor.

7. Prisoner communication: The transporting officer will not allow prisoners to communicate with other people while in transit unless the situation requires it. The officer shall use his/her good judgment when deciding whether to allow a conversation to take place between the prisoner and another party.

8. Arrival at destinations: Upon arrival at the holding facility the transporting officer(s) will follow these procedures:

    a. Firearms will be secured at the place so designated by the facility or will be secured in the trunk of the patrol vehicle. (If the patrol vehicle is equipped with an interior trunk release, the release must be deactivated and all doors and windows secure)

    b. Restraining devices will be removed only when directed to do so by the receiving facility or when the officer is sure the prisoner is properly controlled and secure.

    c. The proper paperwork (jail committal, property form, etc.) will be submitted to the proper person at the receiving facility and, in situations requiring it, the officer will ensure proper signatures are obtained on paperwork to be returned to this department.

    d. Any information relating to a prisoner's escape or suicide potential or other personal traits of a security nature should be

BAKER-M-351



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

included in the documentation accompanying the prisoner and provided to the facility.

9. Medical facilities: When a prisoner is transported to a medical facility and is admitted by the attending physician, the officer will immediately notify the Shift Supervisor. The Supervisor will in turn use the following procedures to ensure control of the prisoner:

    a. Have the prisoner released from department custody, if appropriate, by contacting and seeking advice from the Duty Officer.

    b. If the prisoner is to remain in custody, the medical facility should be requested to put the prisoner in as secure a private room as possible.

    c. The prisoner should be kept under observation at all times, and normally restraining devices should be used. Officers should consult with medical personnel concerning the use of restraining devices.

    d. The oncoming Shift Supervisor shall be notified of the situation as soon as possible and will schedule officers for guard duty.

    e. The Shift Supervisor will brief every officer on restrictions and responsibilities of guard duty and, if possible, will ensure guards have radios.

    f. The Shift Supervisor will ensure that guards are rotated every three (3) hours once a prisoner is admitted to the medical facility.

BAKER-M-352



| | Publication Date: 08/1995 | **803** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

g. Upon admission to the medical facility, the prisoner will not be allowed any visitation with family or friends. Attorneys will be permitted only at the specific request of the prisoner. In instances where the attending physician has determined that the death of the prisoner is imminent, the officer on duty will contact the highest ranking supervisor on duty and visitation will be allowed. If the attending physician deems it medically necessary for the recovery of the prisoner that he/she be allowed visitation, the physician must include, in writing, the name and length of time for visitation, to include: **immediate family ONLY**. In all cases where visitation is permitted, the officer on duty will remain in the room at all times, and all visitors will have all packages searched before entering the room. Physical contact between the prisoner and the visitor will not be permitted. Regardless of the circumstances, only one (1) visitor will be allowed in the room.

h. No prisoner who has an open or oozing wound will be transported in a patrol vehicle.

10. Transport of dangerous/security risk prisoners to court: When a transported prisoner is considered dangerous or a security hazard, the judge will be notified before the transport takes place in order that prisoner handling can be planned to minimize any chance of escape or injury to any person.

11. Officers will not allow prisoners to smoke or drink while transporting them.

BAKER-M-353



| | **Publication Date:** 08/1995 | **803** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | **Revision 1 Date:** 02/2018 | **Transportation of Prisoners** |
| | **Revision 2 Date:** 03/2024 | |
| | **SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15** | |

12. Officers will act as transporting agents only in situations involving arrests made by licensed private security guards.  Officers will transport arrestees only to the Alvin S. Glenn Detention Center.

E.  Special transport situations:

    1.  Transport of prisoners by officers of different sex:

        a.  When transporting a prisoner of one sex by an officer of another sex in a vehicle not equipped with a dash camera and AVL, the transporting officer will at a minimum:

            i.  Contact the dispatcher by radio and request the time and odometer mileage be logged on a radio dispatch log.

            ii.  Proceed directly to the destination using the shortest route practical.

            iii.  Upon arrival at destination, contact the dispatcher by radio and request the time and odometer reading be logged by the dispatch log.

        b.  When transporting a prisoner of one sex by an officer of another sex in a vehicle equipped with dash camera the transporting officer will ensure that their rear dash camera as well as body camera is recording.

    2.  Handicapped prisoner:

        a.  When transporting a handicapped prisoner, the transporting officer will request assistance when needed in order that the transport may be completed in a manner most convenient, comfortable, and safe for both the prisoner and the officer.  An ambulance may be contacted for transporting a handicapped

BAKER-M-354



| | Publication Date: 08/1995 | **803** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

prisoner if needed.  The transporting officer will ensure that whatever special equipment and/or medicine is necessary for the prisoner to have is taken as well.

b. The transporting officer, while having a handicapped person in custody, must use common sense.  When the handicap is such that no danger of escape or injury exists, the use of restraining devices may be inappropriate.

c. Injured/sick prisoners:

   i. At any time before, during or after the arrest, a prisoner is injured or becomes sick, the officer will seek medical attention for the prisoner immediately.  Medical attention will be obtained before transporting the prisoner to the Detention Center if the injury/sickness happens before arrival there.

   ii. The transporting officer must use the same discretion as previously explained in using restraining devices on sick or injured prisoners.  Obviously, if a prisoner is injured or sick enough to be totally incapacitated, restraining devices may not be appropriate.

F. Restraining devices:

1. All prisoners shall be restrained during transport, unless a situation as previously noted in this policy arises, and the following procedures will normally be followed:

   a. A single prisoner will be handcuffed with both hands behind his back.

Page **8** of 10

BAKER-M-355



| | | |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Publication Date:** 08/1995 **Revision 1 Date:** 02/2018 **Revision 2 Date:** 03/2024 | **803 Transportation of Prisoners** |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

       b. In transporting more than one prisoner, each prisoner should be handcuffed in back.

       c. Leg and waist belt restraints may also be used in order to minimize the risk of injury or escape.

       d. Under no circumstances shall a prisoner be handcuffed to a part of the transport vehicle such as door post, protective screen barrier, etc.

       e. Under no circumstances will a prisoner be "hogtied", hands to feet behind his back.

       f. Ankle shackles or plastic handcuffs may be used by officers when transporting any prisoner they have reason to believe might be an escape risk.

G. Transport equipment:

    1. When possible, vehicles equipped with a screen separating the front and rear compartments should be used in all prisoner transports in order to prevent prisoner access to the officer's compartment. Similarly, the paddy wagon has a screened section which can be used for prisoner transport.

    2. All vehicles equipped with screen barriers and used in transporting prisoners should have the rear interior door and window handles removed (or have the doors disabled in such a manner they cannot be opened from the inside) in order to minimize the risk of escape by prisoners while transporting.

BAKER-M-356



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** **SHERIFF'S DEPARTMENT** | **Revision 1 Date:** 02/2018 | **Transportation of Prisoners** |
| | **Revision 2 Date:** 03/2024 | |

**SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15**

H. Prisoner identification: When picking up a prisoner for transport at a detention facility, the transporting officer should ensure he has the correct person. This can be accomplished by:

1. Officer's personal knowledge of the prisoner.

2. Requesting verification by the jail custodian of the prisoner's identity.

BAKER-M-357