IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pamela A. Baker,<br><br>  Plaintiff,<br><br>v.<br><br>Leon Lott, individually and in his official capacity as the Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br><br>  Defendants. | Civil Action No.: 3:24-cv-04303-JDA |

## PLAINTIFF'S FED. R. CIV. P. 37 MOTION FOR SANCTIONS INCLUDING BUT NOT LIMITED TO STRIKING DEFENDANTS' ANSWER AND AWARDING PLAINTIFF ATTORNEY'S FEES

Plaintiff Pamela A. Baker ("Plaintiff"), respectfully moves pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure and consistent with Local Civ. Rule 7.04 (D.S.C.) for an Order imposing discovery sanctions, including specifically for this Court to strike the Answer of Defendant Leon Lott, individually and in his official capacity as the Sheriff of Richland County Sheriff's Department ("Defendant Lott"), the Richland County Sheriff's Department ("Defendant RCSD"), and Deputies Matthew Smith ("Defendant Smith"), Michael Dillard ("Defendant Dillard") and Bryan Hodge ("Defendant Hodge") (collectively, "Defendants") for Defendants' willful failure to comply with the Court's Orders entered on February 13, 2025 and April 4, 2025 (ECF 19 and 32) and for Defendants' multiple other violations regarding discovery in this action as set forth in the Memorandum in Support.

Fed. R. Civ. P. 37 governs the sanctions available to the court when a party fails to comply with a court order. When a party fails to comply with a court order, the court can, *inter alia*,:

    i.    Strike the pleadings in whole or in part;

    ii.    Render a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A)(iii) and (iv).

While other remedies exist, the only proper sanction in this action would be striking Defendants Answer and rendering a default judgment in favor of the Plaintiff. Defendants' failure to comply with this Court's Orders and total disregard for the discovery process renders these sanctions the only viable options to properly remedy Defendants' behavior as Defendants' representations are wholly unreliable, misleading and incomplete.

Defendants have, *inter alia*: (1) failed to comply with this Court's Orders (ECF Nos. 19 & 32); (2) intentionally withheld relevant, non-privileged, discoverable documents; (3) have provided inaccurate and/or false information to Plaintiff's counsel regarding relevant, non-privileged, discoverable documents; and (4) have intentionally obstructed Plaintiff in discovery by employing blatant delay tactics, improper instructions to witness and improper objections. Plaintiff has proceeded to develop her case, and importantly, take depositions based upon the discovery answers and productions provided to her by Defendants following the Court's Orders at ECF 19 and 32. However, based on Plaintiff's own investigation and upon the revelations from Defendants' 30(b)(6) designees in their respective depositions, Defendants have demonstrably made false representations to Plaintiff throughout the entirety of this case. Simply put, Plaintiff has no faith in any representations made to her by Defendants, as Defendants cannot be trusted to make full, complete or accurate responses.

The Fourth Circuit has identified four factors to be considered when a court makes the determination to strike an answer: (1) whether the Defendants acted in bad faith; (2) the amount of prejudice their noncompliance caused the Plaintiff, which necessarily includes an inquiry into the materiality of the evidence they failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Wilson v. Volkswagen of America*, Inc., 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978) as set forth in the Memorandum in Support;

1. Defendants have failed to comply after being ordered twice to provide full and complete document productions. Defendants have failed to comply with the Court's rulings;

2. Defendants have made false representations, intentionally delayed, and purposefully withheld documents from Plaintiff in this case, showing clear bad faith;

3. Plaintiff has been prejudiced as she has developed her case and taken depositions based on the incomplete and inaccurate discovery responses from Defendants, with the Defendants' refusals to provide full and complete responses, which cannot be cured by lesser sanctions.

Due to Defendants' behavior throughout the entirety of discovery in this action, Plaintiff is entitled to sanctions against Defendants, including the striking of Defendants' answer and for an award of all costs and attorney's fees associated with the bringing of this Motion. Applying the Fourth Circuit's factors, Defendants' bad faith, the substantial prejudice to Plaintiff, the need for deterrence, and the ineffectiveness of lesser sanctions all point to the same conclusion: dispositive

sanctions are warranted. Further grounds supporting this motion are set forth in the accompanying memorandum.

          Respectfully submitted,

          BURR & FORMAN, LLP

          s/*Celeste T. Jones*
          Celeste T. Jones, Fed. ID #2225
          ctjones@burr.com
          Benjamin R. Jenkins, IV, Fed. ID #14138
          bjenkins@burr.com
          Burr & Forman, LLP
          P.O. Box 11390
          Columbia, South Carolina 29211
          803-799-9800
          803-753-3278 (Fax)

          Michael K. K. Choy (*pro hac vice*)
          mchoy@burr.com
          Burr & Forman, LLP
          420 20th St. N #3400
          Birmingham, Alabama 35203
          (205) 251-3000
          (205) 458-5100 (fax)

          *Attorneys for Plaintiff*

Columbia, SC
March 10, 2026

63941335 v1