Pamela A. Baker v. Leon Lott, in his official capacity as the Sheriff of Richland County Sheriff's Office, et al.
Case No. 3:24-cv-04303-JDA

# Exhibit 1
## to Plaintiff's Memorandum in Support of her Fed. R. Civ. P. 37 Motion for Sanctions including but not limited to Striking Defendants' Answer and Awarding Plaintiff Attorney's Fees

*February 6, 2024 Litigation Hold Letter*

**BURR·:·FORMAN**LLP
*results matter*

Benjamin Jenkins
bjenkins@burr.com
Direct Dial: (803) 753-3239

1221 Main Street
Suite 1800
Columbia, SC 29201

*Mailing Address*
Post Office Box 11390
Columbia, SC 29211

*Office* (803) 799-9800
*Fax* (803) 753-3278

BURR.COM

February 6, 2024

## VIA EMAIL, ORIGINAL TO FOLLOW BY U.S. MAIL

Richland County Sheriff's Department
5623 Two Notch Road
Columbia, SC 29223

**Re:  Litigation hold of all documents, evidence, and information pertaining to December 29, 2023 vehicular accident at I-126 West near Colonial Life Boulevard involving Pamela Baker and Byron L. Pringle.**

To Whom It May Concern:

I, along with Celeste T. Jones, of Burr & Forman, LLP have been retained by Pamela Baker in order to represent her interests in the December 29, 2023 vehicular accident involving Pamela Baker, Byron L. Pringle, and other unknown victims. The incident occurred at or around Interstate 126 Westbound, near Colonial Life Boulevard, while Byron L. Pringle was being pursued in a high speed chase by the Richland County Sherriff's Department.

**PLEASE TAKE NOTICE** that the Richland County Sherriff's Department ("RCSD") is required to preserve all documents, things, electronically stored information ("ESI"), body-cam footage, incident reports, photographs, videos, audio recordings, and any other evidence (in written form) that may pertain in any way to this matter.

Your duty to preserve documents, evidence and ESI extends to any and all materials that are relevant to or potentially relevant to the subject matter of this incident, or that may be considered reasonably calculated to lead to the discovery of admissible evidence, or reasonably likely to be requested during discovery. To ensure compliance with this obligation, we recommend preserving everything related to the December 29, 2023 vehicular accident involving Pamela Baker, Byron L. Pringle, and other unknown victims.

Your duty to preserve documents, evidence and ESI extends to any and all documents or tangible things made by any individuals who are likely to have discoverable information, or prepared for those individuals. Thus, the duty to preserve extends to all employees of the RCSD that may have

Richland County Sheriff's Department
February 6, 2024
Page 2

---

relevant or potentially relevant information. RCSD must retain all relevant or potentially relevant documents in existence at this time, and any such documents created thereafter. In summary, once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant or potentially relevant documents. Accordingly, we strongly recommend that the RCSD act immediately to preserve all potentially relevant documents, things, evidence and ESI including, without limitation, all documents, things, ESI, e-mail communications and attachments, text message communications and/or voice mail communications regarding or in any way pertaining to, but not limited to, the action described above.

Further Directions Regarding Preservation of ESI

This litigation hold applies to potentially relevant materials, documents, and ESI in the possession of all RCSD employees and agents.

The RCSD should anticipate that much of the information subject to disclosure or responsive to future discovery in this matter is stored on its current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones). Electronically stored information should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, text messaging, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;

52866210 v1

Richland County Sheriff's Department
February 6, 2024
Page 3

---

- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Back Up and Archival Files (e.g., Zip, .GHO).

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI. The requirement that you preserve both accessible and inaccessible ESI relevant to this matter is limited, reasonable, and necessary. As you should be aware, federal laws require that you preserve and at the appropriate time produce all sources of ESI. For good cause shown, the court may order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. The RCSD must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices. Booting a drive, examining its contents or running any application may irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.

Please immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure an audit compliance with such litigation hold.

Please advise employees of RCSD of these obligations and direct them to send all potentially relevant documents, e-mails, text messages, and other tangible and electronic information related to the December 29, 2023 vehicular incident involving Pamela Baker, Byron L. Pringle, and other unknown victims for proper handling and preservation.

Best regards,

Burr & Forman, LLP

Benjamin R. Jenkins IV

BRJ

52866210 v1