PAMELA A. BAKER v. LEON LOTT, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND COUNTY SHERIFF'S OFFICE, ET AL.
CASE NO. 3:24-CV-04303-JDA

# EXHIBIT 2

## TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER FED. R. CIV. P. 37 MOTION FOR SANCTIONS INCLUDING BUT NOT LIMITED TO STRIKING DEFENDANTS' ANSWER AND AWARDING PLAINTIFF ATTORNEY'S FEES

*RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS ON BEHALF OF DEFENDANTS (NOVEMBER 15, 2024)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pamela A. Baker, | Civil Action No.: 3:24-cv-04303-JDA |
| Plaintiff, | |
| v. | |
| Leon Lott in his official capacity as the Sheriff of Richland County Sheriff's Office; the Richland County Sheriff's Office; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge, | **RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES ON BEHALF OF DEFENDANTS** |
| Defendants. | |

TO:   PLAINTIFF AND HER COUNSEL, CELESTE T. JONES, ESQ. AND BENJAMIN R. JENKINS, IV, ESQ.

Pursuant to Rule 33, Fed. R. Civ. P., the Defendants respond to the Plaintiff's First Set of Interrogatories as follows:

## INTERROGATORIES

1.      Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

**RESPONSE:**

**(a) Pamela Baker**

**Plaintiff is expected to testify consistent with the allegations in her Complaint.**

**No statement has been taken of this witness upon information and belief.**

1

**(b) Michael Dillard**
   **c/o RCSD**
   **5623 Two Notch Rd.**
   **Columbia, South Carolina 29223**

   This witness was working as an RCSD employee at all relevant times. Pursuant to Rule 33(d), Fed. R. Civ. P., the Defendants crave reference to Bates nos. BAKER-A-001 to 024, in addition to various witnesses' BWC and dashcam videos.

   No statement has been taken of this witness upon information and belief.

**(c) Bryan Hodge**
   **c/o RCSD**
   **5623 Two Notch Rd.**
   **Columbia, South Carolina 29223**

   This witness was working as an RCSD employee at all relevant times. Pursuant to Rule 33(d), Fed. R. Civ. P., the Defendants crave reference to Bates nos. BAKER-A-001 to 024, in addition to various witnesses' BWC and dashcam videos.

   No statement has been taken of this witness upon information and belief.

**(d) Matthew Smith**
   **c/o RCSD**
   **5623 Two Notch Rd.**
   **Columbia, South Carolina 29223**

   This witness was working as an RCSD employee at all relevant times. Pursuant to Rule 33(d), Fed. R. Civ. P., the Defendants crave reference to Bates nos. BAKER-A-001 to 024, in addition to various witnesses' BWC and dashcam videos.

   No statement has been taken of this witness upon information and belief.

**(e) Richard Stern**
   **c/o RCSD**
   **5623 Two Notch Rd.**
   **Columbia, South Carolina 29223**

   This witness was working as an RCSD employee at all relevant times. Pursuant to Rule 33(d), Fed. R. Civ. P., the Defendants crave reference to Bates nos. BAKER-A-001 to 024, in addition to various witnesses' BWC and dashcam videos.

   No statement has been taken of this witness upon information and belief.

**(f) Nicole Boyle**

This witness is expected to testify regarding her knowledge of the circumstances giving rise to this action and consistent with her participation during these events.

No statement has been taken of this witness upon information and belief.

**(g) Karine Cobb**

This witness is expected to testify regarding her knowledge of the circumstances giving rise to this action and consistent with her participation during these events.

No statement has been taken of this witness upon information and belief.

**(h) One or more employees of the Columbia Fire Department**

These witnesses are expected to testify regarding their knowledge of the circumstances giving rise to this action and consistent with their participation during these events.

No statement has been taken of this witness upon information and belief.

**(i) One or more employees of the Lexington County Sheriff's Department**

These witnesses are expected to testify regarding their knowledge of the circumstances giving rise to this action and consistent with their participation during these events.

No statement has been taken of this witness upon information and belief.

**(j) One or more employees of Richland County EMS**

These witnesses are expected to testify regarding their knowledge of the circumstances giving rise to this action and consistent with their participation during these events.

No statement has been taken of this witness upon information and belief.

**(k) One or more employees of the South Carolina Department of Public Safety**

These witnesses are expected to testify regarding their knowledge of the circumstances giving rise to this action and consistent with their participation during these events.

No statement has been taken of this witness upon information and belief.

**The Defendants reserve the right to supplement this response with affidavit and deposition testimony obtained throughout discovery. Moreover, the Defendants reserve the right to call any witness listed by any party in discovery.**

**This interrogatory response will be supplemented should additional witnesses be identified through the discovery process.**

2.      Set forth a list of photographs, plats, sketches or other prepared documents in possession of the party that relate to the claim or defense in the case.

**RESPONSE:**

**See Response to Request for Production No. 4.**

3.      Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

**RESPONSE:**

**Not applicable. By way of explanation, Richland County is self-funded with no excess insurance.**

4.      List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case, the expert's qualifications, each opinion to be offered, and the bases for each opinion.

**RESPONSE:**

**To the extent this interrogatory seeks information relative to expert witnesses who have been formally retained, no expert has been retained at this time. Should an expert witness be retained, this interrogatory response will be supplemented. The Defendants reserve the right to call any of the witnesses identified in these interrogatories or in any party's responses as experts to the extent qualified.**

5.      For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or

4

recorded statements taken from such witnesses.

**RESPONSE:**

**See Response No. 1.**

6.      If the defendant is improperly identified, give the proper identification and state

whether counsel will accept service of an amended summons and pleading reflecting the

correct information.

**RESPONSE:**

**The Defendant Richland County Sheriff's Office is not a legal entity and, therefore, is not amenable to suit and is not the proper party defendant in this case.**

*s/Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
CROWE LaFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.999.1225
robert@crowelafave.com
steve@crowelafave.com

*Counsel for Defendants*

Columbia, South Carolina
November 15, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pamela A. Baker, | ) Civil Action No.: 3:24-cv-04303-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **RESPONSES TO PLAINTIFF'S** |
| | ) **FIRST SET OF REQUESTS FOR** |
| Leon Lott in his official capacity as the | ) **PRODUCTION OF DOCUMENTS** |
| Sheriff of Richland County Sheriff's Office; | ) **ON BEHALF OF DEFENDANTS** |
| the Richland County Sheriff's Office; and | ) |
| Deputies Matthew Smith, Michael Dillard | ) |
| and Bryan Hodge, | ) |
| | ) |
| Defendants. | ) |
| | ) |

TO:   PLAINTIFF AND HER COUNSEL, CELESTE T. JONES, ESQ. AND BENJAMIN R. JENKINS, IV, ESQ.

Pursuant to Rule 34, Fed. R. Civ. P., the Defendants respond to the Plaintiff's First Set of Requests for Production of Documents as follows:

## REQUESTS FOR PRODUCTION

1.      All documents and materials related to the training policies or practices of the Defendants related to high speed chases.

**RESPONSE:**

**The Defendants object to this request for production on the grounds that same is overly broad, unduly burdensome, vague and not proportional to the needs of the case.**

**Subject to this objection and without waiving same, the table of contents for the RCSD policy manual (Bates nos. BAKER-C-001 to 006) is enclosed herewith. If the Plaintiff identifies specific policies she desires in discovery, the Defendants will review same and respond accordingly. Further answering, to the extent this request for production seeks documents relative to training received by the individual Defendants, the training files of Matthew Smith (Bates nos. BAKER-G-001 to 132), Michael Dillard (Bates nos. BAKER-H-001 to 091) and Bryan Hodge (Bates nos. BAKER-I-001 to 143) are being produced herewith. Same have been marked CONFIDENTIAL.**

1

2.      All documents related to any discipline of any Defendant.

**RESPONSE:**

**The Defendants crave reference to the personnel files being produced in response to Request for Production No. 16 to the extent they contain responsive documents.**

3.      All documents of any complaints against any Defendant related to any high speed chase or any alleged violation of a constitutional right.

**RESPONSE:**

**The Defendants object to this request for production on the grounds that same is overly broad, unduly burdensome, vague and not proportional to the needs of the case.**

**By way of explanation, there exists no internal classification or organization system which would permit universal information tracking or to allow for field searches of those complaints or claims relating to vehicle pursuits. Further answering, to the extent this request for production seeks lawsuits related to vehicle pursuits, the Defendants crave reference to the public records of the Richland County Clerk of Court and the U.S. District Court for the District of South Carolina, which are as accessible to the Plaintiff as to the Defendants.**

4.      All documents related to the incident alleged in the Complaint, including all reports, audio and video recordings, all body cam audio and video, all dispatch recordings and any statements or summaries.

**RESPONSE:**

**(a) RCSD reports (Bates nos. BAKER-A-001 to 024)**

**(b) RCSD documents for Byron Pringle (Bates nos. BAKER-B-001 to 102)**

**(c) Accident report (Bates nos. BAKER-J-001 to 002)**

**(d) 9 videos: Dillard Body Worn Camera ("BWC")**
    **Dillard Dashcam**
    **Hodge BWC**
    **Hodge Dashcam**
    **Smith BWC**
    **Smith Dashcam**
    **Stern BWC**
    **Stern Dashcam**
    **Stokes BWC**

5.      All documents related to Byron L. Pringle.

**RESPONSE:**

**Upon information and belief, all RCSD documents for Byron Pringle are being produced as Bates nos. BAKER-B-001 to 102.**

6.      All documents related to high speed chases involving Defendants for the last

five (5) years.

**RESPONSE:**

**The Defendants object to this request for production on the grounds that same is overly broad, unduly burdensome, vague and not proportional to the needs of the case.**

**By way of explanation, there exists no internal classification or organization system which would permit universal information tracking or to allow for field searches of those complaints or claims relating to vehicle pursuits.**

7.      All lawsuits and/or claims made against Defendants for the last five (5) years

related to high speed chases, tort claims, negligence claims, and/or 1983 actions/claims.

**RESPONSE:**

**The Defendants object to this request for production on the grounds that same is overly broad, unduly burdensome, vague and not proportional to the needs of the case.**

**Subject to this objection and without waiving same, the Defendants crave reference to the public records of the Richland County Clerk of Court and the United States District Court for the District of South Carolina, which are as easily accessible to the Plaintiff as to the Defendants.**

8.      All documents to or from any expert witness, including all reports, opinions,

bases of opinions and materials considered, and any relied upon information forming any

opinion.

**RESPONSE:**

**To the extent this request for production seeks documents relative to expert witnesses who have been formally retained, no expert has been retained at this time. Should an expert witness be retained, this response will be supplemented.**

3

9.      All performance reviews of the deputy Defendants.

**RESPONSE:**

**The Defendants crave reference to the personnel files being produced in response to Request for Production No. 16 to the extent they contain responsive documents.**

10.     All warrants charging Byron L. Pringle with any charges.

**RESPONSE:**

**See Response No. 5.**

11.     All documents, recordings, videos and materials related to Case #024229.

**RESPONSE:**

**Upon information and belief, the Defendants are not aware of or in possession of any responsive items.  To the extent that this request for production seeks documents related to Case #2312024229, those reports are being produced as Bates nos. BAKER-A-001 to 024.**

12.     DOT camera footage, including #108 and I-126 flyover.

**RESPONSE:**

**Upon information and belief, the Defendants are not aware of or in possession of any responsive items.**

13.     Copies of all insurance policies which may have liability insurance coverage, including any umbrella policies relating to the claims set out in the Complaint, and all correspondence or documents/ communications to or from any such insurance company.

**RESPONSE:**

**Not applicable. Richland County is self-funded with no excess insurance.**

14.     Copies of all witness statements.

**RESPONSE:**

**The Defendants are not aware of or in possession of any responsive documents.**

15.     All policies, procedures, rules and regulations related to arrests, pursuits, officer conduct, in-car camera systems, officer inspection responsibilities, body cam systems,

supervising responsibilities, concealed recording devices, traffic control techniques, continuing a vehicle pursuit, and any internal reviews of pursuits or injuries to the public.

**RESPONSE:**

**The Defendants object to this request for production on the grounds that same is overly broad, unduly burdensome, vague and not proportional to the needs of the case.**

**Subject to this objection and without waiving same, the table of contents for the RCSD policy manual (Bates nos. BAKER-C-001 to 006) is enclosed herewith. If the Plaintiff identifies specific policies she desires in discovery, the Defendants will review same and respond accordingly.**

16.    The entire personnel files for Deputies Matthew Smith, Michael Dillard, and Bryan Hodge.

**RESPONSE:**

**The personnel files of Matthew Smith (Bates nos. BAKER-D-001 to 046), Michael Dillard (Bates nos. BAKER-E-001 to 101) and Bryan Hodge (Bates nos. BAKER-F-001 to 103) are being produced herewith. Same have been marked CONFIDENTIAL.**

*s/Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
CROWE LAFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.999.1225
robert@crowelafave.com
steve@crowelafave.com

*Counsel for Defendants*

Columbia, South Carolina
November 15, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pamela A. Baker, | ) | Civil Action No.: 3:24-cv-04303-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Leon Lott in his official capacity as the | ) | |
| Sheriff of Richland County Sheriff's Office; | ) | |
| the Richland County Sheriff's Office; and | ) | |
| Deputies Matthew Smith, Michael Dillard | ) | |
| and Bryan Hodge, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, Adam Bruyere, paralegal to Robert D. Garfield and Steven R. Spreeuwers, hereby certify that I have served the **RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF ON BEHALF OF DEFENDANTS** in the above-referenced matter upon Plaintiff's counsel via electronic mail on the date indicated below and addressed as follows:

**COUNSEL SERVED**:
Celeste T. Jones, Esq.
Benjamin R. Jenkins, V, Esq.
BURR & FORMAN, LLP
*ctjones@burr.com*
*bjenkins@burr.com*

Columbia, South Carolina
November 15, 2024

1