PAMELA A. BAKER V. LEON LOTT, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND COUNTY SHERIFF'S OFFICE, ET AL.
CASE NO. 3:24-CV-04303-JDA

# EXHIBIT 11
## TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER FED. R. CIV. P. 37 MOTION FOR SANCTIONS INCLUDING BUT NOT LIMITED TO STRIKING DEFENDANTS' ANSWER AND AWARDING PLAINTIFF ATTORNEY'S FEES

*MAY 6, 2025 LETTER TO DEFENDANTS*

**BURR·:·FORMAN** LLP
*results matter*

Celeste Jones
ctjones@burr.com
Direct Dial: (803) 753-3255
Direct Fax: (803) 933-1533

1221 Main Street
Suite 1800
Columbia, SC 29201

*Mailing Address*
Post Office Box 11390
Columbia, SC 29211

*Office* (803) 799-9800
*Fax* (803) 753-3278

BURR.COM

May 6, 2025

**VIA EMAIL (robert@gslawsc.com; steve@gslawsc.com)**

Robert D. Garfield
Steven R. Spreeuwers
Garfield & Spreeuwers, LLC
Post Office Box 119
Columbia, South Carolina 29202

**Re:    Baker v. Lott, et al.
Defendants' Third Supplemental Response to Plaintiff's First Requests for Production**

Dear Robbie and Steven:

I am writing regarding Defendants' Third Supplemental Production delivered in three (3) banker boxes yesterday afternoon in print format. After reviewing the documents and Defendants' Third Supplemental Responses, it appears that these documents were stored electronically[1] and then sent to a third-party printing service for production, rather than providing them as they were maintained.

In accordance with Fed. R. Civ. P. 34(b)(2)(E) and the Definition and Instructions (H) in Plaintiff's First Requests for Production, the records were required to be produced by Defendants as BAKER-O-0001 – 7441 and BAKER-P-0001 – 1422 electronically, as they are kept in the usual course of business.

If Defendants fail to produce these documents via electronic transmission by close of business today, we will move the Court for sanctions for failure to comply with the Court's Orders and for costs and attorney's fees necessitated by this proceeding.

---

[1] Defendants reference running various search terms to find documents, indicating that they were kept regularly on an electronic database. Additionally, many of the documents have a notation at the bottom of the page noting when they were printed, exhibiting that they are stored electronically and were printed at a later date.

Robert D. Garfield
May 6, 2025
Page 2

---

In addition, the hard copy production is further deficient and violates the Court's Order as a significant percentage of the hard copies are partially or completely illegible. It appears no one quality controlled the production. Moreover, this appears to have been intentional by the Defendants and a deliberate tactic for delay. Nova Office Strategies has confirmed to me that you provided these to Nova via email last Friday and yesterday. I require that you provide a complete written explanation of Defendants' actions to me by close of business today to avoid a Motion for Contempt and Sanctions.

Finally, if you are unable to confirm dates for Hodge and Lott depositions today we will petition the Court to set them.

I am frankly surprised and disappointed at your conduct regarding this case. I hope the Defendants will resolve to proceed civilly to complete the discovery in a more professional manner.

Very truly yours,

Celeste Jones

CTJ