PAMELA A. BAKER v. LEON LOTT, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND
COUNTY SHERIFF'S OFFICE, ET AL.
CASE NO. 3:24-CV-04303-JDA

# EXHIBIT 31

## TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER FED. R. CIV. P. 37 MOTION FOR SANCTIONS INCLUDING BUT NOT LIMITED TO STRIKING DEFENDANTS' ANSWER AND AWARDING PLAINTIFF ATTORNEY'S FEES

*RICHLAND COUNTY SHERIFF'S DEPT. POLICY 300*

# Richland County Sheriff's Department



# Policy and Procedure Manual



| | Publication Date: 08/1995 | **300** |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 01/2019 | **Records Division** |
| | Revision 2 Date: 8/2023 | |
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

# RECORDS DIVISION

**300.1    POLICY**

The Records Division function is important to the delivery of law enforcement services, therefore, the efficient operation of the Records Division shall be of primary concern to the department.   All resources necessary to ensure acceptable levels of efficiency, privacy, and security shall be provided in accordance with Sections 30-4-10 through 30-4-110, South Carolina Code of Laws, 1978, as amended.

**300.2    PROCEDURE**

A. Administration: Records are maintained by the department as a public service, as investigative and administrative aids, and to provide statistical data as outlined below.

B. Functions:  The Records Division provides the following four (4) basic functions:

1. Mandatory SCIBRS/NIBRS Statistical Reporting as required by State Law Enforcement Division (SLED) and the FBI.

2. Quality assurance of reports and statistical information in accordance with FBI and SLED requirements.

3. Records maintenance/storage.

4. Records retrieval and lawful dissemination in accordance with the FOIA, subpoenas.

C. Repositories and Indexes:  The Records Division maintains a repository of records that includes:

BAKER-M-048



| | Publication Date: 08/1995 | **300** |
|---|---|---|
| **RICHLAND COUNTY** **SHERIFF'S DEPARTMENT** | Revision 1 Date: 01/2019 | **Records Division** |
| | Revision 2 Date: 8/2023 | |
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

1. Incident Reports.

2. Arrest Reports, to include On-View, Taken into Custody, and Courtesy Summonses.

3. Expungement Orders.

4. Copies of TR3-10 Accident Reports.

D. Storage of Records outside Records Division
   The Sheriff shall determine which operational elements may retain specific records and for what duration.

   1. Incident Reports:

      a. A written report shall be established whenever an incident in one or more of the following categories occur within the jurisdictional boundaries of the department.

         i.   Citizen's report of crimes.

         ii.  Citizen complaints.

         iii. Citizen requests for services when:

              (1) An officer is dispatched and established guidelines have been met.

              (2) An employee is assigned to investigate.

              (3) An employee is assigned to take action at a later time.

      b. Criminal and non-criminal cases initiated by law enforcement officers.

BAKER-M-049



| | Publication Date: 08/1995 | **300** |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 01/2019 | **Records Division** |
| | Revision 2 Date: 8/2023 | |
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

    c. Incident report forms are found within the Records Management System. Deputies shall use the Records Management System to create incident reports and upload them for supervisor approval and retention. Supplemental reports and Investigative Follow Ups shall be created in the same manner.

        i. Instructions on how to complete an Incident Report within the Records Management System can be found on the RCSD Employee Webpage under the RCSD Report Writing Guide link.

        ii. If a deputy does not have access to a computer or MDT with the Records Management System on it, incident reports can be emailed to the Records Department for input at hwreports@rcsd.net.

            • A fillable Incident Report Form can be found on the Employee Website.

2. Required Incident Reports shall include the following information:

    a. Date and time of initial reporting.

    b. Name (if available) of citizen requesting the service or victim's or complainant's name.

    c. Nature of the incident.

    d. Nature, date, and time of action taken (if any) by law enforcement personnel.

3. This department processes, and retains the following reports:

    a. Incident Report/Supplemental Reports.

Page **3** of **9**



| | Publication Date: 08/1995 | **300** |
|---|---|---|
| **RICHLAND COUNTY**<br>**SHERIFF'S DEPARTMENT** | Revision 1 Date: 01/2019<br><br>Revision 2 Date: 8/2023 | **Records Division** |
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

    b. Copies of Traffic Accident Reports.

    c. Arrest Reports.

    d. Expungement Orders.

    e. NCIC Validation Printouts for a period of one (1) year.

4. Each case/incident shall be assigned a unique identification number.

5. Each completed report shall be reviewed by the immediate Supervisor (or designee) to ensure that the assignment has been satisfactorily completed and reported. Upon satisfactory review, the Supervisor will sign the form prior to forwarding. All completed Incident Reports that include NCIC information shall be turned into the Desk Sergeants at least thirty (30) minutes prior to shift change.

6. The Records Management System retains the 911 communication logs of the Computer-Aided Dispatch (CAD) system. The CAD system creates a record of each criminal or non-criminal dispatched incidents and maintains a step-by-step account of caller, law enforcement, and rescue personnel movements.

    a. The following information is obtained through the CAD system:

        i. Control or case number

        ii. Date and time of request assistance

        iii. Name and address of complainant, if possible

        iv. Type of incident reported

        v. Location of incident reported

        vi. Identification of officer(s) assigned as primary and backup

        vii. Time of dispatch

        viii. Time of officer arrival

BAKER-M-051



| | **Publication Date:** 08/1995 | **300** |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | **Revision 1 Date:** 01/2019 | **Records Division** |
| | **Revision 2 Date:** 8/2023 | |
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

   ix. Time of officer return to service

   x. Disposition of status of reported incident

 6. Dissemination guidelines shall be as follows:

   a. Law enforcement agencies, governmental and military agencies have limited access to any of the available reports and/or information listed above.

   b. Persons, as defined by law, may receive copies of Incident Reports, with juvenile information and all victim and complainant information redacted, except where the victim identified in the report is the requesting party.

   c. All Incident Report copies issued shall be screened to identify all information that would violate the law if released. All investigatory supplementals and other associated materials may not be given to any person not authorized to receive this information. Private citizens may receive a screened copy of the **original report** only.

   d. Attorneys representing a person on the report who would otherwise be entitled to a copy of the original report may receive a copy on behalf of their clients.

   e. Insurance companies may receive copies of specific reports. They may also receive copies of any related supplemental reports that list additional stolen property.

   f. All witness/criminal statement copies are available only to those who made the statement. As a rule, investigating officers provide a copy of these statements to those making the statement at the time of preparation. Therefore, **investigating officers** should be

BAKER-M-052



| | Publication Date: 08/1995 | **300** |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 01/2019 | **Records Division** |
| | Revision 2 Date: 8/2023 | |
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

contacted prior to issuing these copies to determine why a copy wasn't provided at the time of signature.

g. Accident reports are protected by separate State law (56-5-1340) prohibiting dissemination.

h. All criminal history information is protected against dissemination. Only law enforcement agencies, military and governmental agencies are allowed access in accordance with Policy 301 of this manual.

i. Except for those authorized unlimited access, only conviction data will be given.  Conviction data includes all pleas of guilty or "nolle contendere" to criminal charges or convictions.  Non conviction data must meet required criteria before being disseminated.  Non conviction data is defined as:

   i. The law enforcement agency has elected not to refer a matter for prosecution.

   ii. A prosecutor has elected not to commence criminal proceedings.

   iii. Proceedings have been indefinitely postponed.

   iv. All dismissals.

   v. All acquittals.

   vi. Arrest records without disposition if a year has elapsed and no conviction has resulted and no active prosecution is pending.

BAKER-M-053



| | Publication Date: 08/1995 | **300** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 01/2019 | **Records Division** |
| | Revision 2 Date: 8/2023 | |
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

    j. As a rule arrest reports are disseminated only to law enforcement officers and military/governmental agencies. However, those arrested and/or their attorneys are entitled to a copy, and they are subject to dissemination under the Freedom of Information Act.

    k. Registration checks on vehicles shall be disseminated only to law enforcement agencies, military and governmental agencies. This information shall not be disseminated to the public.

7. It shall be noted that the amendment to Act 593, South Carolina Statutes at Large, 1978, allows anyone to request a copy of any particular report. To comply with this request requires the report to be carefully screened and information protected in accordance with state statute. Established copying, and research/retrieval fees will be collected.

8. Nonconforming Requests: Such requests may not fall into any of the established categories. Therefore, when particular requests are formulated not specifically covered by this policy, a determination must be made on the facts as presented. The Records Supervisor, Deputy Chief of Legal Affairs or Sheriff will make this determination.

9. Handling of Monies:

    a. Only authorized personnel as designated by the Sheriff, should be permitted to accept for the department any monies resulting from copies or other actions.

    b. A signed receipt should be provided to the person releasing funds to the department. A record of the receipt shall be retained for department records.

BAKER-M-054



| | **Publication Date:** 08/1995 | **300** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 01/2019 | **Records Division** |
| | **Revision 2 Date:** 8/2023 | |
| | **SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4** | |

     c.  All monies received should be immediately secured in a temporary locked container and should be deposited in the appropriate department account.

     d.  All accounts and records pertaining to the receipt of money maintained by the department should be audited no less than annually.

E.  Availability of Records:

   1.  Department records must be released as provided by State law.

   2.  The privacy and security precautions for the records function shall be in accordance with agency policy, local ordinance, and/or State statutes. The privacy and security of criminal history record information (CHRI) shall be in accordance with U.S. Department of Justice regulations (Title 28 Code of Federal Regulations Part 20) with regard to dissemination, completeness and accuracy, audits, security requirements, and access and review.

   3.  Records are generally available to the public during normal business hours (8:00 am to 4:15 pm) Monday through Friday, except holidays.

   4.  Records are available to department employees at all times.

F. Administrative Reports

   1. Daily Report:

     a.  The Records Division Supervisor is responsible for creating and disseminating the Daily Report to the Intelligence Listserv.

     b.  The Daily Report includes reported incidents within the last 24 hours, or over a weekend, where a Richland County Deputy created an incident report for the event.

BAKER-M-055



| | Publication Date: 08/1995<br><br>Revision 1 Date: 01/2019<br><br>Revision 2 Date: 8/2023 | **300**<br>**Records Division** |
|---|---|---|
| | SCLEA: 5.1, 14.1, 14.2, 14.3, 14.4, 14.5, 14.6, 14.7, 15.4 | |

RICHLAND COUNTY SHERIFF'S DEPARTMENT

2. Deputy Advisory Council (DAC) Meeting Notes

   a. The Secretary of the DAC will keep meeting notes and minutes of all meetings. These administrate reporting notes cover new business brought forth by the Sheriff as well as new concerns and information provided by the DAC members. These notes are disseminated in multiple ways to ensure that all employees have access to them. They are shared in the following ways:

      i. Emailed to the DAC members for dissemination
      ii. Emailed to the chain of command for disseminating
      iii. Posted on the employee website.

3. Professional Standards Report

   a. The annual Professional Standards Report is created by the Professional Standards Division and it highlights the statistics and trends on complaints, defensive actions, traffic collisions, and assaults on Richland County Deputies over the last year. This report is posted on the Richland County Sheriff's Department website as public information.

4. A listing of all administrative reports can be found in Appendix A. The listing in the Appendix includes:
   a. A listing of all administrative reports;
   b. A statement as to the person(s) or position(s) responsible for the formulation of the report(s);
   c. A statement of the purpose of the report(s);
   d. A statement of the frequency of the report(s);
   e. A statement of the distribution of the report(s).

BAKER-M-056



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

# TRANSPORTATION OF PRISONERS

**803.1    POLICY**

The transportation of a prisoner by an officer of this department will be conducted in a manner that limits opportunities for escape and provides for the safety of the officer, the prisoner, and the general public.

**803.2    PROCEDURE**

A.  General:

    1.  When possible, all prisoners will be transported in secure, caged vehicles.

        a.  When transporting a prisoner, in a caged unit, prisoner must be handcuffed behind the back, seat belted (if vehicle is so equipped), and transported behind the cage and on the opposite side as the driver

            i. This allows the driver to occasionally glance back at prisoner to check on his wellbeing and to ward off escape attempts.

        b.  If another officer is assisting with transport, prisoner will be placed behind driver, seat belted (if vehicle is so equipped), and handcuffed in the rear.

            i. Passenger officer may turn slightly to the left to maintain eye contact with prisoner.

        c.  If a caged vehicle is unavailable, a prisoner is to be handcuffed, seat belted, and placed in passenger front seat.

    2.  Juveniles will not be transported with adults unless they can be separated by sight and sound.

BAKER-M-348

|  RICHLAND COUNTY SHERIFF'S DEPARTMENT | Publication Date: 08/1995<br><br>Revision 1 Date: 02/2018<br><br>Revision 2 Date: 03/2024 | **803**<br>**Transportation of Prisoners** |
|---|---|---|
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

3. Prisoners of different sexes shall not be transported together in the same vehicle unless they meet the definition of a household member pursuant to S.C. Code Sect. 16-25-10(3), or that vehicle is equipped with dividers to separate male and female prisoners.

B. Searching the prisoner: The transporting officer should always search a prisoner before placing him in the vehicle. Officers should never assume a prisoner does not possess a weapon or contraband or someone else has already searched the prisoner. The transporting officer should conduct a search of the prisoner each time the prisoner enters the custody of the officer.

C. Searching police vehicles:

1. The transporting officer shall search his vehicle before each prisoner transport to insure no weapons or contraband are available to the prisoner. Further, after delivering the prisoner to his destination, officers shall again search their vehicles to ensure the prisoner did not hide contraband or other evidence.

2. All officers will check their units at the beginning of their shift to ensure all equipment is in good condition and the vehicle is ready to be put into service.

D. Control of prisoners while being transported:

1. Observation:

a. While transporting a prisoner, the officer will observe him at all times, even when it becomes necessary to allow the prisoner the use of a toilet. Officers will seat prisoners so that the prisoner is visible at all times within a vehicle.

BAKER-M-349



| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Publication Date: 08/1995<br><br>Revision 1 Date: 02/2018<br><br>Revision 2 Date: 03/2024 | **803**<br>**Transportation of Prisoners** |
|---|---|---|
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

    b. In a situation where observation is not possible (woman prisoner needing toilet facilities and male transporting officer or vice versa) the officer should ensure he has as much control of the situation as possible. The prisoner should not be allowed in the facility with another person, and the officer should ensure no escape routes are within the facility and no weapons available to the prisoner.

2. Meals:   If it is necessary for the transporting officer to stop enroute for a meal while a prisoner is with him, he should choose an unfamiliar place. This minimizes any chance of a prearranged plan for someone to attempt a release of the prisoner.

3. Stopping to provide law enforcement services while transporting:  When transporting a prisoner, the transporting officer will not provide law enforcement services unless those services relate directly to the prisoner in custody, and he/she shall make every attempt to avoid any situation which may provide for an escape opportunity for the prisoner.

4. The transporting officer should ensure at all times his prisoner is secure and protected.

5. Under no circumstances shall an officer transporting a prisoner engage in a pursuit.

6. Escape:  In the event a prisoner escapes while being transported, the transporting officer will use the following procedures:

    a. Assistance will be requested immediately from the jurisdiction the officer is in at the time of the escape.

    b. The transporting officer will offer his services in order to recapture the escapee as soon as possible.

BAKER-M-350



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

    c.  The transporting officer will report as soon as he returns to the department explaining the circumstances of the escape and will follow any further actions to be taken as required by their supervisor.

7.  Prisoner communication:  The transporting officer will not allow prisoners to communicate with other people while in transit unless the situation requires it.  The officer shall use his/her good judgment when deciding whether to allow a conversation to take place between the prisoner and another party.

8.  Arrival at destinations:  Upon arrival at the holding facility the transporting officer(s) will follow these procedures:

    a.  Firearms will be secured at the place so designated by the facility or will be secured in the trunk of the patrol vehicle.  (If the patrol vehicle is equipped with an interior trunk release, the release must be deactivated and all doors and windows secure)

    b.  Restraining devices will be removed only when directed to do so by the receiving facility or when the officer is sure the prisoner is properly controlled and secure.

    c.  The proper paperwork (jail committal, property form, etc.) will be submitted to the proper person at the receiving facility and, in situations requiring it, the officer will ensure proper signatures are obtained on paperwork to be returned to this department.

    d.  Any information relating to a prisoner's escape or suicide potential or other personal traits of a security nature should be

BAKER-M-351



| | **Publication Date:** 08/1995 | **803** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | **Revision 1 Date:** 02/2018 | **Transportation of Prisoners** |
| | **Revision 2 Date:** 03/2024 | |
| | **SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15** | |

included in the documentation accompanying the prisoner and provided to the facility.

9.  Medical facilities: When a prisoner is transported to a medical facility and is admitted by the attending physician, the officer will immediately notify the Shift Supervisor. The Supervisor will in turn use the following procedures to ensure control of the prisoner:

    a.  Have the prisoner released from department custody, if appropriate, by contacting and seeking advice from the Duty Officer.

    b.  If the prisoner is to remain in custody, the medical facility should be requested to put the prisoner in as secure a private room as possible.

    c.  The prisoner should be kept under observation at all times, and normally restraining devices should be used. Officers should consult with medical personnel concerning the use of restraining devices.

    d.  The oncoming Shift Supervisor shall be notified of the situation as soon as possible and will schedule officers for guard duty.

    e.  The Shift Supervisor will brief every officer on restrictions and responsibilities of guard duty and, if possible, will ensure guards have radios.

    f.  The Shift Supervisor will ensure that guards are rotated every three (3) hours once a prisoner is admitted to the medical facility.

BAKER-M-352



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 02/2018 | **Transportation of Prisoners** |
| | Revision 2 Date: 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

g. Upon admission to the medical facility, the prisoner will not be allowed any visitation with family or friends. Attorneys will be permitted only at the specific request of the prisoner. In instances where the attending physician has determined that the death of the prisoner is imminent, the officer on duty will contact the highest ranking supervisor on duty and visitation will be allowed. If the attending physician deems it medically necessary for the recovery of the prisoner that he/she be allowed visitation, the physician must include, in writing, the name and length of time for visitation, to include: **immediate family ONLY**. In all cases where visitation is permitted, the officer on duty will remain in the room at all times, and all visitors will have all packages searched before entering the room. Physical contact between the prisoner and the visitor will not be permitted. Regardless of the circumstances, only one (1) visitor will be allowed in the room.

h. No prisoner who has an open or oozing wound will be transported in a patrol vehicle.

10. Transport of dangerous/security risk prisoners to court: When a transported prisoner is considered dangerous or a security hazard, the judge will be notified before the transport takes place in order that prisoner handling can be planned to minimize any chance of escape or injury to any person.

11. Officers will not allow prisoners to smoke or drink while transporting them.

BAKER-M-353



| | **Publication Date:** 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 02/2018 | **Transportation of Prisoners** |
| | **Revision 2 Date:** 03/2024 | |
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

12. Officers will act as transporting agents only in situations involving arrests made by licensed private security guards. Officers will transport arrestees only to the Alvin S. Glenn Detention Center.

E. Special transport situations:

   1. Transport of prisoners by officers of different sex:

      a. When transporting a prisoner of one sex by an officer of another sex in a vehicle not equipped with a dash camera and AVL, the transporting officer will at a minimum:

         i. Contact the dispatcher by radio and request the time and odometer mileage be logged on a radio dispatch log.

         ii. Proceed directly to the destination using the shortest route practical.

         iii. Upon arrival at destination, contact the dispatcher by radio and request the time and odometer reading be logged by the dispatch log.

      b. When transporting a prisoner of one sex by an officer of another sex in a vehicle equipped with dash camera the transporting officer will ensure that their rear dash camera as well as body camera is recording.

   2. Handicapped prisoner:

      a. When transporting a handicapped prisoner, the transporting officer will request assistance when needed in order that the transport may be completed in a manner most convenient, comfortable, and safe for both the prisoner and the officer. An ambulance may be contacted for transporting a handicapped

BAKER-M-354



| RICHLAND COUNTY SHERIFF'S DEPARTMENT | **Publication Date:** 08/1995<br><br>**Revision 1 Date:** 02/2018<br><br>**Revision 2 Date:** 03/2024 | **803**<br>**Transportation of Prisoners** |
|---|---|---|
| | **SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15** | |

prisoner if needed. The transporting officer will ensure that whatever special equipment and/or medicine is necessary for the prisoner to have is taken as well.

b. The transporting officer, while having a handicapped person in custody, must use common sense. When the handicap is such that no danger of escape or injury exists, the use of restraining devices may be inappropriate.

c. Injured/sick prisoners:

    i. At any time before, during or after the arrest, a prisoner is injured or becomes sick, the officer will seek medical attention for the prisoner immediately. Medical attention will be obtained before transporting the prisoner to the Detention Center if the injury/sickness happens before arrival there.

    ii. The transporting officer must use the same discretion as previously explained in using restraining devices on sick or injured prisoners. Obviously, if a prisoner is injured or sick enough to be totally incapacitated, restraining devices may not be appropriate.

F. Restraining devices:

1. All prisoners shall be restrained during transport, unless a situation as previously noted in this policy arises, and the following procedures will normally be followed:

    a. A single prisoner will be handcuffed with both hands behind his back.

BAKER-M-355

|  RICHLAND COUNTY<br>SHERIFF'S DEPARTMENT | **Publication Date:** 08/1995<br><br>**Revision 1 Date:** 02/2018<br><br>**Revision 2 Date:** 03/2024 | **803**<br>**Transportation of Prisoners** |
|---|---|---|
| | SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15 | |

      b. In transporting more than one prisoner, each prisoner should be handcuffed in back.

      c. Leg and waist belt restraints may also be used in order to minimize the risk of injury or escape.

      d. Under no circumstances shall a prisoner be handcuffed to a part of the transport vehicle such as door post, protective screen barrier, etc.

      e. Under no circumstances will a prisoner be "hogtied", hands to feet behind his back.

      f. Ankle shackles or plastic handcuffs may be used by officers when transporting any prisoner they have reason to believe might be an escape risk.

G. Transport equipment:

    1. When possible, vehicles equipped with a screen separating the front and rear compartments should be used in all prisoner transports in order to prevent prisoner access to the officer's compartment. Similarly, the paddy wagon has a screened section which can be used for prisoner transport.

    2. All vehicles equipped with screen barriers and used in transporting prisoners should have the rear interior door and window handles removed (or have the doors disabled in such a manner they cannot be opened from the inside) in order to minimize the risk of escape by prisoners while transporting.

BAKER-M-356



| | Publication Date: 08/1995 | **803** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 02/2018 | **Transportation of Prisoners** |
| | **Revision 2 Date:** 03/2024 | |
| | **SCLEA: 1.11, 25.1, 25.2, 25.3, 25.4, 25.5, 25.6, 25.7, 25.8, 25.9, 25.10, 25.11, 25.12, 25.13, 25.14, 25.15** | |

H. Prisoner identification: When picking up a prisoner for transport at a detention facility, the transporting officer should ensure he has the correct person. This can be accomplished by:

    1. Officer's personal knowledge of the prisoner.

    2. Requesting verification by the jail custodian of the prisoner's identity.

BAKER-M-357