PAMELA A. BAKER V. LEON LOTT, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND
COUNTY SHERIFF'S OFFICE, ET AL.
CASE NO. 3:24-CV-04303-JDA

# EXHIBIT 2

## TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF JOHN J. RYAN, AS TO LAW ENFORCEMENT AND VEHICULAR PURSUIT STANDARDS

*POLICY AND PROCEDURE MANUAL, 802.1, 802.2*

# Richland County Sheriff's Department



# Policy and Procedure Manual



| | Publication Date: 08/1995 | **802** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

# VEHICLE PURSUITS

**802.1    PURPOSE**

The purpose of this policy is to establish guidelines and responsibilities for deputies, supervisors, and communications personnel while engaged in a vehicle pursuit. This policy will serve as the standard for the administrative review of the actions of personnel for topics covered by this policy.

**802.2    POLICY**

It is the policy of the Richland County Sheriff's Department that deputies shall act as professionals and operate motor vehicles in accordance with South Carolina law, official policy, and with due regard for the safety of all persons.

Sworn deputies of the Richland County Sheriff's Department are expected to make reasonable efforts to apprehend violators who flee or otherwise attempt to elude; however, the Department recognizes the value and sanctity of human life. The emergency operation of a vehicle and the pursuit of a fleeing vehicle may present a risk to the general public, the deputy, and the suspect; therefore, it is the policy of the Richland County Sheriff's Department to prevent or end all pursuits as quickly and safely as possible.

This policy provides restrictions on certain driving assignments as well as guidelines and directions for the exercise of deputy and supervisory discretion and decision making, and includes factors to be considered in balancing the need to suspect's apprehension and the when it is advisable to terminate a pursuit.

It is the policy of the Richland County Sheriff's Department that deputies shall be made aware that, in accordance with SC Code § 17-13-40, when deputies are in pursuit of an offender for a violation of a county ordinance or statute of this State committed within Richland County, deputies may arrest the offender, with or without a warrant, at a place within Richland county, or at a place within an adjacent county.

BAKER-M-328



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

**802.3    PROCEDURE – PURSUIT DRIVING**

A. Initiation of a Pursuit

1. The decision to initiate pursuit should be based on the pursuing officer's conclusion that the immediate danger to the public created by the pursuit is less than the immediate or potential danger to the public should the suspect remain at large.

2. Any department officer in an authorized department vehicle may initiate a vehicular pursuit when the following criteria are met:

   a. The suspect exhibits the intention to avoid arrest by using a vehicle to flee apprehension for an alleged felony or misdemeanor that would normally require a full custody arrest.

   b. The suspect operating the vehicle refuses to stop at the direction of the officer.

   c. The suspect, if allowed to flee, would present a danger to human life or cause serious injury.

3. In deciding whether to initiate or continue a pursuit, the officer shall take the following into consideration:

   a. The seriousness of the offense;

   b. Known information on the suspect;

   c. Road configuration (e.g. interstate, divided highway, work zone);

   d. Physical location and population density (e.g. residential area, school zone, business district);

   e. Existence of vehicular and pedestrian traffic;

   f. Lighting and visibility;

BAKER-M-329



| | **Publication Date:** 08/1995 | **802** |
| --- | --- | --- |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 5/2020 **Revision 2 Date:** 6/2023 | **Vehicle Pursuits** |
| | **SCLEA: 16.2, 16.4** | |

  g. Weather and environmental conditions;

  h. The relative performance capabilities of the pursuit vehicle and the vehicle being pursued;

  i. Officer training and experience;

  j. Available equipment;

  k. Speed and evasive tactics employed by the suspect;

  l. The presence of other persons in the police and suspect vehicle;

  m. Any other condition or situation that would create an unreasonable risk.

 4. No officer with a civilian rider in his vehicle will participate in any high speed pursuit.

**802.4 PURSUIT AUTHORITY**

 A. All emergency vehicle operations shall be conducted following South Carolina law.

 B. Pursuit Authority

  1. S.C. Code § 56-5-760 authorizes drivers of police vehicles, while responding to an emergency call or when in pursuit of an actual or suspected law violator, to:

   a. Park or stop in prohibited areas.

   b. Exceed the maximum speed limit if he does not endanger life or property.

   c. Disregard regulations governing direction of movement or turning in specified directions.

BAKER-M-330

| | Publication Date: 08/1995 | **802** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    d. Proceed through a red traffic signal or stop sign, but only after slowing and clearing as may be necessary for safe operation.

  2. S.C. Code § 56-5-760 does not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons.

C. Upon undertaking a pursuit, the pursuing deputy shall activate emergency lights, sirens, and they shall remain activated for the duration of the pursuit.

**802.5     PRIMARY OFFICER'S RESPONSIBILITIES**

A. Any time an officer begins a pursuit, the officer will immediately activate his emergency lights, siren, and announce on the radio that a pursuit is underway and the following information:

  1. Description of the vehicle and the license plate number if known;

  2. Location and direction of travel, speed and other driver actions involved;

  3. Number of occupants in the fleeing vehicle, with descriptions if possible;

  4. Specific violation and/or reason for which officer is pursuing.

B. Failure to provide this information to communications personnel may result in an immediate decision by the on-duty Supervisor to order the termination of the pursuit.

**802.6     SECONDARY OFFICER RESPONSIBILTIES**

A. As soon as a second vehicle is also in pursuit, the officer in the second vehicle will notify the dispatcher and be responsible from that point on for further radio transmissions and advising the dispatcher of the progress of the pursuit. The second police vehicle shall remain some distance back from the pursuing vehicle, but is authorized to maintain the speed of the pursuit and is required to keep the pursuing vehicle in sight at all times.  If the first pursuing vehicle is

BAKER-M-331



| | **Publication Date:** 08/1995 | |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 5/2020 | **802** **Vehicle Pursuits** |
| | **Revision 2 Date:** 6/2023 | |
| | **SCLEA: 16.2, 16.4** | |

a two-man unit, the passenger officer may elect to continue broadcasting the progress of the pursuit despite the presence of the second vehicle.

B. The second pursuing vehicle shall not overtake the first unless specifically requested to do so by the originating officer or in the case of an accident or vehicle failure involving the first vehicle. In such cases, another vehicle may be assigned to take up pursuit in the place of the disabled vehicle.

C. Unmarked or undercover vehicles in pursuit must give up the first pursuing vehicle position as soon as safely possible upon the arrival of a marked unit responding to assist in the pursuit.

**802.7      PURSUIT DRIVING TACTICS**

The decision to use specific driving tactics requires the same assessment of the factors the deputy considered when determining whether to initiate and/or terminate a pursuit. The following are tactics for deputies who are involved in the pursuit:

A. Deputies, considering their driving skills and vehicle performance capabilities, will space themselves from other involved vehicles such that they are able to see and avoid hazards or react safely to unusual maneuvers by the fleeing vehicle.

B. Because intersections can present increased risks, the following tactics should be considered:

1. Available deputies not directly involved in the pursuit may proceed safely to controlled intersections ahead of the pursuit in an effort to warn cross traffic.

2. Pursuing deputies should exercise due caution and slow down as may be necessary when proceeding through controlled intersections.

BAKER-M-332



| | Publication Date: 08/1995 | **802** |
| --- | --- | --- |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

C. As a general rule, deputies should not pursue a vehicle driving the wrong direction on a roadway, highway, or freeway. In the event the pursued vehicle does so, the following tactics should be considered:

    1. Request assistance from available air support.

    2. Maintain visual contact with the pursued vehicle by paralleling the vehicle while driving on the correct side of the roadway.

    3. Request other deputies to observe exits available to the suspect.

    4. Notify the South Carolina Highway Patrol and any other law enforcement agency if it appears that the pursuit may enter its jurisdiction.

D. Deputies involved in a pursuit should not attempt to pass other pursuing vehicles unless the situation indicates otherwise or they are requested to do so by the pursuing deputy. Prior to attempting to pass there must be a clear understanding of the maneuver process between the involved deputies.

E. All officers involved in a vehicular pursuit shall wear a seat belt.

F. Firearms shall not be discharged from a moving vehicle.

G. Once the pursued vehicle is stopped, officers shall utilize appropriate officer safety tactics. The suspect(s) shall be taken into custody using only the amount of force reasonably necessary to affect an arrest.

H. Throughout the pursuit, deputies shall ensure that medical aid is rendered or access to medical treatment is provided to any individual who complains of injury, has obvious injuries, or who requests medical attention as a direct result from actions during the pursuit.

**802.8    SUPERVISORY CONTROL AND RESPONSIBILITIES**
Available supervisory and management control will be exercised over all vehicle pursuits involving deputies from the Richland County Sheriff's Department. The

BAKER-M-333



| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Publication Date: 08/1995<br><br>Revision 1 Date: 5/2020<br><br>Revision 2 Date: 6/2023 | **802**<br>**Vehicle Pursuits** |
|---|---|---|
| | SCLEA: 16.2, 16.4 | |

supervisor of the deputy initiating the pursuit, or if unavailable, the nearest supervisor will be responsible for:

A. Immediately notifying involved deputies and the telecommunicator of supervisory presence and ascertaining all reasonably available information. The supervisor will continuously assess the situation and risk factors associated with the pursuit. This is to ensure that the pursuit is conducted within established department guidelines.

B. Engaging in the pursuit, when appropriate, to provide on-scene supervision.

C. Exercising management and control of the pursuit even if not engaged in it, including redesignation of primary, support or other backup vehicle responsibilities.

D. Ensuring that no more than the required law enforcement vehicles are involved in the pursuit under the guidelines set forth in this policy.

E. Directing that the pursuit be terminated if, in his/her judgment, it is not justified to continue the pursuit under the guidelines of this policy.

F. Ensuring that assistance from air support, canines, or additional resources are requested, if available and appropriate.

G. Ensuring that the proper radio channel is being used.

H. Ensuring that the Desk Sergeant is notified of the pursuit, as soon as practicable.

I. Ensuring the notification and/or coordination of outside agencies if the pursuit either leaves or is likely to leave the jurisdiction of this department.

J. Controlling and managing Richland County Sheriff's Department deputies when a pursuit enters another jurisdiction.

BAKER-M-334



| | **Publication Date:** 08/1995 | **802** **Vehicle Pursuits** |
|---|---|---|
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | **Revision 1 Date:** 5/2020 | |
| | **Revision 2 Date:** 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

K. Ensuring that all written post-pursuit reports and documentation of the pursuit are completed as required.

**802.9   THE COMMUNICATIONS CENTER**

A. The dispatcher shall immediately, by means of the alert tone and verbal message, notify other units and the on-duty Supervisor of the information provided by the pursuing officer, and clear the frequency for emergency radio traffic only.

B. The dispatcher will assign the nearest available marked unit to assist the pursuing officer as a backup.  Other units may move in the direction of the pursuit at normal speeds.  They will not leave their assigned area unless directed to do so by the dispatcher or Supervisor.

C. The Communications Center will also:

   1. Receive and record all incoming information on the pursuit and the pursued vehicle.

   2. Obtain criminal records and vehicle checks of the suspects where possible.

   3. If the pursuit is confined within the County limits, radio communications will be conducted on the Region channel where the pursuit was initiated. If the pursuit leaves the Richland County, involved deputies should, whenever it becomes necessary, switch radio communications to the statewide channel, or other channels that may be accessible by participating agencies.

**802.10  PURSUIT INTERVENTION**

Pursuit intervention is an attempt to stop the suspect's ability to continue to flee in a vehicle through tactical application of technology, tire deflation devices, vehicle intercept, boxing-in, the Pursuit Intervention Technique, forcible vehicle contact, or roadblock procedures.

BAKER-M-335



| | **Publication Date:** 08/1995 | **802** |
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | **Revision 1 Date:** 5/2020 | **Vehicle Pursuits** |
| | **Revision 2 Date:** 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

A. <u>When Use is Authorized:</u>

Whenever practicable, a deputy shall notify a supervisor before employing any intervention to stop the pursued vehicle. In deciding whether to use intervention tactics, deputies/supervisors should balance the risk of allowing the pursuit to continue with the potential hazards arising from the use of each tactic to the public, the deputies, and persons in or on the pursued vehicle. With this in mind, the decision to use any intervention tactic should be reasonable in light of the circumstances apparent to the deputy at the time of the decision.

B. <u>Intervention Standards:</u>

Any intervention tactic, depending upon the conditions and circumstances under which it is used, may present dangers to the deputies, the public or anyone in or on the vehicle being pursued. Certain applications of intervention tactics may be construed to be a use of force, including deadly force, are subject to policies guiding such use, and the Deputy's individual actions must be objectively reasonable. Deputies shall consider these facts and requirements prior, along with their experience and abilities, and the danger of continuing the pursuit when deciding how, when, where, and if an intervention tactic should be employed.

   1. Vehicle Intercept

      a. Definition - The Vehicle Intercept Procedure is a method of apprehending a suspect in a motor vehicle that involves the strategic placement of police vehicles so as to prevent the suspect vehicle from fleeing. **The vehicle intercept stop is to be used to prevent vehicle pursuits and not used during a pursuit as a roadblock or rolling roadblock.**

      b. Blocking or vehicle intercept should only be considered in cases involving suspects or impaired drivers who pose a threat to the public's safety, and when deputies reasonably believe that attempting a conventional enforcement stop will likely result in the

BAKER-M-336



| | Publication Date: 08/1995 | **802** **Vehicle Pursuits** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

driver attempting to flee in the vehicle. This intervention tactic should only be employed by properly trained deputies and after giving consideration to the following:

    i. The need to immediately stop the suspect vehicle or prevent it from leaving substantially outweighs the risk of injury or death to occupants of the suspect vehicle, deputies or others.

    ii. All other reasonable intervention tactics have failed or reasonably appear ineffective.

    iii. Employing the blocking or vehicle intercept maneuver does not unreasonably increase the risk of safety to those involved or the public.

    iv. The suspect vehicle is stopped or traveling at a low speed.

    v. Only law enforcement vehicles should be used in this tactic.

  c. Officers of this department shall not attempt to deliberately collide with a pursued vehicle or to use the police vehicle to force any pursued vehicle off the roadway. The only exception to this policy may occur when an officer is in pursuit of a known and extremely dangerous fleeing felon who, if allowed to escape, could create a substantial risk of another person being killed or seriously injured. This exception MUST be approved by a supervisor with a rank of Sergeant or above unless exigent circumstances exist making it difficult to do so.

2. Boxing-in - A technique designed to stop a violator's vehicle by surrounding it with law enforcement vehicles and then slowing all vehicles to a stop.

BAKER-M-337



| | Publication Date: 08/1995 | **802** |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    a. Boxing-in a suspect vehicle will only be attempted with deputies who have been properly trained in the technique unless approved by a supervisor holding the rank of Sergeant or above. The use of such a tactic must be carefully coordinated with all involved vehicles, taking into consideration the circumstances and conditions apparent at the time, as well as the potential risk of injury to deputies, the public and occupants of the pursued vehicle. Deputies and supervisors should weigh the potential consequences against the need to immediately stop the vehicle.

3. Roadblock – Definition - Establishing a physical impediment to traffic as a means for stopping a vehicle using actual physical obstructions, or barricades.

    a. Roadblocks will only be employed as a last resort in circumstances where deadly force would otherwise be justified.

    b. The use of a roadblock must be authorized by a supervisor holding the rank of Sergeant or above.

    c. Roadblocks are not to be established until all personnel involved in the pursuit are made aware of the roadblock and its exact location and have clearly acknowledged receipt of this information.

    d. Once a roadblock has been established and vehicles or barricades positioned so as to obstruct a roadway, the following conditions must exist:

    e. The roadblock must be clearly visible, to include illumination if necessary, from a safe distance that would enable the violator's vehicle to be brought to a safe stop or enable the violator's vehicle to take other action that would not result in imminent bodily injury.

BAKER-M-338



| | Publication Date: 08/1995 | **802** |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    f. An avenue of escape must be available to the violator that would enable passage through the roadblock without injury to the violator or others.

    g. No vehicle used in the roadblock is to be occupied.

**802.11    TIRE DEFLATION DEVICES (TDD'S)**

A. General Considerations:

    1. TDD's properly used MAY terminate or prevent law enforcement pursuits in a controlled manner, thereby increasing safety to deputies and the general public, and decreasing the likelihood of property damage and liability.

    2. TDD's may also be used to prevent stationary vehicles from being moved by a person attempting to leave the scene, as set forth below.

    3. Deputies must have completed all required training in the use of TDD's prior to deploying them in the field.

    4. TDD's will NOT BE DEPLOYED to stop a vehicle with fewer than four (4) tires, such as a motorcycle.

B. Procedures:

All of the following criteria must be met before TDD's can be used on a moving vehicle:

    1. The deputy attempting to apprehend the fleeing vehicle has given lawful notice of command to stop by blue lights and siren.

    2. The operator of the fleeing vehicle does not comply with such command, and, under the circumstances, it reasonably appears that he will not comply.

BAKER-M-339



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

3. Communications has been notified by the pursuing deputy that he is engaged in a pursuit.

4. The deputy engaged in the pursuit has reason to believe that the continued movement of the fleeing vehicle will place officers, other motorists, or any other person in imminent danger of serious bodily harm, and has requested the use of TDD's to bring the fleeing vehicle to a stop.

C. Deputies shall consider the following before deploying TDDs:

1. The location selected for the deployment of the TDDs is effective and safe, and is selected with due regard for the safety of other motorists.

   a. Traffic congestion, construction activities, special events and/ or other activities may create situations where the use of TDD's is not appropriate.

   b. The position and vulnerability of members of the public, private property, and other assisting units, personnel and equipment must be considered and may make the use of TDDs inappropriate.

2. The deployment location has reasonably good sight distance so that the officer deploying the TDDs can observe the pursuit and other traffic as it approaches and will be selected with due regard for the safety of other motorists. The TDD shall, if feasible, be deployed in such a manner as to limit the fleeing suspect's ability to avoid striking the TDD.

3. TDDs WILL NOT BE DEPLOYED on curves or other locations where reasonable judgment under all circumstances dictates that TDD's should not be used.

4. The deployment location should be in the vicinity of natural barriers such as roadway overpasses, guardrails, embankments, and/or trees. These barriers must conceal and protect the deploying Deputy from the view of

BAKER-M-340

| | Publication Date: 08/1995 | **802** **Vehicle Pursuits** |
|---|---|---|
| RICHLAND  COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

the fleeing suspect and will allow the Deputy to deploy the TDD's from a position of relative safety. The deploying Deputy should never conceal himself near or inside of his patrol vehicle.

5. All deployments of the TDD shall be in accordance with the procedures and guidelines recommended by the manufacturer.

6. Pursuing deputies shall coordinate with the other deputies and/or agencies deploying the TDD's or assisting in the deployment in order to ensure the safe and effective use of the devices:

   a. When the decision is made to deploy the TDD's, pursuing deputies, as far in advance as possible, will notify the deputy deploying the devices of the necessity of their use.

   b. Communications and the deploying deputy will notify all pursuing deputies:

      i. When the TDD is in place.

      ii. The location of the TDD deployment.

   c. Every reasonable effort will be made to properly identify, isolate and target the fleeing suspect vehicle prior to deploying TDD's.

7. Deployment of TDD's

   a. The deputy deploying the TDDs shall be in position at a predetermined location in sufficient time to prepare for proper deployment.

   b. TDD's will be deployed only according to the manufacturer's recommendations and Sheriff's Department training guidelines.

   c. Officers should not engage in physical contact with the cord reel, cord, or devices after they have been deployed and prior to contact with the fleeing suspect vehicle.

BAKER-M-341



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY** **SHERIFF'S DEPARTMENT** | **Revision 1 Date:** 5/2020 | **Vehicle Pursuits** |
| | **Revision 2 Date:** 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

    d. After deployment of the TDD's officers and all other persons at the scene should seek immediate protection.

    e. After the TDD's have been deployed pursuing deputies should increase their following distance in order to avoid striking the devices.

8. TDD's may be used as a pursuit prevention measure on stationary vehicles in the following circumstances:

    a. Control at traffic safety/DUI checkpoints.

    b. Suspect surveillance.

    c. Buy/bust drug operations.

    d. High risk warrant service.

    e. Mentally ill or barricaded suspects.

    f. Other situations where the use of TDDs is reasonably necessary to curtail the movement of a vehicle, to protect the safety of deputies or the public generally.

9. After deploying TDDs, the deploying deputy shall:

    a. Remove and secure the devices immediately after their use. This shall include searching the area where the devices were used in order to locate and collect any spikes or points that may have become detached from the TDD's. These tasks will be accomplished with due regard for officer safety.

    b. Document the use of the TDD's in the pursuit report and a deployment form and forward it through the proper chain of command.

    c. Obtain replacement TDD's through the Training Division if needed.

BAKER-M-342



| | Publication Date: 08/1995 | **802** |
|---|---|---|
| **RICHLAND COUNTY**<br>SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

**802.12    PRECISION IMMOBILIZATION TECHNIQUE (PIT)**

The Precision Immobilization Technique (PIT) is limited to use by properly trained deputies upon assessment of the circumstances and conditions presented at the time, including the potential for risk of injury to deputies, the public, and occupants of the pursued vehicle.

The use of the PIT shall be governed by sound professional judgment, procedures outlined in this policy, and in accordance with procedures established by the Department during training for this technique.

All of the following criteria shall be met prior to the use of the P.I.T.:

A. Only Deputies who are operating authorized, and properly equipped patrol vehicles, shall be authorized to initiate the PIT.

B. There is probable cause to believe that a person within the fleeing vehicle has committed an offense justifying the suspect's arrest on criminal charges;

C. A deputy attempting to apprehend the fleeing vehicle has given lawful notice of command to stop by blue lights and siren;

D. The operator of the fleeing vehicle does not comply with such command, and, under the circumstances, it reasonably appears that he or she will not comply;

E. Communications has been notified of the pursuit, and a supervisor has been informed of the incident and circumstances;

F. There is reason to believe that the continued movement of the fleeing vehicle will place officers, other motorists, or any other person in imminent danger of serious bodily harm.

G. The PIT shall not to be attempted unless the member reasonably believes that there are no children or other innocent passengers occupying the violator vehicle.

BAKER-M-343



| | Publication Date: 08/1995 | **802** |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

H. The use of the PIT shall be governed by the same external physical factors as for other forced vehicle stops, i.e. traffic density, width of roadway; time of day, location and the member has determined the benefit of apprehension outweighs the decision to discontinue the chase.

I. Deputies shall not attempt to PIT large commercial vehicles, 2 or 3 wheel motorcycles, soft top convertibles or recreational ATVs.

If the first attempt of the PIT is unsuccessful, subsequent attempts may be attempted only after the situation has been re-evaluated by the participating deputy.

After initiating a PIT, and any contact was made with the suspect vehicle, the South Carolina Highway Patrol will be notified so they can complete an incident report in accordance with SC Code § 56-05-0765. The SCHP incident report will be attached to the Deputy's pursuit report and forwarded though the chain of command.

**802.12    PURSUIT TERMINATION**

A. Deputies may continue a pursuit as long as it is reasonable and prudent to do so. In some instances, however, a decision to terminate a pursuit may be the most appropriate course of action. Deputies and controlling pursuit supervisors must always balance the need for immediate apprehension with the danger created by the pursuit. When the need for apprehension does not outweigh the danger created by the pursuit then the pursuit shall be terminated.

B. Pursuit shall be immediately terminated in any of the following circumstances:

1. Weather or traffic conditions substantially increase the danger of pursuit beyond the worth of apprehending the subject.

2. The distance between the pursuit and fleeing vehicle is so great that further pursuit is futile.

3. The danger posed by continued pursuit to the public, the officers or the suspect is greater than the value of apprehending the suspect.

BAKER-M-344



| Publication Date: 08/1995 | **802** |
| Revision 1 Date: 5/2020 | **Vehicle Pursuits** |
| Revision 2 Date: 6/2023 | |
| SCLEA: 16.2, 16.4 | |

RICHLAND COUNTY
SHERIFF'S DEPARTMENT

C. A pursuit may be terminated by the pursuing officer, the Supervisor or any other ranking departmental official.

D. Indirectly involved officers, other directly involved officers (not the lead unit), and/or any other officer shall recommend terminating the pursuit, via the radio, to the controlling pursuit supervisor when:

  1. Unsafe circumstances are observed;

  2. Information is known that might affect the safety of the officers, the public, and/or offender, including passengers; or

  3. The risk to the officers, the public, and/or offender, including passengers, has substantially increased.

E. The primary unit and supervisor shall continually reevaluate and assess the pursuit situation including all of the initiating factors and terminate the pursuit whenever it is reasonable to believe the risks associated with continued pursuit are greater than the public safety benefit of making an immediate apprehension.

F. The pursuing officer shall notify the dispatcher of the termination of the pursuit along with any further information acquired which may assist in an arrest at a later date.

G. Regardless of how the pursuit concludes, whether through termination by departmental personnel or through the actions of the suspect, the on-duty Supervisor will respond to the scene of the termination of all pursuits. The Supervisor will be responsible for controlling law enforcement actions at the scene and ensuring all reports (including use of force and pursuit review reports) are completed.

BAKER-M-345



| | Publication Date: 08/1995 | |
|---|---|---|
| **RICHLAND COUNTY** SHERIFF'S DEPARTMENT | Revision 1 Date: 5/2020 | **802** **Vehicle Pursuits** |
| | Revision 2 Date: 6/2023 | |
| | SCLEA: 16.2, 16.4 | |

**802.13    POST PURSUIT EVALUATION**

A. The Professional Standards Division shall review all vehicle pursuits involving departmental personnel (Officer, Supervisor, Communications Center, etc.) to ascertain the following:

    1. Was the pursuit necessary and conducted within departmental policy?

    2. Are there any training needs identified?

B. The Professional Standards Division shall conduct an annual documented analysis of all Post-Pursuit reports.

C. A documented review of the policies and procedures involving motor vehicle pursuits shall be done annually during in-service and new hire EVO training.

BAKER-M-346