**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **Pamela A. Baker,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Leon Lott, individually and in his official capacity as the Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,**<br><br>**Defendants.** | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** | **C/A No.: 3:24-cv-04303-JDA**<br><br>**PLAINTIFF'S OPPONENT'S STATEMENT OF MATERIAL FACTS** |

<u>Opponent's Challenges to Movant's Statement of Material Facts (ECF No. 60)</u>

1. <u>Undisputed</u>. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

2. <u>Undisputed</u>. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

3. <u>Undisputed</u>. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

4. <u>Disputed</u>. The material Defendants cited to support this paragraph, BAKER-B-098-99, does not support this Paragraph.

5. <u>Undisputed</u>.

6. <u>Undisputed.</u> Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Furthermore, despite Defendants' request for judicial notice, this Court's "Form Requirements for Statements of Material Facts" states that each fact must be "supported

by specific pinpoint references to evidence, including but not limited to pleadings, depositions, interrogatory answers, admissions, affidavits, or other parts of the record."

7. Undisputed.

8. Undisputed.

9. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

10. Disputed. BAKER-B-102 states that "Pringle was arrested for multiple narcotics charges…" (emphasis added) not that he was "charged", and Defendants are intentionally misrepresenting the language that appears in Deputy Abdullah's report. Pl.'s Statement of Material Facts, ¶ 6 (ECF No. 56).

11. Undisputed.

12. Undisputed.

13. Disputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Plaintiff further disputes Defendants' statement because none of the cited references identify RCSD relinquishing custody of Pringle to the hospital. As for Defendants' claim that "deputies were not allowed to go with Pringle," Plaintiff disputes this fact because the only evidence Defendants cite in support of this assertion is the self-serving deposition testimony of RCSD Official, Kelvin Ashe. *See Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022) (holding that a defendant's own deposition testimony, unsupported by any other evidence, is insufficient to put a fact beyond genuine dispute).

14. Undisputed.

15. Disputed. Plaintiff disputes the form requirement of this statement, as Defendants attempt to shoehorn in multiple sentences into this paragraph via footnote, which are not limited to a single material fact as required by this Court. For further explanation, Defendants' ¶ 15 (without the inclusion of n. 3) is not disputed.

16. Undisputed.

17. Undisputed.

18. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

19. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

20. Undisputed.

21. Undisputed.

22. Disputed. There is no evidence in the record to support that Sergeant Chrisotpher Blanding ("Blanding") was "consulted via radio", only that Blanding made the statement cited in ¶ 22 over the radio.

23. Disputed. Defendants' description of the timing of when K-9 Specialist Bryan Hodge ("Hodge") and Deputy Michael Dillard ("Dillard") joined the pursuit is misleading, indicating that Hodge and Dillard joined the pursuit after Pringle entered the Interstate. But Dillard was involved in the pursuit from its inception, as he was behind Deputy Matthew Smith ("Smith"). *See generally*, Ex. 8, DefendantsTemp-0000009. Hodge joined the chase within the first fifteen seconds after Smith turned on his blue lights and siren, while all parties were on Bush River Road. *Id.*

24. Disputed. Defendants cite two separate documents to support their assertion in ¶ 24. The first, Dkt 56-13, is Plaintiffs' Movant Statement of Material Facts, which supports that Pringle was traveling approximately 60-65 MPH in the #1 lane in the opposite direction of travel. Defendants' second citation is to Matthew Smith's narrative report of the chase, which states "The vehicle was estimated to be traveling about 70 to 80 miles per hour…" Plaintiffs do not dispute the first document citation, but Plaintiffs do dispute that Defendants' second citation supports ¶ 24 of Defendants' Statement of Material Facts.

25. Disputed. Plaintiff agrees that the deputies continued the pursuit while traveling west in the eastbound lanes on I-126. However, Plaintiff disputes Defendants' characterization that the deputies engaged their blue lights and sirens while traveling the wrong direction on the interstate. Deputies had their lights and sirens engaged well before they began traveling the wrong way on the interstate, and this characterization by Defendants is a misrepresentation of clear video evidence. *See generally*, Ex. 8, DefendantsTemp-0000009.

26. Disputed. ¶ 26 omits the fact that Pringle and the Deputy Defendants passed an exit ramp. Ex. 8, DefendantsTemp-0000009 at 3:25 – 3:40.

27. Disputed. Hodge overtook Smith well before both deputies lost sight of the Nissan as it crested the hill on the Interstate. Specifically, Hodge overtook Smith while both were in sight of the Nissan. Ex. 7, DefendantsTemp-0000011 at 2:50 – 3:10.

28. Undisputed.

29. Undisputed.

30. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

31. Undisputed.

32. Undisputed.

33. Undisputed.

34. Undisputed. Plaintiff disputes the materiality of these "facts" because the fact that "bags containing a white powdery substance [were] **believed** to be fentanyl" by an unspecified person cannot "affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir.2013) (citation and internal quotation marks omitted)(emphasis added). Even if Defendants had submitted a shred of evidence indicating that substances purportedly found on Pringle's body *after* the Pursuit ended were *actually* illegal drugs, that fact also couldn't "affect the outcome of the suit."

35. Undisputed.

36. Undisputed.

37. Disputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Plaintiff does not dispute that Lott was not physically present in the vicinity of the pursuit during the pursuit. Plaintiff does not dispute that Lott became aware of the pursuit and collision after it occurred. Plaintiff does not dispute that Lott did not relay any instructions during the pursuit to any officer participating in the pursuit. Plaintiff does not dispute that decision-making pertaining to the pursuit would have been undertaken solely by the deputies involved and the supervisor monitoring the dispute. However, Plaintiff disputes that "Lott played no role in the pursuit" and "never issued any directives." Lott is the foremost authority and decision-maker at RCSD, and therefore his interpretation, enactment, and

failure to enforce pursuit policies at RCSD indisputably plays a role in every vehicular pursuit RCSD undertakes.

38. Undisputed.

Opponent's Statement of Additional Material Facts

1. The pursuit was not a high stress situation for Hodge. Ex. 24, Hodge Dep. at 163:9-12.

2. Vehicle pursuits are not stressful for Dillard. Ex. 25, Dillard Dep. at 79:6-11.

3. A Drug Enforcement Administration Task Force Officer contacted Hodge on December 29, 2023, at some time before the pursuit on December 29, 2023, regarding Pringle leaving a drug buy. Ex. 24, Hodge Dep. 88:4-13, 89:24 – 90:20.

4. Hodge used PIT maneuvers all the time while serving in the military in Afghanistan. Ex. 24, Hodge Dep. 76:11-19.

5. Dillard used PIT maneuvers while serving overseas. Ex. 25, Dillard Dep. 79:6-11.

6. RCSD does not have "high-speed chase procedures." Ex. 26, RCSD 30(b)(6) Dep., Designee McDuffie at 24:3-55.

7. Lott "ha[d] no idea" if RCSD deputies were ever disciplined for violating RCSD's pursuit "policies." Ex. 27, Lott Dep. at 96:10-25.

8. Each Deputy Defendant specifically testified that they weren't disciplined or investigated for their involvement in the Pringle pursuit, despite the pursuit involving multiple blatant violations of RCSD "policies", serious injuries in an innocent bystander, and the death of the fleeing suspect, only Smith received "verbal counseling." Ex. 28, Smith Dep. at 80:2-8, 148:16 – 149:15; Ex. 24, Hodge Dep. at 164:10-13; Ex. 25, Dillard Dep. at 59:10-14.

9. RCSD is self-funded, with no excess insurance. Ex. 29, Defendants' Answers to Plaintiff's First Set of Interrogatories, ¶ 3, Nov. 15, 2024; Defendants' Responses to Plaintiff's First Set of Requests for Production, ¶ 13, Nov. 15, 2024.

10. RCSD handles lawsuits by submitting them to the Richland County Attorney's Office, not any state official or state agency, and the Richland County Attorney's Office decides

whether to hire outside counsel. Ex. 26, RCSD 30(b)(6) Dep., Designee McDuffie at 8:10 – 9:8.

11. Lott is the "ultimate decision maker" for RCSD. Ex. 26, RCSD 30(b)(6) Dep., Designee McDuffie at 20:24 – 21:3.

12. When a deputy violates RCSD's Policies and Procedures, their actions are supposed to be reviewed to determine if the officer acted with any malice or wrongdoing before the proper disciplinary action is determined. Ex. 30, RCSD 30(b)(6) Dep., Designee Pagano Dep. 42:1-10.

13. Lott has final decision-making authority regarding any discipline. Ex. 30, RCSD 30(b)(6) Dep., Designee Pagano Dep. 42:1-10.

14. RCSD Deputies are not allowed to drive their RCSD vehicle outside of Richland County without permission. Ex. 26, RCSD 30(b)(6) Dep., Designee McDuffie at 36:10 – 37:4.

15. All RCSD deputies must be certified by the South Carolina Criminal Justice Academy, a State-level entity that's "the governing body for certification." Ex. 30, RCSD 30(b)(6) Dep., Designee Pagano Dep. 12:6-15

16. RCSD's policy and procedure manual is not state law. Ex. 30, RCSD 30(b)(6) Dep., Designee Pagano at 41:12–16; 43:9-17.

[*signature page to follow*]

Respectfully submitted,

**BURR & FORMAN LLP**

*s/Celeste T. Jones*

Celeste T. Jones, Fed. ID #2225
ctjones@burr.com
Benjamin R. Jenkins, IV, Fed. ID #14138
bjenkins@burr.com
Burr & Forman, LLP
P.O. Box 11390
Columbia, South Carolina 29211
803-799-9800
803-753-3278 (Fax)

Michael K. K. Choy, Admitted *pro hac vice*
mchoy@burr.com
John Wilson Booth, *Admitted pro hac vice*
jwbooth@burr.com
Burr & Forman, LLP
420 20th St. N #3400
Birmingham, Alabama 35203

*Attorneys for Plaintiff*

Columbia, SC
April 23, 2026