PAMELA A. BAKER V. LEON LOTT, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND COUNTY SHERIFF'S OFFICE, ET AL.
CASE NO. 3:24-CV-04303-JDA

# EXHIBIT 26

## TO PLAINTIFF'S OPPONENT'S STATEMENT OF MATERIAL FACTS

***30(B)(6) DEPOSITION OF RICHLAND COUNTY SHERIFF'S DEPARTMENT – JOANNA MCDUFFIE DEPOSITION EXCERPTS***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
C.A. No.: 3:24-cv-04303-JDA

PAMELA BAKER,

PLAINTIFF,

vs.

LEON LOTT, individually and in his official capacity as the Sheriff of Richland County; THE RICHLAND COUNTY SHERIFF'S DEPARTMENT; and DEPUTIES MATTHEW SMITH, MICHAEL DILLARD, and BRYAN HODGE,

DEFENDANTS.

30(b)(6) D E P O S I T I O N

WITNESS: JOANNA MCDUFFIE
DATE: NOVEMBER 20, 2025
TIME: 1:56 P.M.
LOCATION: BURR & FORMAN, LLP
1221 MAIN STREET, SUITE 1800
COLUMBIA, SOUTH CAROLINA 29201

REPORTED BY: AMBER SOMERO

LEGAL EAGLE
Post Office Box 5682
Greenville, South Carolina 29606
864-467-1373
depos@legaleagleinc.com

Q. Any other than through the citizen complaint or lawsuits that you can think of?
A. I mean, a deputy might call and say, you know, we were, you know, chasing a bad guy and we kicked in the door. I mean, it -- it really -- it depends on what -- what you mean by incur liability. I mean, so property damage, you know, collision packet, wreck packet, you know, things of that nature I could be made aware of depending on where it goes.
Q. Well, when you are notified of an event, what records, if any, do you create or what system do you have in place to maintain the records related to incidents that may give rise to liability?
A. So I mean, the department generates records. Incident reports, body cam, CAD, all of that, those records are maintained by the department. I don't generate typically any independent records unless, you know, an attorney or a citizen may call me. A citizen may call and say, you know, you guys were in a pursuit and you put out stop sticks and I ran over them.
I'm an innocent party. My tires were flattened on my car. I'll inform the citizen how to file, you know, a claim with the Richland County Office of Risk Management, which is completely separate from us, and I may send them an email documenting that conversation.

But those -- there's no system other than that.
Q. Do you have a system for lawsuits that are filed?
A. When a lawsuit is filed, those are sent -- I send those to the county attorney's office, and then the county attorney's office decides whether to hire outside counsel or to handle them themselves, and then those go to outside counsel or, in theory, I guess I could say, the county attorney's office, but they typically do not.
Q. Who is your contact at the Richland County Office of Risk Management?
A. I don't have -- I mean, Brittney Terry is the risk manager. Her second is Christa Sheehan, and then I also work with the other people in the office, so I don't -- there's not one contact.
Q. What's Terry's last name?
A. It's Brittney Terry.
Q. Oh, Brittney Terry, sorry.
A. Yes, ma'am.
Q. And the lawsuits, when they are served on the sheriff's department or the sheriff, do you send those to Brittany or Christa's attention?
A. I send them to Patrick Wright. He's the county attorney. I typically will CC Brittney and Christa on those.
Q. Do you keep a list of them in your office?

vehicle operations, policy 800 through ---
A. Okay. So I guess ---
Q. Who do you get permission from to change those policies?
A. It depends on what portion of the policy. So if we're talking about like vehicle maintenance and operations and -- and our -- our fleet manager says, you know, the deputies are supposed to get an oil change every 3,000 miles and now we're changing it to 5,000 miles, I would just make that change. I would not get permission from anyone to make that change.
If I was going to change the way that -- that the department polices -- or I was going to change, you know, a major change in terms of policing, I would show the sheriff before that change was made, or we would have a discussion about it with the command staff and then ---
Q. With the who staff?
A. Command staff.
Q. Command, okay.
A. And then those changes will be made. And once they're made, they're then -- again, depending on what it is, they're disseminated to -- to the department. They're also accessible by the department at all times.
Q. So does the sheriff have the ultimate authority to decide if a policy change should take place?

A. Yes, ma'am. He's the sheriff. He -- he is the ultimate decision maker. But, again, I don't consult him about -- depending on what it is.
Q. Do you consult him about substantive changes?
A. That affect policing, yes, ma'am.
Q. Do policy change requests come to you?
A. Yes, ma'am.
Q. And from whom do you get substantive policy change requests?
A. It could be anyone in the department.
Q. You recall anyone who's ever made such a request?
A. Yes, ma'am.
Q. Which ones can you recall?
A. I guess ---
MR. GARFIELD: I'm just going to object. This is beyond the scope. Go ahead.
BY MS. JONES:
A. So the department is looking at getting, right now, something called a hobble device. And so our officers are tuning -- I'm sorry -- testing and evaluating those. And so we are -- myself and Chief Polis have been discussing policy changes on those if we decide to implement them.
Q. Let me ask you to turn to policy 802, vehicle pursuits.
A. Yes, ma'am.

compilation of the number of pursuits?
A. No, ma'am, I was not.
Q. Has the Richland County Sheriff's Department rolled back high-speed chase procedures over the last ten years?
A. Again, we don't have high-speed chase procedures.
Q. Okay. How many times has the Richland County Sheriff's Department been sued due to injuries related to chases?
A. I do not know the answer to that question. We don't keep records like that.
Q. So would those be the lawsuits -- would those be the ones that you send on to the county sheriff's office?
A. I send to the county attorney's office.
Q. I mean, county attorney's office?
A. Yes, ma'am.
Q. Okay. And did you consult with the county attorney's office about how many times you've been sued over the last ten years?
A. No, ma'am.
Q. You didn't ask anybody?
A. No, ma'am.
Q. And you didn't do any investigation to make that determination?
A. We don't keep records that would -- to do that.
Q. You don't keep the emails where you transmit the lawsuits over to the county attorney's office?

requirement. Words like shall are generally not requirements, but permissive, but, again, really it depends on the line. Things like require are -- are -- so where it says Baker M314 number 7, A deputy who loses vehicle privileges is required to park their patrol vehicle. So that would be a requirement.

Q. Any other way to tell in reading the manual? You said unauthorized use of vehicle. That's on page 4 of 12. Is the entirety of subsection 10 a requirement?

A. So it is not authorized to drive your vehicle outside of Richland County unless permission is obtained. So they, in theory, would be required to get permission to drive their county vehicle outside of Richland County in certain circumstances. So in some instances, it would be a requirement. In others, it would not be a requirement.

Q. And how would you know that from reading this policy manual?

A. From your training, from your experience, from common sense, and based on the nature of what's going on. So if you are driving your county vehicle to your girlfriend's house outside of Richland County, you would probably need permission to do that. It would not be authorized.

If you are in a pursuit and the pursuit is going

into -- or you're going to make an arrest in Kershaw County, you would not need to get permission to go do that from -- from Richland County to -- or you would not need to request that from Richland County to do that.

Q. It's on the next page, subparagraph 11 that says, (as read) required attire when operating county vehicles, is that a requirement?

A. In theory, yes, but given the circumstances, again, it depends. So in general, yes, you are supposed to have your firearm and credentials on you at all times, especially when driving a Richland County Sheriff's Department vehicle. A polo shirt with a collar, it -- it depends because we have lots of officers whose daily dress is not a polo shirt with collars. It's jeans and a T-shirt and a hoodie and a hat because of the nature of their assignment. And so -- so again, that would be an exception to -- to that requirement.

Q. Is 13A a requirement? Regarding the issuance and storage of the weapons?

A. Yes.

Q. How about 14 on the next page, ride-along passengers; is that a requirement?

A. I mean, not -- not really because there's a -- to have a ride-along in your car, certain things have to be done, and that's not necessarily on -- on the deputy, and