PAMELA A. BAKER V. LEON LOTT, IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND COUNTY SHERIFF'S OFFICE, ET AL.
CASE NO. 3:24-CV-04303-JDA

# EXHIBIT 28

## TO PLAINTIFF'S OPPONENT'S STATEMENT OF MATERIAL FACTS

***MATTHEW SMITH DEPOSITION EXCERPTS***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

PAMELA A. BAKER,

Plaintiff,

vs. C/A No.: 3:24-cv-04303-JDA

LEON LOTT IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF RICHLAND COUNTY SHERIFF'S OFFICE; THE RICHLAND COUNTY SHERIFF'S OFFICE; DEPUTIES MATTHEW SMITH, MICHAEL DILLARD, AND BRYAN HODGE,

Defendants.

---

# DEPOSITION OF MATTHEW SMITH

---

DATE TAKEN: Tuesday, May 13, 2025

TIME START: 9:25 a.m.

TIME END: 3:53 p.m.

LOCATION: Burr & Forman, LLP
1221 Main Street, Suite 1800
Columbia, South Carolina

REPORTED BY: SHERI L. BYERS, RPR
EVERYWORD, INC.
P.O. Box 1459
Columbia, South Carolina 29202
803.212.0012

A. I was not.
Q. Did you ever see or know of anyone who failed to follow one of those policies and procedures that was disciplined for it?
A. I don't recall.
Q. Were you ever disciplined for not following these policies and procedures?
A. I don't recall.
Q. Did you review any of the records relating to Mr. Pringle's arrest history either from Richland or Lexington County?
A. Prior to the incident?
Q. Yes, sir.
A. No, ma'am.
Q. Were you ever made aware of his prior arrest history?
A. No, ma'am.
Q. Did you ever inquire?
A. Prior to the incident, no, ma'am.
Q. Did you inquire after?
A. Yes, ma'am.
Q. And to whom did you make such an inquiry? Who did you ask about it?
A. It was the sheriff.
Q. Sheriff Lott?

Q. On how many occasions did you speak with your supervisor, Officer Gilman?
A. I don't recall.
Q. But it was more than just this one occasion on the 2nd?
A. I didn't -- I don't know if I did speak to her on the 2nd.
Q. Then what does that denote: Reviewing Officer Karen Gilman, 1-2-24, 1834? Is that when she reviewed the report, or do you know?
A. That's when she reviewed the report.
Q. Oh, that's when she reviewed the report. Okay.
What did you discuss with Karen Gilman?
A. I don't recall.
Q. And then the next section denotes commander's review?
A. Correct.
Q. And it says Christopher Duke, 1-3-2024 at 12:39?
A. Correct.
Q. All right. And this says "Reviewed, corrective action taken, verbal counseling."
Do you see that?
A. Yes, ma'am.

Q. What happened?
A. I don't recall.
Q. You don't remember?
A. I don't recall.
Q. Okay. Is there any record of the action taken other than this, to your knowledge?
A. I do not know.
Q. How many times during your work at the Richland County Sheriff's Department did you have corrective action taken against you?
MR. SPREEUWERS: Object to the form.
You can answer.
THE WITNESS: I don't know. I don't recall how many times I've been -- corrective action had been taken place.
BY MS. JONES:
Q. Do you recall any time other than this one?
A. I don't recall this one or any other time.
Q. And how long did you work there?
A. About two and a half years.
MS. JONES: The next page -- let's take a break for lunch. I didn't realize it was 1:00.
\- - -
(A lunch recess transpired.)
\- - -