IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pamela A. Baker,<br><br>Plaintiff,<br><br>v.<br><br>Leon Lott in his official capacity as the Sheriff of Richland County Sheriff's Office; the Richland County Sheriff's Office; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br><br>Defendants. | ) | Civil Action No.: 3:24-cv-04303-JDA |

# <u>EXHIBIT C</u>

**TO**

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS ON BEHALF OF DEFENDANTS**

Excerpts from Deposition of Leon Lott

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
- - -

| | |
|---|---|
| Pamela A. Baker,<br>Plaintiff,<br><br>vs.<br><br>Leon Lott, individually and in his official capacity as Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br>Defendants. | Civil Action No.:<br>3:24-cv-04303-JDA |

VIDEOTAPED DEPOSITION OF LEON LOTT

DATE TAKEN: September 4, 2024
TIME BEGAN: 10:03 a.m.
TIME ENDED: 12:30 p.m.
LOCATION: Burr & Forman
1221 Main Street, Suite 1800
Columbia, South Carolina
REPORTED BY: Tami I. Watters, RPR, CRR

LEGAL EAGLE
Post Office Box 5682
Greenville, South Carolina 29606
864-467-1373 / depos@legaleagleinc.com

APPEARANCES:
Representing the Plaintiff:
BURR & FORMAN LLP
BY: HENRIETTA U. GOLDING, ESQUIRE
2411 Oak Street, Suite 206
Myrtle Beach, South Carolina 29577
hgolding@burr.com
- and -
BURR & FORMAN, LLP
BY: BENJAMIN R. JENKINS, IV, ESQUIRE
1221 Main Street
Suite 1800
Columbia, South Carolina 29201
bjenkins@burr.com

Representing the Defendants:
GARFIELD & SPREEUWERS, LLC
BY: ROBERT D. GARFIELD, ESQUIRE
BY: STEVEN R. SPREEUWERS, ESQUIRE
1220 Pickens Street
Columbia, South Carolina 29201
robert@gslawsc.com
steve@gslawsc.com
ALSO PRESENT:
RICHARD EDMUND - CLVS

I N D E X


| | PAGE |
|---|---|
| EXAMINATION | |
| By Ms. Golding | 5 |
| Certificate of Reporter | 112 |


E X H I B I T S


| LOTT | DESCRIPTION | PREVIOUSLY MARKED |
|---|---|---|
| 10 | Incident Report, Baker A-001-023 | 53 |
| 36 | Richland County Sheriff's Policies and Procedures | 23 |
| 39 | Reply | 78 |
| 43 | Document Entitled: Richland County Sheriff's Department 2021 Professional Standards Reports on Complaints, Defensive Actions, Traffic Collisions, and Assaults on Richland County Deputies | 28 |
| 45 | Document Entitled: 2023 Professional Standards Report on Complaints, Defensive Actions, Traffic Collisions, and Assaults on Richland County Deputies | 49 |
| 53 | South Carolina Statute Section 2323-85 entitled: Establishment of required minimum standards for all law enforcement agencies; punitive actions | 21 |

\- - -

P R O C E E D I N G S

\- - -

THE VIDEOGRAPHER: This is the video deposition of Leon Lott in the matter of Pamela M. Baker, Plaintiff, versus Leon Lott, individually and in his official capacity as sheriff of Richland County, et al. The case number is 3:24-cv-04303-JDA taken on September 4th, 2025.

My name is Richard Edmund. The court reporter is Tami Watters with Legal Eagle. We are going on the record at 10:03 a.m.

If counsel will state their appearance for the record beginning with the noticing attorney.

MS. GOLDING: Thank you. I'm Henrietta Golding. I represent the plaintiff, Pamela Baker.

MR. JENKINS: Benjamin Jenkins on behalf of Pamela Baker.

MR. GARFIELD: Robert Garfield on behalf of Sheriff Lott and the other defendants.

MR. SPREEUWERS: Steve Spreeuwers on behalf of Sheriff Lott and the defendants.

THE VIDEOGRAPHER: If the court reporter would please swear in the witness.

COURT REPORTER: In the testimony you are about to give, do solemnly swear or affirm to tell the truth, the whole truth, and nothing but the truth.

THE WITNESS: I do.

\- - -

EXAMINATION

\- - -

BY MS. GOLDING:

Q Good morning, Sheriff Lott.

A Morning.

Q My name is Henrietta Golding and you were just put under oath. As you know, the purpose of that is for you to speak the truth.

Now, of course, during the course of this deposition I may ask you questions that may not make sense or you don't understand. So in order to properly get your testimony in this case, I would ask that you please let me know if I ask you a question that you do not understand or doesn't make sense.

Will you do that?
A Yes, ma'am.
Q Thank you. Therefore, I assume, by answering the questions I ask you, you understood that question.
Is that a fair assumption?
A Yes, ma'am.
Q Thank you. Also, as you walked in, you walked by Pamela Baker, the plaintiff in this lawsuit. As you walked in, you did not introduce yourself, nor did you ask Ms. Baker's name. So I'm at this time going to introduce you to the victim, and that's Pamela Baker.
Have you reached out to her any time before today?
MR. GARFIELD: Object to the form.
You can answer.
THE WITNESS: Not that I'm aware of.
BY MS. GOLDING:
Q Why not?
A I just did not.
Q Did anything prevent you from reaching out to the victim?
A No, ma'am.
Q Okay. How old are you?

MS. GOLDING: Thank you.
THE VIDEOGRAPHER: The time is 12:27. We are off the record.

- - -

(Whereupon there was a recess in the proceedings.)

- - -

MR. GARFIELD: It's come to my attention that the sheriff is needed back at the Richland County Sheriff's Department headquarters. We're going to have to take a hard stop, and I was gonna say, you know, in the next half hour. And then I understand Ms. Golding made an assertion that we have not provided the -- some type of written discovery, and I'd just like to know what that is.
MS. GOLDING: Okay. I'll have to provide that to you a little bit -- a little bit later.
MR. GARFIELD: Well, I'm not going to, you know, agree to hold anything open or anything on that note. I know that we've -- it's my information that we have responded.
MS. GOLDING: Okay. We -- on

request of defense counsel, we are now adjourning this and we'll pick this up.

MR. SPREUWERS: Plaintiff's counsel. Plaintiff's counsel.

MS. GOLDING: No. No. He requested we adjourn and take a hard stop in 30 minutes. We can't do that.

MR. GARFIELD: Well, in 30 minutes.

MS. GOLDING: We can't do that. I have to continue. There's more to this deposition than that, so we have to adjourn at this time. Over half of it's done but I can't complete it in 30 minutes.

MR. GARFIELD: But I just -- sorry to sort of bury in the granular here, but you're saying that you need to stop now and not use the next 30 minutes because we owe you discovery or just because it's more convenient for a hard stop right now? Because we're good until, I think, 1:00.

MS. GOLDING: No -- well, all of the above. How about that, okay?

MR. GARFIELD: Okay.

MS. GOLDING: Thank you.

MR. GARFIELD: Fair enough.