IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pamela A. Baker,<br><br>Plaintiff,<br><br>v.<br><br>Leon Lott, individually and in his official capacity as the Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br><br>Defendant. | ) | C/A No.: 3:24-cv-04303-JDA<br><br>**DECLARATION OF ADAM BRUYERE** |

I, **Adam Bruyere**, state as follows:

1. I am over the age of eighteen (18) and am fully competent to make this declaration.

2. I am employed by the Garfield Spreeuwers Law Group as a paralegal, and I have assisted attorneys Robert Garfield and Steve Spreeuwers in this case.

3. During discovery, I was tasked with facilitating the production of pursuit packets maintained by the Professional Standards Division of the Richland County Sheriff's Department and complaints involving Sheriff Lott or the RCSD. Judge Austin ordered that these documents be produced by May 5, 2025.

4. In order to gather the pursuit packets, I contacted Captain Michael Prichett in the Professional Standards Division about how their pursuit packets were kept. He explained that they were kept in paper format at the division's offices located at the RCSD Annex, which is at 2500 Decker Boulevard. I confirmed with Capt. Prichett that pursuit packets from the years 2018 through 2023 were kept together and arranged to pick them up from Professional Standards.

AJB1

5. I picked up the pursuit packets, which were in stacks on a conference room table. Each stack had a post-it note on it indicating to which year that stack of pursuit packets belonged. I put the stacks of pursuit packets into boxes and brought them to our law office for processing.

6. Processing the pursuit packets consisted of un-stapling each packet, scanning it, re-stapling it, and stacking it such that the stacks that I returned to the boxes were in the same condition and format as when I retrieved them from Professional Standards. I was assisted in this process by another full-time paralegal and a part-time staff person at our law firm. Together, we worked over multiple days for a total of over 36 hours to complete this laborious process.

7. Once the pursuit packets were scanned into PDF format, I reviewed and organized the numerous digital files in order to make the Bates stamping process as streamlined as possible. It is my practice and that of our law firm to Bates stamp all documents we produce in discovery to the extent practicable. Doing so helps all parties to a given case avoid confusion about which documents have been produced and to which discovery requests those documents correspond. I assigned the Bates prefix "BAKER-O-" (Bates O) to the pursuit packets and used Adobe Acrobat to affix the Bates numbers electronically, using numbers 0001 through 7441.

8. I finished compiling and Bates stamping the pursuit packets on May 2, 2025, uploaded them to Microsoft OneDrive, which is a common file sharing platform. I also called the Columbia office of NOVA Office Strategies that day and advised their representative, Rebekah Street, that I had a large job to be printed and delivered to Plaintiff's counsel on May 5, 2025. I also told her that I would share a link to the OneDrive folder containing the Bates O documents on the afternoon of May 2 so NOVA could begin the printing process but that I had additional work to perform that would not be completed until May 5.

ABZ

9. I emailed Rebekah the afternoon of May 2, 2025, to provide her with the OneDrive link we had discussed over the phone. I also asked her in that email to print the Bates O documents in black and white and have them delivered to Plaintiff's counsel after 4:00 PM on May 5. I knew at that time that I still had to finish compiling the complaints in Bates P and that I needed to draft a letter to Plaintiff's counsel to go with the hand delivery. That letter could not be completed until I knew how many pages of complaints I had gathered.

10. I specifically asked NOVA to print the Bates O documents in black and white, as the cost to print them in color would have been significantly higher. It is routine for me to order print jobs in black and white unless color printing is absolutely necessary so as to keep litigation costs as low as possible for our law firm's clients.

11. Once I had finished filing the complaints, I combined them into one PDF file and Bates stamped them collectively as BAKER-P-0001 through 1425 (Bates P). I completed this process of retrieving, organizing and Bates stamping the complaints just before lunch on May 5, 2025. I also drafted a letter to Plaintiff's counsel that was to be delivered along with the Bates O and Bates P documents. I sent that letter and the Bates P documents via email to NOVA around lunchtime that with instructions to include them with the Bates O documents that I have previously sent for printing.

12. Later in the afternoon on May 5, I received an email from Rebekah Street confirming that the Bates O and Bates P documents had been printed and delivered to Plaintiff's counsel along with the letter that I had sent earlier in the day.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on April 23, 2026.

**Adam Bruyere**