IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pamela A. Baker,<br><br>Plaintiff,<br><br>v.<br><br>Leon Lott, individually and in his official capacity as the Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br><br>Defendants. | ) | Civil Action No.: 3:24-cv-04303-JDA |

**PLAINTIFF'S MOVANT'S REPLY STATEMENT OF MATERIAL FACTS[1]**

81. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

82. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

83. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

84. Disputed. The material Defendants cited to support this paragraph, BAKER-B-098-99, does not support this Paragraph.

85. Undisputed.

[1] ¶¶ 81-97 (including ¶ 92, which is listed twice) and 99-119 of Defendants' "Additional Facts" in its Opponents' Statement of Material Facts (ECF No. 76) are simply restatements of Defendants' Movant's Statement of Material Facts, ¶¶ 1-38 (ECF No. 72). They are not additional facts.

86. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Furthermore, despite Defendants' request for judicial notice, this Court's "Form Requirements for Statements of Material Facts" states that each fact must be "supported by specific pinpoint references to evidence, including but not limited to pleadings, depositions, interrogatory answers, admissions, affidavits, or other parts of the record."

87. Undisputed.

88. Undispted.

89. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

90. Disputed. BAKER-B-102 states that "Pringle was arrested for multiple narcotics charges…" (emphasis added) not that he was "charged", and Defendants are intentionally misrepresenting the language that appears in Deputy Abdullah's report. Pl.'s Statement of Material Facts, ¶ 6 (ECF No. 56).

91. Undisputed.

92. Undisputed.[2]

92. Disputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Plaintiff further disputes Defendants' statement because none of the cited references identify RCSD relinquishing custody of Pringle to the hospital. As for Defendants' claim that "deputies were not allowed to go with Pringle," Plaintiff disputes this fact because the only evidence Defendants cite in support of this assertion is the self-serving deposition testimony of

[2] There are two separate ¶ 92 in Defendants' Opponents' Statement of Facts.

RCSD Official, Kelvin Ashe. *See Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022) (holding that a defendant's own deposition testimony, unsupported by any other evidence, is insufficient to put a fact beyond genuine dispute).

93. Undisputed.

94. Undisputed.

95. Undisputed.

96. Disputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Plaintiff further disputes Defendants' statement because none of the cited references support Smith's statement that "an undercover officer" calling for assistance means the individual is a "serious offender." The only evidence Defendants cite in support of this assertion is the self-serving deposition testimony of Smith. *See Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022) (holding that a defendant's own deposition testimony, unsupported by any other evidence, is insufficient to put a fact beyond genuine dispute).

97. Undisputed.

98. Disputed. Defendants' statement in ¶ 98 does not explain what "This refers to" nor does it identify who "BP" is. For further explanation, BAKER-K-179 is a bench warrant for Byron Lindelle Pringle for "FAILURE TO APPEAR."

99. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

100. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

101. Undisputed.

102. Undisputed.

103. Disputed. There is no evidence in the record to support that Sergeant Christopher Blanding ("Blanding") was "consulted via radio", only that Blanding made the statement cited in ¶ 103 over the radio.

104. Disputed. Defendants' description of the timing of when K-9 Specialist Bryan Hodge ("Hodge") and Deputy Michael Dillard ("Dillard") joined the pursuit is misleading, indicating that Hodge and Dillard joined the pursuit after Pringle entered the Interstate. But Dillard was involved in the pursuit from its inception, as he was behind Deputy Matthew Smith ("Smith"). *See generally*, Ex. 8, DefendantsTemp-0000009. Hodge joined the chase within the first fifteen seconds after Smith turned on his blue lights and siren, while all parties were on Bush River Road. *Id.*

105. Disputed. Defendants cite two separate documents to support their assertion in ¶ 105. The first, Dkt 56-13, is Plaintiffs' Movant Statement of Material Facts, which supports that Pringle was traveling approximately 60-65 MPH in the #1 lane in the opposite direction of travel. Defendants' second citation is to Matthew Smith's narrative report of the chase, which states "The vehicle was estimated to be traveling about 70 to 80 miles per hour…" Plaintiffs do not dispute the first document citation, but Plaintiffs do dispute that Defendants' second citation supports ¶ 105 of Defendants' Statement of Material Facts.

106. Disputed. Plaintiff agrees that the deputies continued the pursuit while traveling west in the eastbound lanes on I-126. However, Plaintiff disputes Defendants' characterization that the deputies engaged their blue lights and sirens while traveling the wrong direction on the interstate. Deputies had their lights and sirens engaged well before they began traveling the

wrong way on the interstate, and this characterization by Defendants is a misrepresentation of clear video evidence. *See generally*, Ex. 8, DefendantsTemp-0000009.

107. Disputed. ¶ 107 omits the fact that Pringle and the Deputy Defendants passed an exit ramp. Ex. 8, DefendantsTemp-0000009 at 3:25 – 3:40.

108. Disputed. Hodge overtook Smith well before both deputies lost sight of the Nissan as it crested the hill on the Interstate. Specifically, Hodge overtook Smith while both were in sight of the Nissan. Ex. 7, DefendantsTemp-0000011 at 2:50 – 3:10.

109. Undisputed.

110. Undisputed.

111. Undisputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court.

112. Undisputed.

113. Undisputed.

114. Undisputed.

115. Disputed. Plaintiff disputes the materiality of these "facts" because the fact that "bags containing a white powdery substance [were] believed to be fentanyl" by an unspecified person cannot "affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir.2013) (citation and internal quotation marks omitted)(emphasis added). Even if Defendants had submitted a shred of evidence indicating that substances purportedly found on Pringle's body after the Pursuit ended were actually illegal drugs, that fact also couldn't "affect the outcome of the suit."

116. Undisputed.

117. Undisputed.

118. Disputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Plaintiff does not dispute that Lott was not physically present in the vicinity of the pursuit during the pursuit. Plaintiff does not dispute that Lott became aware of the pursuit and collision after it occurred. Plaintiff does not dispute that Lott did not relay any instructions during the pursuit to any officer participating in the pursuit. Plaintiff does not dispute that decision-making pertaining to the pursuit would have been undertaken solely by the deputies involved and the supervisor monitoring the dispute. However, Plaintiff disputes that "Lott played no role in the pursuit" and "never issued any directives." Lott is the foremost authority and decision-maker at RCSD, and therefore his interpretation, enactment, and failure to enforce pursuit policies at RCSD indisputably plays a role in every vehicular pursuit RCSD undertakes.

119. Undisputed.

120. Disputed. Plaintiff disputes the form requirement of this statement, as it is multiple sentences that are not limited to a single material fact as required by this Court. Furthermore, this paragraph, rather than directly quoting Dr. Taylor's deposition testimony, paraphrases with Dr. Taylor's testimony interjected with Defendants' own arguments.

121. Undisputed.

122. Disputed. Defendants improperly assert a legal argument into a "Statement of Material Facts." The only evidence Defendants cite to support this "Statement of Material Fact" is testimony from the self-serving testimony from Smith. *See Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022) (holding that a defendant's own deposition testimony, unsupported by any

other evidence, is insufficient to put a fact beyond genuine dispute). Furthermore, a review of Page 16 of Smith's deposition testimony does not support this statement.

123. Disputed. The only evidence Defendants cite to support this "Statement of Material Fact" is testimony from the self-serving testimony from Smith. *See Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022) (holding that a defendant's own deposition testimony, unsupported by any other evidence, is insufficient to put a fact beyond genuine dispute). Defendants have failed to set forth any documentation or concrete evidence to support this assertion.

124. Disputed. The only evidence Defendants cite to support this "Statement of Material Fact" is testimony from the self-serving testimony from Smith. *See Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022) (holding that a defendant's own deposition testimony, unsupported by any other evidence, is insufficient to put a fact beyond genuine dispute). Defendants have failed to set forth any documentation or concrete evidence to support this assertion.

125. Disputed. Plaintiff does not dispute the testimony of Dr. Taylor but does dispute that it was based on anything other than the self-serving testimony of Smith. *See Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022) (holding that a defendant's own deposition testimony, unsupported by any other evidence, is insufficient to put a fact beyond genuine dispute).

[*signature page to follow*]

Respectfully submitted,

**BURR & FORMAN LLP**

s/ *Celeste T. Jones*
Celeste T. Jones, Fed. ID #2225
ctjones@burr.com
Benjamin R. Jenkins, IV, Fed. ID #14138
bjenkins@burr.com
Burr & Forman, LLP
P.O. Box 11390
Columbia, South Carolina 29211
803-799-9800
803-753-3278 (Fax)

Michael K. K. Choy (*pro hac vice*)
mchoy@burr.com
Burr & Forman LLP
420 20th St. N #3400
Birmingham, Alabama 35203
(205) 251-3000
(205) 458-5100 (fax)

*Attorneys for Plaintiff*

Columbia, South Carolina
May 15, 2026