IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pamela A. Baker,<br><br>Plaintiff,<br><br>v.<br><br>Leon Lott, individually and in his official capacity as the Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br><br>Defendants. | ) | Civil Action No.: 3:24-cv-04303-JDA |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF JOHN J. RYAN, AS TO LAW ENFORCEMENT AND VEHICULAR PURSUIT STANDARDS**

Defendants fail to carry their burden to show that Ryan's purported "expert" opinions are admissible. Defendants offer Ryan's opinions as the cornerstone of their claim that the individual Defendants and RCSD acted within "generally accepted industry standards" regarding vehicular pursuits. However, Ryan proclaims, there are no recognized standards, "policies are all over the map… [and] even under restrictive policies, there's a wide variation…" Ex. 3, Ryan Dep. 30:4-12, ECF No. 58-4 p. 15.

His opinion is that, "the generally accepted practice is that you can have a discretionary policy that leaves it completely to the officer," Ex. 3, Ryan Dep. 35:6-13, ECF No. 58-4 p. 18; and that the RCSD written policies and standards (adopted to comply with the South Carolina mandatory minimum standards requirement under § 23-23-85), do not have to be followed and are not "determinative," based on his interpretation of *Scott v. Harris*, 550 U.S. 372 (2007). Ex. 3,

Ryan Dep. 52:15-16, ECF No. 58-4 p. 20, testifying, "that's in fact the case as a matter of law." *Id.*

This comes nowhere close to satisfying the "fit" and "reliability" prongs required for expert testimony. Furthermore, it is merely Ryan's opinion on what the law is, which is not a proper topic for expert testimony.

## I. Defendants fail to demonstrate that Ryan's opinions satisfy the Rule 702 and *Daubert* requirements of reliability and relevance.

### 1. The Court may not simply take Ryan at his word.

It is well-settled that "[t]he trial court's gatekeeping function requires more than simply taking the expert's word for it." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 290 (4th Cir. 2021) (citation omitted). Instead, a "careful analysis into reliability" is "crucial" "[b]ecause 'expert witnesses have the potential to be both powerful and quite misleading.'" In 2021, the Fourth Circuit expressed concern that some trial courts have abdicated gate keeper functions to any proffered expert witness, "exposing jurors to 'dubious scientific testimony' that [could] ultimately 'sway' [ ] their verdict." *Id.* More importantly, in 2023 Rule 702 was amended to clarify the admissibility of expert testimony.

> **Rule 702. Testimony by Expert Witnesses**
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise **if the proponent demonstrates to the court that it is more likely than not that**:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

(As amended Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 26, 2011, eff. Dec. 1, 2011; Apr. 24, 2023, eff. Dec. 1, 2023.)

The burden to demonstrate that any of Ryan's opinions are admissible falls on Defendants who cite no authority or cases decided after the 2023 amendment to Rule 702 other than the district court opinion in *Sterusky v. Cooper* where no challenge was made as to Ryan's qualifications.

Ryan's word is all Defendants have offered in support of their arguments that Ryan's opinions are reliable or fit. Ryan's opinions are as follows: (a) "no minimum standards exist"; (b) a discretionary policy leaves it completely up to the officer; and (c) written policies and procedures adopted by an agency are not determinative under Ryan's interpretation of *Scott v. Harris*, "as a matter of law." None of these opinions are proper under Rule 702.

Before the trier of fact can assess the weight of an expert's testimony, the Court must first assure itself that the evidence presented is both relevant and reliable. *United States v. Crisp*, 324 F.3d 261, 265 (4th Cir. 2003) (quoting *Daubert v. Merrel Dow Pharms*., 509 U.S. 579, 589 (1993)). *See Concordia Pharms., Inc. v. Method Pharms., LLC*, No. 3:14-cv-00016, 2016 U.S. Dist. LEXIS 50221, at *22 (W.D. Va. Apr. 13, 2016) (an expert's "failure to consider [relevant factors], or to offer an explanation for his failure, creates 'enough of a doubt as to the overall reliability of [his] opinions as to render them inadmissible.'").

While Defendants cite to selective portions of Ryan's Report and deposition testimony in an effort to establish Ryan's general involvement and familiarity with law enforcement, Ryan's testimony plainly established and the opinions in his report at ¶¶ 88-110, solely refer to the 2019 IACP survey and his opinions of case law. Contrary to Defendants' assertion, Ryan's lack of expertise does not simply go to the weight of his opinion but is instead an independent ground for exclusion. *See Radiance Found., Inc. v. NAACP*, 27 F. Supp. 3d 671, 674 (E.D. Va. 2013) (expert testimony must be excluded "where a purported expert witness has neither satisfactory knowledge,

skill, experience, training nor education on the issue for which the opinion is proffered."); *see also Benedict v. Hankook Tire Co.*, 290 F. Supp. 3d 488, 505 (E.D. Va. 2018) (expert witness's familiarity with a subject matter does not equate to expertise).

**2. Ryan's opinions in ¶¶ 88-110 of his report contain no expert analysis and are merely a summary of his version of contested facts, Ryan's legal opinions, and a summary of an old 2019 survey of practices that existed in 2019.**

Defendants claim Ryan applied some "methodology" to the underlying facts in reaching his opinions and argue at ECF 73 pp. 8-9, that Ryan's reference to the 3 general categories of pursuit policies identified in the 2019 survey is the "methodology." Defendants admit Ryan did not consider § 23-23-85 or Lott's testimony that the minimum standards are requirements. Instead, Defendants make a nonsensical argument that, "the statute itself does not contain any minimum standards." (ECF 73 p. 8, n.5). Defendants also attempt to shift the burden to Plaintiff and repeatedly assert Plaintiff has failed "to specifically explain how or why any such opinions merit exclusion." This violates the burden of proof standard clearly established in Rule 702.

The Defendants inaccurately claim at ECF 73 p. 3, n. 3, that Plaintiff did not identify any evidence in this case that Ryan failed to consider. Plaintiff specifically identified Ryan's failure to consider the South Carolina minimum standards requirement adopted by the RCSD to comply with § 23-23-85 (ECF 58-1 p. 5) and Lott's admission that the RCSD written policies and procedures are required to be met (ECF 58-1 pp. 10-11). Because of Ryan's failure to consider these two significant facts, the following opinions fail to satisfy Rule 702(b) and (d).

- There are no recognized standards, and officers can violate written policies;
- The 2019 IACD survey which concluded there are no recognized standards regarding pursuits (or there were none in 2019) continues to be applicable today;
- Ryan's opinions citing as authority the 2019 survey in ¶¶ 91, 94, 108, and 110 of his report. Each of these opinions is without basis in fact, contrary to South Carolina law, and contrary to the testimony of Lott.

Defendants next make a blanket assertion that Ryan's opinions are "reliable" but never explain how his opinion (that there are no applicable standards regarding vehicular pursuits) is based on any reliable principles or methods. Defendants cannot offer Ryan's testimony in an attempt to manufacture an "anything goes" professional standard to try and mislead the court and jury when the Defendants have admitted that violations of the RCSD Policies and Procedures were committed by the Defendants during the pursuit in this case. Ryan's report is simply a series of opinions that address the ultimate issues for the jury to decide. (See Ryan's Report at ¶¶ 92, 97, and 101-105); and/or offer his opinions on the law (Ryan Report ¶¶ 98-100).

The remainder of Ryan's opinions in ¶¶ 88-110 of his report are just his summaries of portions of the evidence in this case and are not expert opinions.

**3. Defendants admit that most of Ryan's report is inadmissible and that Ryan cannot offer any of the opinions contained in his report that recite his interpretation of legal decisions or his opinions on ultimate issues for the jury.**

Defendants concede that "matters of law are for the court."[1] This is a striking confession that Ryan's "expert" report and opinions based upon his reading of the law contained in paragraphs 88 to 110 of the report are wholly improper and must be excluded.

The specific improper opinions that are legal conclusions are set forth in ¶¶ 98-100 of Ryan's report, to wit:

> "98. An example of proper law enforcement policy that would allow for the pursuit of traffic violators when their conduct poses a threat is demonstrated by the statewide guidelines from New Jersey…
> 99. Officers throughout the United States receive training and policy derived from decisions by the United States Supreme Court… *Scott v. Harris* in which the Court asserted: "But wait, says respondent: Couldn't the innocent public equally have been protected, and the tragic accident entirely avoided, if the police had simply ceased their pursuit? We think the police need not have taken that chance and hoped for the best. Whereas

[1] Defendants' Resp. (ECF 73) p.10, n. 7, "Ryan is obviously aware that matters of law are for the court."

> Scott's action—ramming [Harris] off the road—was certain to eliminate the risk that [Harris] posed to the public, ceasing pursuit was not. First, there would have been no way to convey convincingly to respondent that the chase was off, and that he was free to go. Had [Harris] looked in his rearview mirror and seen the police cars deactivate their flashing lights and turn around, he would have had no idea whether they were truly letting him get away, or simply devising a new strategy for capture. Perhaps the police knew a shortcut he did not know, and would reappear down the road to intercept him; or perhaps they were setting up a roadblock in his path. Given such uncertainty, [Harris] might have been just as likely to respond by continuing to drive recklessly as by slowing down and wiping his brow."
> 100. … Justice Kavanagh in a recent concurrence in *Felix v. Barnes* articulated what has been discussed in law enforcement …".

(citations omitted). Ryan quotes and comments on selected excerpts from case law for 4 pages in his report. All are comments and his opinions on the law, and <u>none</u> are proper under Rule 702.

## II. Defendants fail to even address Ryan's "opinion" that Pringle alone caused Pam Baker's injuries. This clearly concedes its inadmissibility because it is solely an opinion on one of the ultimate issues in this case.

Nowhere in Defendants' memorandum in opposition do they even attempt to justify Ryan's opinion on this issue of fault. It is clearly improper. As to Ryan's further opinions of jury issues (¶¶ 92, 97, 101-103, and 105), Defendants finally concede, "…even if a few portions of his testimony… may be found to be properly excluded on the basis that they go to the ultimate issue" it should not exclude him from testifying. (ECF 73 p. 15). Defendants cite nothing but an Indiana district court opinion from 2022. That case was decided before the 2023 amendment to Rule 702 and is not persuasive nor binding on any court. Ryan's opinions on these ultimate issues are clearly improper and should be excluded.

## III. Ryan is not qualified to offer expert opinions as to vehicular pursuits that occurred in 2023.

Defendants admit Ryan has not actively worked as a sworn officer in over 25 years. South Carolina Law, § 23-13-20 and Section 26, Article III, South Carolina Constitution requires all persons working in law enforcement in South Carolina to be certified, sworn officers. Defendants

cite *Sterusky v. Cooper* for support of their contention Ryan was qualified in that case to opine on police practices and training. However, Ryan's qualifications were not at issue in *Sterusky*. As the court in that case expressly stated, "Plaintiff has lodged no objection to his qualifications." *See Sterusky v. Cooper*, No. 3:22-CV-00218-GNS-LLK, 2024 WL 4009668, at *7 (W.D. Ky. Aug. 30, 2024), *aff'd*, No. 24-5820, 2025 WL 2058797 (6th Cir. July 23, 2025) ("… Plaintiff has lodged no objection to his qualifications."). Moreover, Defendants do not deny that Ryan's opinions have been excluded in the numerous cases cited by Plaintiff in her Motion to Exclude (Exs. 4 and 5, ECF 58-5 and 58-6), and that Ryan's opinions containing his legal conclusions and comments on the ultimate issues were uniformly excluded by all of those courts.

The same result should apply in this case. All of Ryan's opinions are either legal conclusions or opinions on the ultimate issues. Defendants have failed to meet their burden to set forth a single opinion to be offered by Ryan that is admissible under Rule 702 and *Daubert*, and failed to demonstrate that Ryan has any relevant expertise in police pursuits. In fact, Ryan candidly admits in his report that he only has actual experience supervising pursuits, "during my sworn career," (Ryan Report ¶ 108), which was more than 25 years ago.

The burden to establish the admissibility of expert testimony is on the party offering the opinion. Defendants offer no basis for Ryan's opinions in their opposition memorandum and it is because there are none. Paragraphs 88-110 of his report (which he testified are all of his "opinions" in this case) are inadmissible. Ryan's opinions and any testimony thereon should be excluded for all the grounds set forth herein and in Plaintiff's initial memorandum.

*[signature page to follow]*

Respectfully submitted,

**BURR & FORMAN, LLP**

*s/Celeste T. Jones*
Celeste T. Jones, Fed. ID #2225
ctjones@burr.com
Benjamin R. Jenkins, IV, Fed. ID #14138
bjenkins@burr.com
Burr & Forman, LLP
P.O. Box 11390
Columbia, South Carolina 29211
803-799-9800
803-753-3278 (Fax)

Michael K. K. Choy, Admitted *pro hac vice*
mchoy@burr.com
John Wilson Booth, Admitted *pro hac vice*
jwbooth@burr.com
Burr & Forman, LLP
420 20th St. N #3400
Birmingham, Alabama 35203

*Attorneys for Plaintiff*

Columbia, South Carolina
May 15, 2026