IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pamela A. Baker,<br><br>Plaintiff,<br><br>v.<br><br>Leon Lott, individually and in his official capacity as the Sheriff of Richland County; the Richland County Sheriff's Department; and Deputies Matthew Smith, Michael Dillard and Bryan Hodge,<br><br>Defendants. | ) | Civil Action No.: 3:24-cv-04303-JDA<br><br>**REPLY TO PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL FACTS ON BEHALF OF DEFENDANTS** |

The following is the Defendants' Reply to Plaintiff's Opposing Statement of Material Facts dated April 23, 2026 [Dkt 72] in which the Defendants address those factual statements disputed by Plaintiff.

**No. 4**. Plaintiff disputes the Defendants' statement, noting that the cited material does not support the assertions in that paragraph. The Defendants would revise this portion to read as follows: Pringle was under arrest for Possession of Stolen Goods, Trafficking Methamphetamine, Possession of Heroin, Obstruction of Justice, and Driving Under Suspension - Habitual Traffic Offender. *See* Bates BAKER-B-098-099.

**No. 10**: Plaintiff is focusing on semantics, because while the exact words might be technically different (*i.e.*, "charging" and "arresting"), the distinctions are without a practical difference. Subject to this qualification, the Defendants would revise this portion to read as follows: On December 20, 2023, RCSD Deputy Zaid Abdullah arrested Pringle for multiple narcotics violations. *See* Bates BAKER-B-102.

**No. 13**: Here, Plaintiff disputes the Defendants' statement, contending that the record is silent on whether RCSD relinquished custody of Pringle to the hospital. This is incorrect as Ashe addressed the relinquishment of custody in these circumstances: "[I]f they are being treated and they're admitted to the intensive care unit, we can no longer provide any service because we're not allowed to go in that part of the hospital. [ ] [T]hey are being put in intensive care unit and that's when we release, relinquish custody." *See* Dkt 60-6. Further, Plaintiff challenges Defendants'

contention that "deputies were not allowed to go with Pringle," because that statement is derived solely from Chief Ashe's deposition. In support of this argument, Plaintiff cites *Reddy v. Buttar*, 38 F.4th 393 (4th Cir. 2022), offering an explanatory parenthetical on the sufficiency of deponent testimony in the context of summary judgment. This mischaracterizes the *Reddy* holding. The *Reddy* Court dealt with the self-serving testimony of a party who sought to create a factual issue through a conclusory statement about whether he "supplied either the wrong document or a forged version of the agreement." Here, there was no conclusory or self-serving statement from Ashe as he was simply responding to questions about hospital and police protocols.

**No. 22**: This is another instance in which Plaintiff nitpicks specific wording that has no practical effect. Subject to this qualification, the Defendants would revise this portion to read as follows: Sgt. Christopher Blanding, an RCSD supervisor instructed deputies via radio, "If you get the chance, go ahead and take him out. We don't need nobody getting hurt." *See* Dkt 56-7, at 02:36; Hodge depo., pp. 133, 154.

**No. 23**: Plaintiff claims that the Defendants' Hodge and Dillard's characterization of their involvement during the pursuit is misleading. In the interest of reaching a consensus, the Defendants would replace the word "joined" with "participated" and revise their statement of material fact to read as follows: K-9 Specialist Bryan Hodge and Deputy Michael Dillard participated in the pursuit. *See* Dillard depo., pp. 46-47, 53-54, 65; Dkts 56-8, 56-9, 56-10.

**No. 24**: The Defendants agrees and would remove the superfluous second cite ("Bates BAKER-A-004") from this paragraph.

**No. 25**: Plaintiff claims that the Defendants' characterization of the deputies' use of their emergency equipment is misleading. In the interest of reaching a consensus, the Defendants would remove the phrase "continued the pursuit by" and revise their statement of material fact to read as follows: In an attempt to stop Pringle, all three deputies engaged their blue lights and siren while traveling west in the eastbound lanes on I-126. *See* Dkts 56-8, 56-9, 56-10.

**No. 26**: Plaintiff contends that the Defendants were insufficiently specific in describing the interstate, omitting mention of an exit ramp. The Defendants revise this portion to read as follows: Although the route Pringle took on I-126 included an exit ramp, the route passed through a construction zone that restricted the ability to exit the highway, maneuver around vehicles, and access the shoulder. *See* Hodge depo., pp. 63-64; Dkts 56-8, 56-9, 56-10.

**No. 27**: Plaintiff contends that the Defendants' description of the circumstances was inaccurate. In the interest of reaching an agreement, the Defendants modify this portion to read as follows: Hodge overtook Smith and became the lead pursuing

vehicle, and at some point during the pursuit, these deputies lost sight of the Nissan as it crested the hill. See Smith depo., pp. 124, 140.

**No. 34**: The Defendants assert that the Coroner's discovery of two small bags containing a white powdery substance suspected to be fentanyl in Pringle's clenched hand is significant because it substantiates the deputies' prior knowledge that Pringle had been dealing and trafficking hard drugs, including fentanyl and heroin.

**No. 37**: The Defendants revise this portion to read as follows: *With respect to these December 29, 2023 events, Sheriff Lott was not present in the vicinity of the pursuit. See Lott depo., pp. 58, 87, 97. He had not relayed any instructions to any officer participating in the pursuit. Id. All decision-making pertaining to the suit would have been undertaken solely by the deputies involved and the supervisor monitoring the pursuit. Id. It was only after the collision between Pringle and Plaintiff that the Sheriff became aware of the relevant events. Id.*

---

The following is the Defendants' challenges to the Opponent's Statement of Additional Material Facts:

1. Disputed. Hodge testified that when he generally gets involved in a vehicular pursuit, he would "not necessarily" describe it as a high-stress situation. This is an important distinction since Hodge was not referring to the December 29, 2023, pursuit, and his answer was not as definitive as Plaintiff describes. *See* Hodge depo., p. 163:9-12.

2. Undisputed (solely for the summary judgment motion).

3. Undisputed (solely for the summary judgment motion).

4. Undisputed (solely for the summary judgment motion).

5. Undisputed (solely for the summary judgment motion).

6. Undisputed (solely for the summary judgment motion). However, it is critical to note that the colloquial phrase "high speed pursuits," used by Plaintiff in this action, does not appear in standard law enforcement nomenclature. At all relevant times, RCSD has had a pursuit policy and procedure.

7. Disputed. When asked a hypothetical question about whether a deputy would be subject to disciplinary action for violating a specific pursuit policy guideline, Sheriff Lott responded that he "[did not] know the factors involved." *See* Lott depo., p. 96:10-25.

8. Disputed. This is a mischaracterization of the record and the deputies' respective testimony. These facts also lack materiality.

9. Undisputed (solely for the summary judgment motion). However, the Defendants would assert that this is immaterial as existing precedent holds definitively that a sheriff in South Carolina is a state official. *See Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996), and its extensive progeny as cited in the opposition memorandum (ECF #75, pp. 9-12).

10. Undisputed (solely for the summary judgment motion). However, the Defendants would assert that this is immaterial as existing precedent holds definitively that a sheriff in South Carolina is a state official. *See Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996), and its extensive progeny as cited in the opposition memorandum (ECF #75, pp. 9-12).

11. Undisputed (solely for the summary judgment motion). Sheriff Lott is the highest-ranking officer in the department.

12. Undisputed (solely for the summary judgment motion). However, the Defendants assert that this is immaterial.

13. Undisputed (solely for the summary judgment motion). However, the Defendants assert that this is immaterial.

14. Undisputed (solely for the summary judgment motion). However, the Defendants assert that this is immaterial.

15. Undisputed (solely for the summary judgment motion).

16. Undisputed (solely for the summary judgment motion).

Respectfully submitted,

GARFIELD SPREEUWERS LAW GROUP

*s/Robert D. Garfield*

Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
1220 Pickens Street
Columbia, South Carolina 29201
T: 803.830.5496
robert@gslawsc.com
steve@gslawsc.com

*Counsel for the Defendants*

Columbia, South Carolina
May 18, 2026